HONORABLE MICHELLE L. PETERSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NEXON KOREA CORPORATION, a Korean Corporation,,<br><br>        Plaintiff,<br><br>    v.<br><br>IRONMACE CO., LTD., a Korean Corporation; JU-HYUN CHOI, individually; and TERENCE SEUNGHA PARK, individually,<br><br>        Defendants. | Case No.: 2:23-cv-00576-MLP<br><br>PLAINTIFF'S *EX PARTE* MOTION FOR ALTERNATIVE SERVICE OF PROCESS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(F)(3)<br><br>NOTE ON MOTION CALENDAR: FRIDAY, APRIL 28, 2023 |

## I. INTRODUCTION AND RELIEF REQUESTED

Plaintiff NEXON Korea Corporation ("Nexon") respectfully requests the Court authorize Nexon to serve process on Defendants Ironmace Co., Ltd. ("Ironmace"), Ju-Hyun Choi ("Choi"), and Terence Seungha Park ("Park") (collectively, "Defendants") via email, social media, and U.S. counsel.  Defendants are located in the Republic of Korea ("Korea") and plan to release a video game entitled "Dark and Darker" that they developed by misappropriating Nexon's trade secrets and infringing Nexon's copyrights. Because Defendants have announced plans to release Dark and Darker before Nexon could complete service via the Hague process, Nexon requests the Court authorize more expeditious alternative service methods.  Defendants will suffer no prejudice from

PLAINTIFF'S EX PARTE MOTION FOR ALTERNATIVE SERVICE OF PROCESS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(F)(3) - 1
Case No. 2:23-cv-00576-MLP\ 63009-001 \ 103491648

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

alternative service. Indeed, Defendants already have actual notice of this suit and are actively litigating it on social media. The Court should grant this motion so the parties can timely litigate their dispute before the Court.

## II.  BACKGROUND

### A.  The Complaint.

On April 14, 2023, Plaintiff filed a complaint alleging claims for misappropriation of trade secrets under the Defend Trade Secrets Act, 18 U.S.C. 1836 *et seq.*, and copyright infringement under the Copyright Act, 17 U.S.C. § 501 *et seq.* (the "Lawsuit"). *See* Complaint, Dkt. 1. The Complaint alleges that Defendants misappropriated and copied Nexon's "P3" video game project and used Plaintiff's proprietary and copyrighted materials to create Ironmace's "Dark and Darker" game. Park is co-founder and CEO of Ironmace, and Choi is its Director, and both are former Nexon employees. *Id.* ¶¶ 10-11.

### B.  Ironmace Consents to Accepting Service of Process in This Action.

Prior to the Lawsuit, Ironmace released a demo version of Dark and Darker for a pre-release playtest on Valve Corporation's ("Valve") "Steam" video game platform . *Id.* ¶¶ 70, 171. On March 22, 2023, Nexon sent a Digital Millennium Copyright Act (the "DMCA") notice requesting Valve to remove Dark and Darker from Steam ("DMCA Takedown Notice"). Blackburn Decl. ¶ 3, Ex. A. Valve complied. *Id.*

On April 20, 2023, Ironmace submitted a DMCA counter notification to Valve ("DMCA Counter Notification"). Blackburn Decl. ¶ 9, Ex. F. Aaron Moss of the Greenberg Glusker LLP law firm in Los Angeles signed the DMCA Counter Notification. As required by the DMCA, in the DMCA Counter Notification, Ironmace "consented to the jurisdiction of the Western District of Washington" and agreed to "accept service of process from the person who submitted the

PLAINTIFF'S EX PARTE MOTION FOR ALTERNATIVE SERVICE OF PROCESS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(F)(3) - 2
Case No. 2:23-cv-00576-MLP\ 63009-001 \ 103491648

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

takedown notification under 17 U.S.C. § 512(C)(1) or their agent." *Id.* However, the DMCA Counter Notification did not provide the name of any person in the United States who was willing to accept service on behalf of Ironmace. *Id.*

**C. Defendants Threaten to Launch Imminently the Infringing Game.**

Nexon's DMCA Notification has not deterred Defendants from continuing to infringe and misappropriate Nexon's intellectual property. After Nexon's DMCA Takedown Notice resulted in the removal of Dark and Darker from Steam, Defendants used BitTorrent as an alternative distribution method for another demo version playtest conducted from April 14 through April 19, 2023. Blackburn Decl. ¶ 10. Furthermore, Ironmace has announced plans to move to Early Access distribution of Dark and Darker by late April or May of 2023, which will make a near-final version of the video game available to purchasers. Blackburn Decl. ¶ 17, Ex. J-1.[1] Ironmace has expressed plans for a full release of Dark and Darker for Q4 of 2023. Blackburn Decl. ¶ 17, Exs. J-2, J-3.[2]

**D. Service of Process Pursuant to the Hague Convention Is Inadequate to Facilitate Timely Resolution of the Dispute.**

In response to a recent inquiry by Arnold & Porter Kaye Scholer LLP, the Korean Central Authority stated that it currently takes four to six months *at the earliest* to serve defendants located in Korea. Blackburn Decl. ¶ 22. Nexon has also received a quote from Viking Advocates, LLC, a firm that handles service of process in Korea, which estimated service would take four to five months. Blackburn Decl. ¶ 23, Ex. H; *see also In re One Apus Container Ship Incident on Nov. 30,*

---

[1] *See also* https://www.studioloot.com/dark-and-darker/articles/dark-and-darker-playtest ("Dark and Darker will go into Early Access in late April/early May 2023"); https://www.youtube.com/watch?v=CsemYNS6n_8&t=2657s (Interview with YouTuber Onepeg and Terence Park, noting that Early Access will be "more likely end of April or maybe May.").

[2] *See also* https://www.studioloot.com/dark-and-darker/articles/dark-and-darker-playtest ("[O]fficial release date for Dark and Darker is currently in Q4 2023.").

PLAINTIFF'S EX PARTE MOTION FOR ALTERNATIVE SERVICE OF PROCESS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(F)(3) - 3
Case No. 2:23-cv-00576-MLP\ 63009-001 \ 103491648

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

*2022*, No. 1:22-MD-03028 (PAE), 2022 WL 17370122, at *3 (S.D.N.Y. Dec. 2, 2022) (finding service in Korea would take six to eight months). Based on these estimates, Defendants' full release of Dark and Darker could occur *before* completion of service under the Hague Convention.

### III.  ARGUMENT

**A. Alternative Service Means Are Authorized by FRCP 4(f)(3) and Are Not Prohibited by International Agreement.**

Rule 4(f)(3) permits service in a place not within any judicial district of the United States by an alternative method of service when the service is (1) directed by the court and (2) not prohibited by international agreement. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). Rule 4 permits several options to complete service in foreign countries and grants broad judicial discretion to authorize service "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3).

The Ninth Circuit has expressly rejected the contention that a party must "attempt[] service by all feasible alternatives" before requesting alternative service methods including email under Rule 4(f)(3), and held that Rule 4(f)(3) is an "equal means" of effective service of process.[3] *Rio Props.*, 284 F.3d at 1015. Thus, "court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)," and "service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'" *Id.*

In this case, Nexon seeks to serve Defendants located in Korea[4] via (1) email; (2) social media; and (3) U.S. counsel. Korea is a signatory to the Hague Convention. Blackburn Decl. ¶ 21,

---

[3] Although not a requirement under Rule 4, Nexon has been proceeding expeditiously with service pursuant to the Hague Convention in addition to seeking alternative service of process. *See* Blackburn Decl. ¶ 24.

[4] *See* Blackburn Decl.¶ 2 &n.1.

PLAINTIFF'S EX PARTE MOTION FOR ALTERNATIVE SERVICE OF PROCESS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(F)(3) - 4
Case No. 2:23-cv-00576-MLP\ 63009-001 \ 103491648

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

Exhibit G.  As discussed below, courts have repeatedly held that service on defendants located in Korea and other Hague signatories via email, social media, and U.S. counsel is not prohibited by the Hague Convention or any other international agreement.

While Article X of the Hague Convention permits signatories to object to service through "postal channels," "numerous courts have held that Article X does not prohibit service by electronic communication." *Rubie's Costume Co., Inc. v. Yiwu Hua Hao Toys Co.*, No. 2:18-cv-01530-RAJ, 2019 WL 6310564, at *3 (W.D. Wash. Nov. 25, 2019).  Thus, courts in this circuit and throughout the country routinely permit service via email or social media on defendants located in Hague Convention signatories, including Korea.  *See, e.g., Amazon.com Inc. v. Bamb Awns*, 2023 WL 2837076, at *2 (W.D. Wash. Apr. 7, 2023) (authorizing email service on defendants in Hague signatories); *Birmingham v. Doe*, 593 F. Supp. 3d 1151, 1160 (S.D. Fla. 2022) (authorizing email and social media service on a Korean defendant); *Richemont Int'l S.A. v. Individuals P'ships & Unincorporated Ass'ns Identified on Schedule A,* No. 20-61367-Altonaga, 2020 WL 6484125, at *1 (S.D. Fla. July 13, 2020) (authorizing service in Korea via email and posting on a designated website).

Furthermore, the Supreme Court has held that "[i]f valid service occurs in the United States … the Convention is not implicated regardless of the location of the party." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988).  Applying this principle, courts routinely hold that service on U.S.-based counsel does not implicate the Hague Convention and is, therefore, not prohibited by it.  *United States v. Aquatherm GmbH*, No. 3:22-cv-1101-JR, 2023 WL 3018936, at *2 (D. Or. Apr. 20, 2023) (authorizing service on U.S. counsel); *Carrico v. Samsung Elec. Co. Ltd.*, No. 15-cv-02087-DMR, 2016 WL 2654392, at *4 (N.D. Cal. May 10, 2016) ("[S]ervice on

PLAINTIFF'S EX PARTE MOTION FOR ALTERNATIVE SERVICE OF PROCESS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(F)(3) - 5
Case No. 2:23-cv-00576-MLP\ 63009-001 \ 103491648

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

[a Korean defendant] through her [U.S.] attorney is … not prohibited by international agreement.").

Accordingly, service on Defendants here via email, social media, or U.S. counsel is permissible under Rule 4(f)(3) and not prohibited by any international agreement.

### B. Delay in Service Will Unfairly Prejudice Nexon.

While the Ninth Circuit does not require a plaintiff to establish prejudice before a district court may authorize alternate service, *Rio Props.*, 284 F.3d at 1015, such prejudice exists here. Defendants are actively seeking to launch an "Early Access" version of the allegedly infringing and misappropriated game by May of 2023 and to release a full version of the game in Q4 of this year. Blackburn Decl. ¶ 17, Exs. J-1, J-2, J-3. Thus, by the time Hague service is complete, there is a high likelihood that Defendants will have already fully launched the infringing game, severely prejudicing Nexon. *See Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 562–66 (C.D. Cal. 2012) (authorizing alternative service and noting that Hague service on foreign defendant would take four to six months).

### C. The Requested Alternative Service Means Comport with Due Process and Are Reasonable Under the Circumstances.

Due process requires that service of process be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Each of the requested forms of alternative service meets this standard.

PLAINTIFF'S EX PARTE MOTION FOR ALTERNATIVE SERVICE OF PROCESS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(F)(3) - 6
Case No. 2:23-cv-00576-MLP\ 63009-001 \ 103491648

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

### 1. Emails Are Likely to Appraise Defendants of the Suit and Comport with Due Process.

Courts in the Ninth Circuit have routinely granted requests to serve defendants by email where the plaintiffs demonstrate that the defendants' email addresses are valid and successfully receiving messages. *See, e.g., Bamb Awns*, 2023 WL 2837076, at *2 (granting email service when plaintiff identified email addresses used for defendants' online business, and plaintiff did not receive any error messages in response to emails sent).

Here, as detailed in the Blackburn declaration, Ironmace communicates through the contact@ironmace.com address. Blackburn Decl. ¶ 4 & n.2. Given that Park, as CEO, and Choi, as Director of Ironmace, are both actively involved in Ironmace's operations, the contact@ironmace.com email address is likely to apprise all of Ironmace, Park and Choi of the suit.

Moreover, as to Park and Choi, their Ironmace business cards list their email addresses as terence@ironmace.com and sdf@ironmace.com, respectively, and Choi has actively communicated with Nexon through his Ironmace email account. Blackburn Decl. ¶ 12. Thus, the terence@ironmace.com and sdf@ironmace.com email addresses provide additional assurances that Defendants will receive notice of the suit.

### 2. Direct Messages on Social Media Are Likely to Appraise Defendants of the Suit and Comport with Due Process.

Courts have held that service on foreign defendants via direct messages on social media is likely to give notice of the lawsuit and comport with due process when defendants actively use the social media accounts to conduct business and communicate with customers. *See, e.g., Juicero, Inc. v. Itaste Co.*, No. 17-CV-01921-BLF, 2017 WL 3996196, at *3 (N.D. Cal. June 5, 2017) (authorizing service to Facebook account). Here, Defendants maintain active social media

PLAINTIFF'S EX PARTE MOTION FOR ALTERNATIVE SERVICE OF PROCESS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(F)(3) - 7
Case No. 2:23-cv-00576-MLP\ 63009-001 \ 103491648

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

accounts that they use to promote Dark and Darker, communicate with their followers, and comment on Nexon's allegations against them.  *See* Blackburn Decl. ¶¶ 13-20.  Because Defendants regularly use their social media accounts to communicate about Dark and Darker and Nexon's allegations, service by direct message to Defendants' accounts is likely to result in actual notice of this Lawsuit.

### 3. Service on Ironmace's U.S. Counsel Is Likely to Appraise Ironmace of the Suit and Comport with Due Process.

Courts have held that service on a defendant's U.S. counsel is likely to provide notice and comport with due process where the "attorney [is] familiar with the defendant's legal positions and was in contact with the defendant regarding the case." *Badyal v. Bosch Packaging Tech.,Inc.*, No. 2:11-cv-00349-MCE-AC, 2014 WL 1922621, at *4 (E.D. Cal. May 14, 2014); *Carrico*, 2016 WL 2654392, at 4 (authorizing service on Korean defendant). That standard is met here because the Greenberg Glusker firm represents Ironmace and responded to Nexon's claims of copyright infringement and trade secret misappropriation arising from Defendants' development of Dark and Darker.  Blackburn Decl. ¶ 9, Ex. F.

### IV.  CONCLUSION

Plaintiff respectfully requests the Court enter the Proposed Order authorizing service of the Summons and Complaint on Defendants via email, social media direct message, and U.S. counsel.

PLAINTIFF'S EX PARTE MOTION FOR ALTERNATIVE SERVICE OF PROCESS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(F)(3) - 8
Case No. 2:23-cv-00576-MLP\ 63009-001 \ 103491648

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

DATED this 28th day of April, 2023.

*I certify that this memorandum contains 2058 words, in compliance with the Local Civil Rules.*

        STOKES LAWRENCE. P.S.

By: */s/ Shannon M. Jost*
    Shannon M. Jost (WSBA #32511)
    Shannon.Jost@stokeslaw.com

By: */s/ Joshua D. Harms*
    Joshua D. Harms (WSBA #55679)
    Joshua.Harms@stokeslaw.com
    1420 Fifth Avenue, Suite 3000
    Seattle, Washington 98101-2393
    Phone: +1 (206) 626-6000
    Fax:    +1 (206) 464-1496

and

ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ James S. Blackburn*
    James S. Blackburn (*pro hac vice*)
    James.Blackburn@arnoldporter.com

By: */s/ Oscar Ramallo*
    Oscar Ramallo (*pro hac vice*)
    Oscar.Ramallo@arnoldporter.com
    777 South Figueroa Street, 44th Floor
    Los Angeles, California 90017
    Phone: +1 (213) 243-4000
    Fax:    +1 (213) 443-4199

By: */s/ James K. Lee*
    James K. Lee (*pro hac vice*)
    James.Lee@arnoldporter.com

By: */s/ So Min Lee*
    So Min Lee (*pro hac vice*)
    Somin.lee@arnoldporter.com
    20F, Concordian
    76 Saemunan-ro, Jongno-gu
    Seoul, Korea (03185)
    Phone: +82 2 6744-2000
    Fax:    +82 2 6744-2099

PLAINTIFF'S EX PARTE MOTION FOR ALTERNATIVE SERVICE OF PROCESS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(F)(3) - 9
Case No. 2:23-cv-00576-MLP\ 63009-001 \ 103491648

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

|   |   |
|---|---|
| By: | */s/ John R. Sabacinski* |
|   | John R. Sabacinski (*pro hac vice*) |
|   | John.Sabacinski@arnoldporter.com |
|   | 70 West Madison Street |
|   | Suite 4200 |
|   | Chicago, Illinois 60602 |
|   | Phone: +1 (312) 583-2300 |
|   | Fax:    +1 (312) 583-2360 |

Counsel for Plaintiff NEXON Korea Corporation

PLAINTIFF'S EX PARTE MOTION FOR ALTERNATIVE SERVICE OF PROCESS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(F)(3) - 10
Case No. 2:23-cv-00576-MLP\ 63009-001 \ 103491648

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000