The Honorable Michelle L. Peterson

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NEXON KOREA CORPORATION, a Korean Corporation,<br><br>Plaintiff,<br><br>v.<br><br>IRONMACE CO., LTD., a Korean Corporation; JU-HYUN CHOI, individually; and TERENCE SEUNGHA PARK, individually,<br><br>Defendants. | Case No. 2:23-cv-00576-MLP<br><br>**DECLARATION OF JU-HYUN CHOI**<br><br>[Defendants' Motion to Dismiss on Grounds of *Forum Non Conveniens*, Declarations of Terence Seungha Park, Eung Jun Jeon and Aaron J. Moss in Support and [Proposed] Order Filed Concurrently] |

DECLARATION OF JU-HYUN CHOI
No. 2:23-CV-00576-MLP
43223-00002/4845446.1

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067
(310) 553-3610

## DECLARATION OF JU-HYUN CHOI

I, Ju-Hyun Choi, hereby declare as follows:

## INTRODUCTION

1. I am one of the directors and founders of IRONMACE Co., Ltd. ("IRONMACE"). I am submitting this declaration in support of the Forum Non-Conveniens application filed by myself, IRONMACE, and Terence Seungha Park in the lawsuit ("US Litigation") initiated in the United States. The contents mentioned herein are all true, and I can testify to them if summoned as a witness. I have written this declaration in my native language, Korean and have had it translated into English.

## PERSONAL AND PROFESSIONAL BACKGROUND

2. I am a citizen of the Republic of Korea and was born in South Korea.

3. I have never lived or worked in the United States. I have never owned any real estate in the United States, and I have never visited the state of Washington. I currently have no plans to visit the United States.

4. I joined Nexon Korea in 2012 as a programmer. Eventually, I became a director and participated in various other projects during that time.

5. While working at Nexon Korea, the company's offices were located in Seoul and Seongnam in Gyeonggi Province. Accordingly, I resided in Seoul and Seongnam to be closer to my workplace. I am currently residing in Seongnam, Gyeonggi Province.

## NEXON AND THE "P3 PROJECT"

6. When I joined Nexon Korea, I signed a written employment contract. The contract was proposed to sign a draft written by Nexon Korea 'as is.' It contains a provision that all contract disputes will be handled by the Korean District Court. **Exhibit A** is the correct copy of the contract.

7. While working at Nexon Korea, I signed the "Acknowledgement of Company IP" regarding the company's use of intellectual property. The document was presented to sign a draft

DECLARATION OF JU-HYUN CHOI - 1
No. 2:23-CV-00576-MLP
43223-00002/4845446.1

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067
(310) 553-3610

written by Nexon Korea 'as is.' It contains a provision that all contract disputes will be handled by the Korean District Court. **Exhibit B** is the correct copy of the acknowledgement.

8. I was the director of "P3 Project" when I was in Nexon Korea. I participated in the P3 project with several Nexon Korea employees for less than a year. With many nearby projects being canceled, there were extreme pressures to meet demands from the management. However, the manpower they provided was insufficient compared to their goal and schedule. More than half of the entire project period had to be carried out with only around 10 people, far less than the 20 people Nexon claims was used throughout the project's life. Although it was more difficult to achieve the goal due to the reduced development efficiency caused by COVID-19 and lack of support, I tried my utmost to meet their demands.

9. I won't disclose the confidential details of the project, but contrary to the original plan, the P3 Project only developed into a first-person Battle Royal game using a medieval fantasy background. The P3 Project did not incorporate the mechanics of 'escaping', a key feature of the extraction genre popularized by games like *Escape from Tarkov*. The P3 Project is a different genre of game than the *Dark and Darker* that I developed later on at IRONMACE.

10. Until I left Nexon Korea in July 2021, there was no near-complete version of the P3 game.

11. During my departure from Nexon Korea, I completely deleted all trade secrets or sensitive information that Nexon Korea deemed problematic, and I have not retained any such information to this day.

12. All the Nexon Korea employees who participated in the P3 Project worked in Korea and communicated with each other in Korean. They conducted all aspects of their work, including game design, programming, and other tasks, almost exclusively in Korean. The Nexon Korea executives who oversaw the P3 team were also located in Korea and communicated in Korean.

## IRONMACE AND *DARK AND DARKER*

13. After leaving Nexon, I founded IRONMACE in October 2021. Our first goal at IRONMACE was to develop a first-person extraction game/dungeon crawler with a fantasy setting, which eventually became *Dark and Darker*. To efficiently develop the game, we built a team of around 20 skilled veteran game designers, artists, and programmers from the very start. As a small studio, we were able to work more swiftly without unnecessary interruptions and political constraints. This allowed us to focus all our efforts on developing an engaging game.

14. No one at IRONMACE accessed or used Nexon Korea's trade secrets or other intellectual property when creating *Dark and Darker*. We developed it from scratch.

15. In addition to our own creations, we also utilized legally acquired publicly available assets purchased from the Unreal Engine Marketplace. Among the finite number of assets available that met our conditions, we carefully reviewed and purchased those that aligned with our game concept and had a high level of quality. We have records and receipts of this entire process.

16. IRONMACE headquarters is located in Bundang-gu, Seongnam-si, Gyeonggi-do, Republic of Korea. We have a little more than 30 full-time employees who all live in Korea.

17. Internal team communication is almost exclusively conducted in Korean. Our team uses Korean when writing internal emails to one another.

18. Meetings related to the development of *Dark and Darker* at IRONMACE were conducted in Korean. Game development documents, including design proposals and idea memos, were almost all written in Korean. The records of our creative development efforts clearly demonstrate that we independently developed *Dark and Darker*.

19. The source code and its development records, which demonstrate the construction method of *Dark and Darker*, will clearly confirm that we developed Dark and Darker without using any proprietary assets or code from Nexon Korea. Our internal team discussed and documented the programming of *Dark and Darker* all in Korean.

DECLARATION OF JU-HYUN CHOI - 3
43223-00002/4845446.1

20. Any of the above records that are kept as hard copies, the documents will be kept in our office in Korea.

21. Computer systems used to develop and program *Dark and Darker* and the servers that were used for automation work are physically located in the Korean office.

22. All of my work on *Dark and Darker* was done in Korea, whether I worked from my home or the IRONMACE office.

23. Nexon Korea has filed a lawsuit against me, Terence Seungha Park, and IRONMACE in a Korean district court, alleging that our work on Dark and Darker infringes upon Nexon Korea's copyright and unlawfully utilizes Nexon Korea's trade secrets. Nexon's claims in this Korean lawsuit are the same as those raised in the ongoing lawsuit in the United States.

24. IRONMACE has clear evidence to prove that these claims are false. Our progress in creating the game has been carefully documented and recorded, and from this evidence, it is evident how we developed *Dark and Darker* from the beginning. These pieces of evidence are almost all in Korean, and the key witnesses who can testify to this are all residents of Korea and communicate using Korean.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

EXECUTED at Seongnam, Korea, this 21 day of June, 2023

Ju-Hyun Choi

# EXHIBIT A

# 연 봉 계 약 서

(주)넥슨코리아(이하 '회사' 라 한다) 와 최주현 (이하 '근로자' 라한다) 는 다음과 같이 연봉계약을 체결한다.

### 제 1 조 (연봉 보안유지 의무)
① "근로자"는 계약에 명기된 연봉 관련 모든 내용을 제3자에게 공개 또는 누설하여서는 아니 된다.
② "회사"는 "근로자"가 연봉에 관한 내용을 공개 또는 누설 시 "회사"의 내부 징계 규정에 따라 감봉, 해직 등의 처분을 할 수 있으며, "근로자"는 이러한 "회사"의 처분에 대하여 어떠한 이의도 제기하지 않음을 확인한다.

### 제 2 조 (연봉 계약기간)
본 연봉계약의 연봉지급 적용기간은 "회사"와 "근로자"가 서면으로 별도 합의하지 않는 한
 2021년 01월 01일  부터   2021년 12월 31일  까지 유효한 것으로 한다.

### 제 3 조 (연봉)
① 근로자의 연봉 및 기본급은 아래와 같으며, 연봉총액의 구성항목 등은 다음 표와 같이 구성하기로 한다.

| 구 분 | 금 액 | 비 고 |
|---|---|---|
| 연봉총액 | ████ | ████ |
| 기본급 | ████ | ████ |

② "근로자"는 상기 소득에 대한 모든 세금을 부담한다.
③ 매달 1일부터 말일까지의 급여는 당월 24일에 "근로자"의 계좌로 송금한다.
④ 급여 지급 이후 파악된 근태로 인하여 부당이득이 발생하면 다음 달 급여에서 공제한다.
⑤ "근로자"가 급여지급일 이후 당월 말일까지 근무하지 않는 경우에는 일할로 미근무 금액을 "회사"에게 반환하여야 한다.
⑥ 퇴직금은 근속 1년 이상자에 한하여 연봉과 별도로 지급하며, 세부 규정은 "회사"의 사규에 따른다.

### 제 4 조 (복리후생)
① 장기 근속에 대한 휴가지원금 등 복리후생금은 회사의 정책에 따라 연봉과 별도 지급될 수 있으며 세부사항은 "회사"가 별도로 정한 바에 따른다.
② 제①항의 복리후생금은 "회사"가 별도로 정한 바에 따라 지급여부, 시기, 내용 등이 변동될 수 있다.

### 제 5 조 (영업비밀 준수의무 등)
① "근로자"는 재직 중 지득한 "회사"의 기밀을 재직 중은 물론 퇴직 후에도 제3자에게 누설하여서는 아니된다.
② "근로자"는 제3자의 영업비밀 또는 "회사"의 영업비밀을 그 권리자의 허락 없이 회사 내로 반입 또는 회사 외부로 반출할 수 없다.
③ "근로자"는 "회사"의 사전동의 없이, 퇴직 후 1년간 영업비밀 침해 가능성이 있는 동종, 유사 업종에 종사 할 수 없다.
"근로자"가 제3자 또는 "회사"의 영업비밀을 침해하는 경우 부정경쟁방지 및 영업비밀 보호에 관한 법률 및 기타 관련 법령에 따라 "회사" 또는 제3자에 대하여 민.형사상의 모든 책임을 부담함을 인식한다.

소갑 제20-2호증

[여백: 20 / 2]

## 제 6 조 (계약의 해지)

"회사"는 "근로자"가 다음 사항 중 하나에 해당할 경우, 30일 전에 사전통보하고 본 계약을 해지하거나 또는 재계약을 거부할 수 있다.
① 제 5조의 의무를 위반하였을 경우
② "근로자"가 입사지원 시 제출한 작업물 등이 타인의 저작권을 침해하거나 타사의 영업비밀을 침해하는 경우
③ "근로자"가 근무태만 등의 사유로 업무실적이 현저하게 저조하다고 판단되는 경우
④ "근로자"가 업무와 관련하여 부정 행위를 하거나 또는 부정한 금전 등을 수령한 경우
⑤ 학력, 경력 등에 대한 허위사실이 발견될 경우
⑥ "근로자"가 질병 또는 그 밖의 다른 사유로 본 계약상의 의무를 성실히 수행할 수 없다고 판단되는 경우
⑦ 기타 사내규정에 위반한 경우

## 제 7 조 (기타)

① 본 계약서에 정하지 않은 사항은 관계법령, "회사"의 사규 등에 따르며, 별도로 정한 바 없는 경우 상호 협의하여 결정한다.
② 계약 내용을 변경할 필요가 있는 경우에는 "회사"와 "근로자"가 서면으로 합의하여 변경함을 원칙으로 한다.
③ 양 당사자는 본 계약을 성실히 준수할 것을 다짐하며, 서명 또는 기명 날인된 계약서는 "회사"의 인사팀에서 보관한다.
④ 본 계약과 관련하여 양 당사자간에 이견이 있는 경우 상호 합의하여 처리함을 원칙으로 하되, 원만히 합의에 이르지 못하여 분쟁이 발생된 경우에 관할법원은 서울중앙지방법원으로 한다.
⑤ 본 계약은 "회사"와 "근로자"의 서명 또는 기명 날인으로 효력이 발생된다.

2021년01월01일

"회사"

(주) 넥슨코리아

대표이사 이 정 헌 (인)

"근로자"

생년월일 : 840119

성   명 : 최주현

서면교부 받았음을 확인 합니다.   (인)

# EXHIBIT B

# 업무관련 지적 재산에 관한 권리확인서

주식회사 넥슨코리아(이하 "갑"이라 한다)와 [서명] (이하 "을"이라 한다)는 업무관련 지적재산의 권리 확인과 관련하여 다음과 같이 계약을 체결한다.

### 다 음

**제 1 조 (목 적)**
본 계약은 "을"이 "갑"의 직원으로 재직하면서 이루어지는 저작, 개발, 실연, 발명 등의 지적 재산 창출행위와 관련하여, 이와 관련된 "갑"과 "을"의 권리관계를 명확히 함을 목적으로 한다.

**제 2 조 (용어의 정의)**
1. "직무발명품" 이란 "을"이 "갑"의 직원으로 재직하면서, 직무관련성이 있는 분야에 관하여, 업무와 관련하여 발명한 발명품을 말한다.
2. "업무저작물"이란 "을"이 "갑"의 직원으로 재직하면서, 직원으로서 업무를 수행하는 과정에서 이루어지는 작사, 작곡, 편곡, 실연, 집필, 편집, 디자인 등 기타 모든 창조적 행위에 의하여 발생하는 결과물을 말한다.

**제 3 조 (발명 등의 자동승계 및 업무저작물의 권리확인)**
1. "을"이 입사 후 수행한 직무발명 등이 이루어진 경우, 해당 "직무발명품"에 대하여 국내 또는 해외에서 지적재산권으로 등록 받을 권리는 그 발명 등이 이루어짐과 동시에 "갑"에게 자동 승계되는 것으로 본다.
2. 다만, "을"이 제3자와 공동으로 직무발명을 한 경우에는, "을"이 가지는 직무발명에 대한 국내 또는 해외에서 지적재산권으로 등록 받을 권리의 지분에 대하여, 그 발명 등이 이루어짐과 동시에 "갑"에게 자동 승계되는 것으로 본다.
3. "을"이 입사 후 업무 수행의 과정에서 만들어진 "업무상저작물"은 현행 저작권법 제 9 조에 의거하여 지적재산권(2차적 저작물 작성권, 편집 저작물 작성권, 저작 인접권 포함)등이 처음 부터 "갑"에게 원시적으로 발생, 귀속되는 것임을 양당사자가 확인 한다.

**제 4 조 (권리와 의무)**
1. "갑"이 전 조 제 1 항의 권리를 "을"로부터 승계한 경우에는 사규에서 정하는 바에 따라 "을"에게 소정의 보상을 할 수 있다.
2. "을"은 본 계약이 체결된 이후에는, 직무상 발명 등이 이루어진 다음 "을"에게 이직 등의 사유가 발생된 경우, "을"은 "갑"의 회사 외에서는 "갑"이 승계한 발명등과 동일하거나 유사한 컨텐츠를 사용하거나 재창작할 수 없다.
3. "을"은 고용관계 계속 중에 "을"이 한 모든 발명을 "갑"에게 조서를 작성하여 통지하여야 하며, "갑"은 지체 없이 이를 확인시켜줄 의무가 있다.
4. "을"은 본 계약체결 이후, 본 직무발명에 대하여 별도의 권리를 주장할 수 없다.

**제 5 조 (기타)**
1. 본 계약에 정하지 않는 사항 및 양 당사자간 본 계약 해석상 이견이 있을 경우에는 일반 상관례 따라 해결하는 것으로 한다.
2. 본 계약과 관련하여 양당사자의 협의로 해결되지 않는 분쟁이 발생한 경우 서울중앙지방법원을 제 1 심 전속합의관할로 한다.
3. 양 당사자는 신의성실의 원칙에 따라 본 계약을 성실히 준수해야 하며, 계약서는 "갑"의 인사팀에서 보관한다.

2018 년 4 월 13 일

"갑"
주식회사 넥슨코리아
경기도 성남시 분당구 판교로 256번길 7
대표이사 이 정 헌 (인)

"을"
생년월일 64. 01. 15
성 명 [서명]

소갑 제47-2호증

## CERTIFICATE OF SERVICE

I hereby declare under penalty of perjury under the laws of the United States of America that on this date, the foregoing document was filed electronically with the Court and thus served simultaneously upon all counsel of record.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on June 22, 2023.

_____
Rondi A. Greer

CERTIFICATE OF SERVICE
No. 2:23-CV-00576-MLP

**GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP**
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

43223-00002/4846046.10