HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NEXON KOREA CORPORATION, a Korean Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>IRONMACE CO., LTD., a Korean Corporation; JU-HYUN CHOI, individually; and TERENCE SEUNGHA PARK, individually,<br><br>    Defendants. | Case No.: 2:23-cv-00576-TL<br><br>DECLARATION OF MINJUNG PARK IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR *FORUM NON CONVENIENS*<br><br>NOTE ON MOTION CALENDAR: JULY 14, 2023<br><br>ORAL ARGUMENT REQUESTED |

I, Minjung Park, hereby declare as follows:

1. My name is Minjung Park. I have prepared this declaration on behalf of Nexon Korea Corporation ("Nexon") for the above-referenced litigation. I am over 18 years of age. The facts stated in this declaration are known by me personally to be true and correct. If called as a witness, I could and would competently testify thereto.

2. I have 23 years of experience of legal practice in Korea and am highly knowledgeable of the Korean legal system. I served as a judge for 13 years at various courts including the Intellectual Property High Court of Korea and the Seoul Central District Court, and have been employed as a senior attorney at Kim & Chang for the past ten years. Based on my knowledge

and expertise in Korean law, I gave lectures on Korean law practice as an adjunct professor in the first half of every year from 2017 to 2022.  As a judge and a lawyer, I have been involved with at least 300 intellectual property ("IP") disputes that mainly dealt with patent, trademark, and unfair competition prevention laws, trade secrets, and copyright and design rights issues.  I was selected as a Leading Practitioner, Best Lawyer, and Leading Lawyer by domestic and foreign evaluation media such as the World Trademark Review, the Legal Times, and Chosun Biz.

3. I received a master's degree in Intellectual Property from Korea University, and my master's thesis was "International Jurisdiction and Governing Law for Intellectual Property Disputes."  I have made a number of presentations on Korean Procedural Law in Korean courts to Korean judges, including "Korea IP High Court's Oral Examination," "Delivery Method in Terms of Civil Suit," and "Court-Oriented Trials."  In addition, I wrote various works on IP rights, such as "Commentary on the Trademark Act" (co-authored), "Technical Level of a Person of Ordinary Skill in the Art," and "A Study on Product-by-Process Claims," and gave lectures and presentations on IP rights in the Intellectual Property High Court of Korea, the Intellectual Property Trial and Appeal Board, the International Intellectual Property Training Institute, the Seoul Bar Association, the International Symposium on IP Policy, etc.

4. I am fluent in Korean and proficient in English and previously served as a visiting scholar at Duke University School of Law in North Carolina.

5. My firm, Kim & Chang, and I serve as counsel for Nexon in the proceedings in Korea against Defendants IRONMACE Co., Ltd. ("Ironmace"), Ju-Hyun Choi ("Choi"), and Terence Seungha Park ("Park") (collectively, "Defendants").

DECLARATION OF MINJUNG PARK - 2
Case No. 2:23-cv-00576-TL

### Criminal Proceedings against Choi

5. After learning that Choi had engaged in unauthorized transfers of Nexon's confidential information, Nexon filed a criminal complaint in August 2021 against Choi and filed an application for preliminary attachment of real property, automobiles, and deposits with the Seoul Central District Court, which was granted and enforced in its entirety.

6. In response to the criminal complaint, the police searched Choi's home and Ironmace's office in January 2022.

7. In Korea only the prosecutors have the authority to indict. In August 2022 the police transferred the case to the Prosecutor's Office (Seongnam Branch) with a recommendation to indict Choi on charges of "violation of the Unfair Competition Prevention and Trade Secret Protection Act (divulgence of trade secrets)."

8. Nexon became aware of the existence of Dark and Darker around the end of September 2022. (Ironmace conducted its second playtest from October 28, 2022 to November 2, 2022). After the second playtest was disclosed, the Prosecutor's Office requested the police to conduct a supplemental investigation.

9. In March 2023, the police conducted another search of Ironmace's office.

10. The Prosecutor's Office has not yet announced a decision to indict Choi.

### Civil Proceedings against Choi

11. In August 2021 Nexon filed a civil action against Choi in Seoul Central District Court, seeking an injunction against trade secret misappropriation and damages. At the time Nexon filed this action, Nexon was not aware that Choi and Park were developing Dark and Darker or that they were directing their misconduct to the United States. Nexon's intent at that time was to contain the data leak by Choi and minimize any damages.

12. Choi has not submitted a response to the case initiating document, and the Seoul Central District Court has not set any hearing dates. Accordingly, the case against Choi has not progressed beyond the case initiating document. This process is consistent with typical Korean procedures where a criminal case and a civil case are pending at the same time. Because Korean civil courts do not have pre-trial discovery procedures, civil courts rely on evidence adduced in the criminal investigation, meaning civil courts will allow criminal cases to proceed before moving forward with a related civil case.

**Ironmace Initiates Litigation in Suwon District Court**

13. I understand that Defendants have taken the position in the U.S. litigation that all disputes between Nexon and Defendants concerning Nexon's allegations of trade secrets violation and copyright infringement are subject to the exclusive jurisdiction of Seoul Central District Court, pursuant to certain employment-related agreements between Nexon and Choi and Nexon and Park.

14. Contrary to the position that Defendants are taking in this Court (i.e., that Seoul Central District Court has exclusive jurisdiction), on March 31, 2023 Ironmace initiated an action on the merits for confirmation of copyright non-infringement ("저작권비침해확인") and prohibition of business interference ("영업방해금지") in Suwon District Court against Nexon, and on April 10, 2023 Ironmace initiated an action for preliminary injunction in Suwon District Court against Nexon for business interference.[1] As detailed below, Defendants have argued throughout the preliminary injunction proceedings that Seoul Central District Court lacks jurisdiction over the dispute.

15. The Republic of Korea is divided into 17 administrative districts. Suwon District Court

---

[1] I am informed that, in the United States, a request for a preliminary injunction and final adjudication on the merits of a dispute are typically conducted in a single proceeding. Unlike the United States, in Korea, a preliminary injunction is filed as a separate proceeding from a proceeding seeking a final adjudication on the merits. In this declaration, I refer to these two types of proceedings as "preliminary injunction proceedings" and "actions on the merits."

DECLARATION OF MINJUNG PARK - 4
Case No. 2:23-cv-00576-TL

is located in the Gyeonggi Province, which is a different administrative district from the administrative district in which Seoul Central District Court is located.

16. Moreover, the two district courts also have separate appellate courts: the appellate court for Suwon District Court is Suwon High Court, while the appellate court for Seoul Central District Court is Seoul High Court.

17. Ironmace's requests to the Suwon District Court include the following:

   a. a request to confirm that Ironmace has not violated Nexon's copyrights under Korean law (in the lawsuit on the merits); and

   b. a request to preliminarily prohibit Nexon from making a request to a third party such as Valve Corporation to take down Dark and Darker from Steam (a platform operated by Valve), alleging it constitutes unlawful business interference (in the lawsuit on the merits and the preliminary injunction action).

18. To the best of my knowledge, Defendants have never initiated any proceeding against Nexon in the Seoul Central District Court.

**Nexon Seeks a Preliminary Injunction Against All Defendants in Suwon District Court Without Objection to Venue**

19. On April 14, 2023, four days after Ironmace initiated preliminary injunction proceedings against Nexon, Nexon responded by initiating its own preliminary injunction proceedings in Suwon District Court against Ironmace, Choi, and Park.

20. In the preliminary injunction proceedings, Nexon alleges that Dark and Darker infringes upon Nexon's copyrights under Korean law, that Defendants misappropriated Nexon's trade secrets under Korean law and that Defendants used Nexon's work products without its permission (which is unfair competition).

21. None of the Defendants objected to Nexon's filing in Suwon District Court as being

DECLARATION OF MINJUNG PARK - 5
Case No. 2:23-cv-00576-TL

precluded by the forum selection clauses in the employment-related agreements between Nexon and Choi and Nexon and Park.

**Defendants Affirmatively Represent to the Suwon District Court That the Seoul Central District Court Lacks Jurisdiction**

22. In addition to Nexon filing its preliminary injunction proceeding in Suwon District Court and the Defendants not objecting to Nexon's filing in Suwon District Court, Defendants have repeatedly told Suwon District Court that Seoul Central District Court lacks jurisdiction over the dispute.

23. For example, at hearings on May 3, 2023, May 24, 2023, and June 21, 2023, Defendants argued that "the Seoul Central District Court has no jurisdiction over the case."

24. Specifically, at a hearing on May 24, 2023, Defendants presented a PowerPoint slide to Suwon District Court that states "in order to delay the proceedings, in August 2021 Nexon filed a lawsuit against Choi in Seoul Central District Court, rather than Suwon District Court or Seongnam District Court, both of which would have proper jurisdiction over the lawsuit." The relevant page of this presentation and a certified translation of the relevant portion are attached hereto as **Exhibit A**.

25. Likewise, in Ironmace's moving papers seeking a preliminary injunction, Ironmace stated that "the Suwon District Court … has territorial jurisdiction" over the dispute and that the Suwon District Court "is the competent court of jurisdiction for this temporary injunction against business obstruction." Dkt.#31 at 101 (Ex. 2 at 40). In no part of its moving papers did Ironmace contend that Seoul Central District had exclusive jurisdiction over the dispute.

**Defendants' Concealment of Critical Evidence in Korea**

26. Particularly in light of Choi's intentional pre-suit destruction of evidence regarding his unauthorized export of P3 project files and source code to his private servers, documents related

to Defendants' development of Dark and Darker are critical to refuting their contention that they independently created Dark and Darker rather than copying and misappropriating Nexon's P3 materials. Defendants have taken advantage of Korean procedural rules to successfully conceal such evidence about Dark and Darker.

27. Before filing its preliminary injunction application, Ironmace publicly claimed it would be transparent about the development of Dark and Darker, and that such transparency would reveal that Ironmace had not copied or misappropriated Nexon's materials. For example, in response to the takedown of Dark and Darker from Steam, on March 27, 2023 Ironmace posted an open letter online in which it stated, "we welcome Nexon to promptly accommodate the comparison of source code, custom assets, and design documents with the police to quickly and decisively put an end to this matter." A true and correct copy of Ironmace's post is attached hereto as **Exhibit B**.

28. Nexon is unable to compel Defendants to produce material in the pending preliminary injunction proceedings in Korea. However, in light of Ironmace's promises of transparency, after the first hearing on the parties' preliminary injunction on May 3, 2023, Nexon requested that Defendants provide any and all materials related to the development of Dark and Darker. In return, Nexon offered to provide Defendants with any and all materials related to the development of P3. Defendants rejected the offer and took the position that they were only willing to share the latest version of the game from the fifth playtest.

29. At the second preliminary injunction hearing on May 24, 2023, Nexon requested that Defendants produce the initial versions of Dark and Darker (meaning the playable versions of the game from the first to fifth playtests), along with all data related to its development. At the hearing, Defendants' counsel stated they would discuss the matter with their clients.

30. After the second hearing, the parties continued to discuss the issue by email. Defendants

reiterated in these emails that they refused to produce all development data unless Nexon withdrew its takedown request (made pursuant to the U.S. Digital Millennium Copyright Act) to Valve and agreed not to take any steps that would interfere with the business until the decision of preliminary injunction becomes final and conclusive in Korea to stop Defendants from distributing Dark and Darker. Thus, Defendants conditioned the production of Dark and Darker development data on Nexon effectively conceding to Defendants the relief Ironmace sought in its preliminary injunction application.

31. At the third hearing on June 21, 2023, the parties did not reach an agreement on the production of Dark and Darker and P3. Therefore, the exchange of all game-related data was cancelled.

32. Despite Defendants' failure to produce this critical evidence, the Suwon District Court cannot compel Defendants to produce any documents. While the court may issue an order nominally requiring Defendants to produce the documents, the court cannot enforce the order.

33. Furthermore, the Suwon District Court did not hear any oral testimony, and it did not permit the cross-examination of any witnesses.

34. The third hearing on June 21, 2023 was the last hearing in the preliminary injunction proceedings in Suwon District Court. The parties may file written briefs by July 19, 2023, after which time Suwon District Court is expected to issue a decision.

35. I understand Defendants' motion before this Court to state that in the Suwon District Court proceedings, "a Korean panel of judges will evaluate the evidence, including Ironmace's internal notes and source code showing exactly how Dark and Darker was created." Dkt.#29 at 5.

36. That statement is false in two respects. First, Defendants did not submit any source code to the Suwon District Court to this date. Thus, the Suwon District Court will be unable to review

any source code showing exactly how Dark and Darker was created.

37. Second, with the exception of certain initial plans for Dark and Darker, Defendants did not submit any development documentation. Thus, Defendants did not submit the initial test version of Dark and Darker and documents related to the development of Dark and Darker, despite Suwon District Court's request that they do so. The small number of documents Defendants submitted to Suwon District Court do not show the complete development process of Dark and Darker. Thus, it is misleading to state that Defendants submitted internal notes "showing exactly how Dark and Darker was created." *Id.*

38. I note that, in his declaration, Defendants' Korean attorney, Eung Jun Jeon, describes the evidence submitted in the case as including "copies of Nexon's employment agreements with Choi, copies of Nexon's 'Acknowledgment about Company IP' signed by Choi and Park, computer logs and internal data from Nexon, emails, written witness statements, text messages, and transcripts of oral conversations." Dkt.#31 ¶ 21. Mr. Jeon does not describe the production of Ironmace's source code or development documents. While this portion of Mr. Jeon's declaration is accurate, the statement in Defendants' motion to this Court is not.

**Limitations of Civil Proceedings in Korea**

39. I understand that Mr. Jeon takes the position that in Korea, the parties in civil litigation matters have a right to pre-trial discovery. Dkt.#31 ¶ 5. That is incorrect and misleading because Korean courts do not divide litigation into pre-trial and trial phases, nor do they have any power to compel discovery.

40. To provide an overview of civil proceedings in Korea, after a complaint is filed, parties submit written briefs and a hearing is conducted. Then, if the court finds that a sufficient hearing has been conducted, the hearing will be closed and a decision will be rendered. As such, while

there are no restrictions on the number of briefs and evidence submitted in the course of civil litigation, there are no procedures in place for the parties to collect various types of sufficient and comprehensive evidence through the court system prior to the hearing as in the discovery process of the U.S. legal system.

41. Under the Korean Civil Procedure Act, evidentiary methods such as documentary evidence, witnesses, self-examination of the parties, appraisal, verification, request for document submission, request for fact inquiry, preservation of evidence, recording, etc., may be used, but there is no discovery system that enables a wide range of evidence collection. Thus, the parties themselves must collect such evidence.

42. Although the Korean Civil Procedure Act provides for a document production order for the collection of evidentiary materials, not only must the requested documents be specified, but the burden of proof for the existence and possession of such documents also lies with the petitioner. Further, in many cases, it is difficult for the petitioner to argue about what is written in the document in opposition to the other party's statement about the content of the document, because the petitioner does not know the content of the document. Even if the parties to the suit do not comply with the document production order, no sanction can be imposed on the parties. Moreover, if a party to the suit fails to comply with a document production order, the court may recognize the document requesting party's allegations regarding the content of documents as true (Article 349 of the Korean Civil Procedure Act); however, the Supreme Court Decision No. 2006Da9446, rendered on September 21, 2007, clarified that the court need not recognize what the document requesting party is trying to prove by the requested documents despite the application of Article 349, because the court is free to examine any other evidence and render decision based on the other evidence. Accordingly, it would be difficult to prove allegations if the opposing party refuses to

produce the requested documents because the court would consider other available evidence which may not necessarily support the allegations. Therefore, the document production order is not very effective in collecting evidence.

43. In addition, even if a document is deleted or damaged after a civil action is commenced in Korea, the court cannot impose sanctions unlike courts in the United States.

44. Unlike in the United States, there is no discovery system for extensive information collection in civil litigation proceedings in Korea, and it is difficult to have a document production order issued or to interrogate witnesses in preliminary injunction cases.

### Adjudication of U.S. Laws by Korean Courts

45. Throughout the proceedings, the parties have litigated the illegality of Defendants' conduct under the Korean Copyright Act and the Unfair Competition Prevention and Trade Secret Protection Act. The parties have not litigated the illegality of Defendants' conduct under any U.S. law, including the U.S. Copyright Act and the Defend Trade Secrets Act.

### Congestion in Seoul Central District Court

46. Based on my experience, if Nexon were required to re-file its U.S. law claims for litigation on the merits in Seoul Central District Court, such litigation would be expected to take about one to two years for a district court's decision. If the case is appealed all the way to the Korean Supreme Court, it would then take about two to four years altogether, although the timeline would depend on the appellate courts' docket situation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

EXECUTED this 10th day of July 2023 at Seoul, Korea.

*Minjung Park*
Minjung Park

DECLARATION OF MINJUNG PARK - 11
Case No. 2:23-cv-00576-TL