The Honorable Tana Lin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NEXON KOREA CORPORATION, a Korean Corporation,<br><br>Plaintiff,<br><br>v.<br><br>IRONMACE CO., LTD., a Korean Corporation; JU-HYUN CHOI, individually; and TERENCE SEUNGHA PARK, individually,<br><br>Defendants. | NO.   2:23-CV-00576-TL<br><br>**DEFENDANTS' MOTION FOR RELIEF FROM THE INITIAL DISCLOSURES DEADLINE AND FOR A PROTECTIVE ORDER TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS**<br><br>NOTE ON MOTION CALENDAR:<br>Friday, July 21, 2023 |

DEFENDANTS' MOTION FOR RELIEF FROM INITIAL
DISCLOSURES DEADLINE AND FOR PROTECTIVE
ORDER TO STAY DISCOVERY
No. 2:23-CV-00576-TL

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

43223-00002/4872435.3

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................................... 3

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) .................................................................................................... 6

*Blackstone Int'l v. E2 Ltd.*,
    2022 U.S. Dist. LEXIS 31095 (W.D. Wash. Feb. 22, 2022) ...................................... 5

*Bosh v. United States*,
    2019 U.S. Dist. LEXIS 190138 (W.D. Wash. Nov. 1, 2019) ...................................... 3

*Cal. Crane Sch., Inc. v. Google LLC*,
    2022 U.S. Dist. LEXIS 77442 (N.D. Cal. Apr. 28, 2022) ........................................... 7

*Davis v. Speer*,
    2010 U.S. Dist. LEXIS 117073 (W.D. Wash. Nov. 3, 2010) ...................................... 6

*Dillinger, L.L.C. v. Elec. Arts, Inc.*,
    2010 U.S. Dist. LEXIS 139139 (S.D. Ind. May 11, 2010) ......................................... 6

*Diminico v. GEICO Cas. Co.*,
    2022 U.S. Dist. LEXIS 207752 (D. Nev. Nov. 16, 2022) ....................................... 6, 7

*HUB Int'l NW, LLC v. Larson*,
    2023 U.S. Dist. LEXIS 43849 (W.D. Wash. March 15, 2023) ............................... 3, 4

*In re Lithium Ion Batteries Antitrust Litig.*,
    2013 U.S. Dist. LEXIS 72868 (N.D. Cal. May 21, 2013) ........................................... 7

*Little v. City of Seattle*,
    863 F.2d 681 (9th Cir. 1988) ...................................................................................... 2

*Lockyer v. Mirant Corp.*,
    398 F.3d 1098 (9th Cir. 2005) .................................................................................... 3

*Melbostad v. City of Cascade, Idaho*,
    2014 U.S. Dist. LEXIS 133584 (D. Nev. Sep. 23, 2014) ............................................ 4

*Neal v. City of Bainbridge Island*,
    2021 U.S. Dist. LEXIS 98629 (W.D. Wash. May 25, 2021) ...................................... 2

*Petitt v. Altman*,
    2022 U.S. Dist. LEXIS 39675 (W.D. Wash. Mar. 7, 2022) .................................... 2, 5

DEFENDANTS' MOTION FOR RELIEF FROM INITIAL
DISCLOSURES DEADLINE AND FOR PROTECTIVE
ORDER TO STAY DISCOVERY - i
No. 2:23-CV-00576-TL

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

43223-00002/4872435.3

*Rutman Wine Co. v. E. & J. Gallo Winery*,
   829 F.2d 729 (9th Cir. 1987) .................................................................................................. 2

*See e.g.*, *New World Med. Inc. v. Microsurgical Tech. Inc.*,
   2021 U.S. Dist. LEXIS 20842 (W.D. Wash. Feb. 3, 2021) ..................................................... 2

*Silbaugh v. Chao*,
   2018 U.S. Dist. LEXIS 85909 (W.D. Wash. May 22, 2018) .............................................. 5, 6

*SSI (U.S.), Inc. v. Ferry*,
   2021 U.S. Dist. LEXIS 201590 (C.D. Cal. May 25, 2021) ...................................................... 4

*United States v. Nova Grp, Inc.*,
   2020 U.S. Dist. LEXIS 231607 (W.D. Wash. Dec. 9, 2020) .................................................. 2

*Wenger v. Monroe*,
   282 F.3d 1068 (9th Cir. 2002) .................................................................................................. 3

*Williams v. Sampson*,
   2017 U.S. Dist. LEXIS 55461 (W.D. Wash. Apr. 11, 2017) ................................................... 5

*Wood v. McEwen*,
   644 F.2d 797 (9th Cir. 1981) .................................................................................................... 3

**Rules**

Fed. R. Civ. P. 6(b) .......................................................................................................................... 2

LCR 7(j) ............................................................................................................................................ 2

DEFENDANTS' MOTION FOR RELIEF FROM INITIAL
DISCLOSURES DEADLINE AND FOR PROTECTIVE
ORDER TO STAY DISCOVERY - ii
No. 2:23-CV-00576-TL

**GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP**
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

43223-00002/4872435.3

**TABLE OF CONTENTS**

I.     INTRODUCTION AND REQUESTED RELIEF ............................................................ 1

II.    RELEVANT BACKGROUND ...................................................................................... 1

III.   AUTHORITY AND ARGUMENT ................................................................................ 2

       A.   Legal Standards ................................................................................................... 2

       B.   Good Cause Exists to Vacate or Stay the Initial Disclosures Deadline and
            to Stay Any Subsequent Discovery ..................................................................... 3

            1.   The Pending Motion to Dismiss is Dispositive of This Entire
                 Action ....................................................................................................... 3

            2.   No Discovery is Necessary to Resolve Defendants' FNC Motion ......... 4

            3.   Granting the Motion Will Not Result in Prejudice to Nexon, While
                 Failing to Grant the Motion Will Result in Substantial Prejudice to
                 Defendants ................................................................................................ 5

       C.   Requiring Initial Disclosures and Allowing Early Discovery to Proceed
            Will Unnecessarily Increase Costs as a Result of Required Translation
            Costs. ................................................................................................................... 6

IV.    CONCLUSION ............................................................................................................... 7

CERTIFICATION OF CONFERRAL ........................................................................................ i

DEFENDANTS' MOTION FOR RELIEF FROM INITIAL
DISCLOSURES DEADLINE AND FOR PROTECTIVE
ORDER TO STAY DISCOVERY - iii
No. 2:23-CV-00576-TL

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

43223-00002/4872435.3

## I.  INTRODUCTION AND REQUESTED RELIEF

Defendants Ironmace Co., Ltd., Ju-Hyun Choi, and Terence Seungha Park (collectively "Defendants") respectfully ask the Court to vacate or stay the initial disclosures deadline and to stay discovery pending the resolution of Defendants' Motion to Dismiss on Grounds of *Forum Non Conveniens* (Dkt. # 29) ("FNC Motion").  Defendants' FNC Motion raises only questions of law, and if granted, would dispose of this entire action in favor of the existing proceedings already underway in Korea.  The requested stay will not result in any prejudice to plaintiff Nexon Korea Corporation ("Nexon"), as this case has just begun, and discovery is not required for the resolution of the FNC Motion.  While the FNC Motion is under consideration, the parties should not be required to expend the substantial resources that would be required to prepare initial disclosures or subsequent discovery responses, both of which would be uniquely expensive and burdensome in this case.  As explained in the FNC Motion, because this case solely involves activities in Korea, by Korean nationals, and nearly all relevant documents are in the Korean language, extensive and costly foreign language translations will be required in order to investigate and prepare fulsome initial disclosures and discovery responses.  As such, good cause exists for the Court to stay discovery and stay or vacate the initial disclosures deadline pending resolution of the FNC Motion.

## II.  RELEVANT BACKGROUND

This is a lawsuit brought by a Korean videogame publisher ("Nexon") against two former Nexon employees (who are Korean nationals) and their Korean startup, alleging that the two employees left to form a competing company ("Ironmace"), which they allege unlawfully used Nexon's trade secrets and infringed its copyrights to create Ironmace's flagship video game *Dark and Darker*.  Dkt. # 1.

The parties are already engaged in litigation over identical issues in Korea. Dkt. # 29 at pp. 9:9-10:6.  All of the witnesses with knowledge of Nexon's allegations both work and reside in Korea.  *Id*. at pp. 9.18:6-20:5.  All of the relevant documents are in Korea and are almost exclusively written in Korean.  *Id*. at p. 19:5-21.  The agreements underlying Nexon's claims

DEFENDANTS' MOTION FOR RELIEF FROM INITIAL DISCLOSURES DEADLINE AND FOR PROTECTIVE ORDER TO STAY DISCOVERY - 1
No. 2:23-CV-00576-TL

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

43223-00002/4872435.3

also contain broad mandatory choice of forum clauses, requiring resolution of disputes in Korea. *Id.* at p. 7:4-18.  As such, on June 22, 2023, Defendants filed a motion to dismiss (Dkt. # 27) seeking to have this case dismissed on *forum non conveniens* grounds.  On June 28, 2023, the Court issued its Order re Initial Disclosures, Joint Status Report, and Early Settlement (Dkt. # 37) setting forth deadlines for the Parties' Rule 26(f) conference, initial disclosures, and Rule 26(f) Joint Status Report.

### III.    AUTHORITY AND ARGUMENT

#### A.    Legal Standards

The Court has the power to stay or extend the deadline for initial disclosures if there is good cause to do so.  Fed. R. Civ. P. 6(b); LCR 7(j).  A pending motion to dismiss that could dispose of the entire action constitutes good cause.  *See e.g.*, *New World Med. Inc. v. Microsurgical Tech. Inc.*, No. 2:20-cv-01621-RAJ-BAT, 2021 U.S. Dist. LEXIS 20842, at *1 (W.D. Wash. Feb. 3, 2021) (holding good cause exists to extend initial disclosures deadline where the potential case could be dismissed; vacating initial disclosures deadline); *see also Petitt v. Altman*, No. C21-1366RSL, 2022 U.S. Dist. LEXIS 39675, at *3 (W.D. Wash. Mar. 7, 2022) (granting stay of initial disclosures deadline until resolution of pending motion to dismiss); *United States v. Nova Grp, Inc.*, No. 3:20-CV-05954-BHS-DWC, 2020 U.S. Dist. LEXIS 231607, at *3 (W.D. Wash. Dec. 9, 2020) (same); *Neal v. City of Bainbridge Island*, No. C20-6025RSL, 2021 U.S. Dist. LEXIS 98629, at *3 (W.D. Wash. May 25, 2021) (same).

Similarly, the Court has "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (granting stay of discovery where discovery could not have affected the defense at issue).  This includes entering protective orders to stay discovery under Rule 26(c). *Petitt*, at *1-2 (W.D. Wash. Mar. 7, 2022).  Such protective orders are appropriate to further the purpose of Rule 12(b)(6), which is "to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

DEFENDANTS' MOTION FOR RELIEF FROM INITIAL DISCLOSURES DEADLINE AND FOR PROTECTIVE ORDER TO STAY DISCOVERY - 2
No. 2:23-CV-00576-TL

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

43223-00002/4872435.3

Thus, "[a] district court may . . . stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief." *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002); *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981). Indeed, the U.S. Supreme Court has explained that plaintiffs are "not entitled to discovery, cabined or otherwise" if their complaint fails to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009). The Court therefore may "relieve a party of the burdens of discovery while a dispositive motion is pending." *Bosh v. United States*, No. C19-5616 BHS, 2019 U.S. Dist. LEXIS 190138, at *2 (W.D. Wash. Nov. 1, 2019) (citations omitted).

In considering whether to grant a motion to stay discovery pending resolution of a filed motion to dismiss, the Court should look to "(1) [whether] the pending motion would be potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought, and (2) [whether] the pending potentially dispositive motion can be decided without additional discovery." *Id.* The Court may also weigh "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected from a stay. *HUB Int'l NW, LLC v. Larson*, Case No. 2:22-cv-01418-TL, 2023 U.S. Dist. LEXIS 43849, *8 (W.D. Wash. March 15, 2023) (Lin, J.) (*citing Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)).

**B.   Good Cause Exists to Vacate or Stay the Initial Disclosures Deadline and to Stay Any Subsequent Discovery**

**1.   The Pending Motion to Dismiss is Dispositive of This Entire Action**

Defendants' FNC Motion raises a fundamentally legal issue: whether this case, solely involving Korean parties, alleging actions taking place solely in Korea, under Korean agreements with Korean choice of venue clauses, should be tried in this Court or in Korea, where multiple legal proceedings between the *same* parties regarding the *same* allegations are already well underway. Dkt.# 29.

DEFENDANTS' MOTION FOR RELIEF FROM INITIAL DISCLOSURES DEADLINE AND FOR PROTECTIVE ORDER TO STAY DISCOVERY - 3
No. 2:23-CV-00576-TL

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

43223-00002/4872435.3

It is well established that Defendants' FNC Motion falls into the category of cases in which the Court's decision is strictly legal and will conclusively and permanently resolve the case should it be granted.  *See, e.g.*, *SSI (U.S.), Inc. v. Ferry*, No. SACV 21-2073 JVS (PDx), 2021 U.S. Dist. LEXIS 201590, at *8-9 (C.D. Cal. May 25, 2021) (holding that pending motion to dismiss based upon, *inter alia*, *forum non conveniens* warranted stay of discovery pending resolution of the motion); *Melbostad v. City of Cascade, Idaho*, No. 2:14-cv-350-JAD-VCF, 2014 U.S. Dist. LEXIS 133584, at *4 (D. Nev. Sep. 23, 2014) (discovery stayed pending resolution of motion to dismiss on grounds of *forum non conveniens*: "typical situations in which staying discovery pending a ruling on a dispositive motion are appropriate would be where the dispositive motion raises issues of jurisdiction, venue, or immunity.").

The definitive nature of the relief sought by Defendants' FNC Motion distinguishes this case from others where the Court has declined to stay discovery.  In *HUB Int'l NW, LLC*, for instance, the Court declined to stay discovery pending a motion to dismiss where the subject motion did "not raise 'pure' legal questions of subject matter jurisdiction, immunity, and the like, but focuse[d] on whether sufficient facts were adequately alleged in the complaint to constitute plausible claims for relief." 2023 U.S. Dist. LEXIS 43849, at *8-9.  The Court held that under those circumstances, "the Court is not convinced, from a cursory glance at the Motion to Dismiss, that dismissal of Plaintiff's claims is inevitable."  *Id.*

Here, unlike the Motion in *HUB Int'l NW LLC*, Defendants' FNC Motion would not be subject to repleading, and would permanently and completely resolve this case in favor of the pre-existing case on identical issues already being litigated in Korea.  Thus, Defendants' pending FNC Motion is dispositive of this case in its entirety and supports staying discovery.

**2.    No Discovery is Necessary to Resolve Defendants' FNC Motion**

As Nexon already filed its opposition to Defendants' FNC Motion (Dkt. # 38) on July 10, 2023, it concedes that no additional discovery is required for resolution of the FNC Motion. *See, e.g.*, *Silbaugh v. Chao*, No. C17-1759RSM, 2018 U.S. Dist. LEXIS 85909, at *2 (W.D.

DEFENDANTS' MOTION FOR RELIEF FROM INITIAL
DISCLOSURES DEADLINE AND FOR PROTECTIVE
ORDER TO STAY DISCOVERY - 4
No. 2:23-CV-00576-TL

**G**REENBERG **G**LUSKER **F**IELDS
**C**LAMAN & **M**ACHTINGER **LLP**
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

43223-00002/4872435.3

Wash. May 22, 2018) (that plaintiff would not receive responses before opposition and had not sought continuance supported stay); *Petitt*, at *2-3 (W.D. Wash. Mar. 7, 2022) (motion to stay initial disclosures granted where motion was fully briefed and there was no showing of need for additional discovery).  Nor could Nexon make such an allegation.  As detailed in Defendants' FNC Motion, all of the parties to this lawsuit—Nexon, Ironmace, Choi, and Park—are already litigating an identical dispute in the Korean court system.  Dkt. # 29 at pp. 9:9-10:6.  Accordingly, the location of all relevant witnesses and documents is already known.  As set forth in the documents supporting the FNC Motion, all relevant witnesses reside and work in Korea.  *Id.* at pp. 18:6-19:21.  Similarly, all relevant documents are in Korea and are in Korean.  *Id.*  Simply put, Nexon already has access to all information it needs to address the issues in the FNC Motion.  As discussed below, since that information is almost exclusively in Korean, allowing discovery in this case would necessitate extensive translation work, constituting a substantial and undue burden.

**3.     Granting the Motion Will Not Result in Prejudice to Nexon, While Failing to Grant the Motion Will Result in Substantial Prejudice to Defendants**

Nexon's interest, if any, in conducting discovery and receiving initial disclosures before resolution of the Motion to Dismiss is insufficient to overcome the interests of judicial economy for several reasons.  *See Blackstone Int'l v. E2 Ltd.*, No. C20-1686-RSM, 2022 U.S. Dist. LEXIS 31095, at *4-5 (W.D. Wash. Feb. 22, 2022).

First, the Motion to Dismiss is noted for consideration tomorrow, July 14, 2023.  Dkt. #29.  Such a short delay in discovery cannot prejudice Nexon.  *See Williams v. Sampson*, 2017 U.S. Dist. LEXIS 55461, at *4 (W.D. Wash. Apr. 11, 2017) (granting motion to stay discovery and reasoning, in part, that "there will be a relatively short period of time until the Court rules" on the motion to dismiss).

Second, Nexon has not yet served any discovery, and indeed, cannot do so until after the parties complete their Rule 26(f) conference of counsel, which Nexon has not yet

DEFENDANTS' MOTION FOR RELIEF FROM INITIAL DISCLOSURES DEADLINE AND FOR PROTECTIVE ORDER TO STAY DISCOVERY - 5
No. 2:23-CV-00576-TL

**GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP**
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

43223-00002/4872435.3

scheduled.  Again, such a short stay, pending resolution of the FNC Motion, will not substantially interfere with the progression of this case.

Under the circumstances, there is no prejudice to Nexon in granting the requested relief.

## C. Requiring Initial Disclosures and Allowing Early Discovery to Proceed Will Unnecessarily Increase Costs as a Result of Required Translation Costs.

On the other hand, requiring the preparation of initial disclosures and allowing subsequent discovery to move forward would cause Defendants, a small independent video game company and two of its employees, to expend substantial resources.

Courts frequently consider the significant expense that discovery can impose to support granting a stay.  *See*, *e.g.*, *Davis v. Speer*, No. C10-5185 RJB/KLS, 2010 U.S. Dist. LEXIS 117073, at *2 (W.D. Wash. Nov. 3, 2010) ("the parties should not face the burden and expense of responding to discovery as to claims that may not survive the pleading stage."); *Silbaugh*, at *2 (W.D. Wash. May 22, 2018) (considering "discovery may be an unnecessary expense in this case" against alleged prejudice); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 559 (2007) ("the threat of discovery expense will push cost-conscious defendants to settle even anemic cases" and only through pleading standards can parties "hope to avoid the potentially enormous expense of discovery in cases with no reasonably founded hope that the [discovery] process will reveal relevant evidence") (internal quotations and citations omitted).  *See also Dillinger, L.L.C. v. Elec. Arts, Inc.*, 2010 U.S. Dist. LEXIS 139139, at *1-2 (S.D. Ind. May 11, 2010) (holding that "avoiding potentially unnecessary discovery costs" is in the interest of both parties and noting that "—if the motion to dismiss succeeds, then all discovery costs would have been unnecessary.").

This is particularly true where there are unique reasons why discovery will be costly or burdensome.  *See*, *e.g.*, *Diminico v. GEICO Cas. Co.*, No. 2:22-cv-01041-RFB-BNW, 2022 U.S. Dist. LEXIS 207752, at *11-12 (D. Nev. Nov. 16, 2022) (granting motion to stay upon showing that discovery would be "expensive and burdensome" because it "will delve into claims-handling for this case and for other, unrelated cases."); *Cal. Crane Sch., Inc. v. Google*

DEFENDANTS' MOTION FOR RELIEF FROM INITIAL
DISCLOSURES DEADLINE AND FOR PROTECTIVE
ORDER TO STAY DISCOVERY - 6
No. 2:23-CV-00576-TL

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

43223-00002/4872435.3

*LLC*, No. 21-cv-10001-HSG, 2022 U.S. Dist. LEXIS 77442, at *4 (N.D. Cal. Apr. 28, 2022) (granting motion where discovery would be particularly burdensome given need to depose CEOs and senior executives); *In re Lithium Ion Batteries Antitrust Litig.*, Nos. 13-MD-02420 YGR, 2420, 2013 U.S. Dist. LEXIS 72868, at *31-32 (N.D. Cal. May 21, 2013) (stay warranted where cost of responding to discovery may exceed $250,000).

The burden on Defendants here is particularly substantial, where the discovery will be uniquely cumbersome and expensive. As set forth in Defendants' FNC Motion, "[g]iven that the parties in the Korean proceedings have already produced thousands of pages of exhibits, the cost of translating all of the documents in this case could easily exceed hundreds of thousands of dollars, if not much more." Dkt. # 29 at p. 15:12-14. As none of Defendants' U.S. legal team speaks Korean, translation of documents would be necessary to prepare initial disclosures and any subsequent responses to requests for production, interrogatories, and requests for admissions. As all of the witnesses reside in Korea, costs associated with the depositions, and their translations, would be substantial. *Id.* at p. 15:5-10.

As in *Diminico, Google,* and *Lithium,* the unique burdens and expenses of this case counsel against requiring Defendants (a small company and its two employees, with limited resources) to incur substantial translation and discovery costs, while Defendants' FNC Motion is pending. To do so would not serve the interests of justice. Accordingly, Defendants respectfully request that the Court vacate or stay the initial disclosures deadline and stay any subsequent discovery until after resolution of Defendants' FNC Motion.

## IV.   CONCLUSION

Good cause exists here to vacate or stay the deadline for initial disclosures and to stay any subsequent discovery pending resolution of Defendants' FNC Motion. That motion will be fully briefed by tomorrow, July 14, 2023, concerns only issues of law, and if granted, would dispose of this entire action in full. No discovery is needed for determination of the FNC Motion. Nexon will not be prejudiced by the short stay. On the other hand, if the stay were not granted, Defendants will face significant, unique, and potentially unnecessary costs.

DEFENDANTS' MOTION FOR RELIEF FROM INITIAL DISCLOSURES DEADLINE AND FOR PROTECTIVE ORDER TO STAY DISCOVERY - 7
No. 2:23-CV-00576-TL

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

43223-00002/4872435.3

Accordingly, Defendants respectfully ask the Court to vacate or stay the initial disclosures deadline and to issue a protective order staying any subsequent discovery until after resolution of the pending FNC Motion.

DATED: July 13, 2023

**SAVITT BRUCE & WILLEY LLP**

By   *s/Michael E Chait*
Michael E Chait, WSBA #48842
Chris J. Lindemeier, WSBA #55515
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
Telephone: 206.749.0500
Facsimile: 206.749.0600
Email: mchait@sbwLLP.com
Email: clindemeier@sbwLLP.com

**GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP**

Aaron J. Moss (*pro hac vice*)
Joshua M. Geller (*pro hac vice*)
Emily G. Avazian (*pro hac vice*)
2049 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone: 310.553.3610
Facsimile: 310.553.0687
Email: amoss@ggfirm.com
Email: jgeller@ggfirm.com
Email: eavazian@ggfirm.com

*Attorneys for Defendants*

*I certify that the foregoing contains 2,531 words, in compliance with the Local Civil Rules.*

DEFENDANTS' MOTION FOR RELIEF FROM INITIAL DISCLOSURES DEADLINE AND FOR PROTECTIVE ORDER TO STAY DISCOVERY - 8
No. 2:23-CV-00576-TL

**GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP**
2049 Century Park East, Suite 2600
Los Angeles, California 90067
(310) 553-3610

43223-00002/4872435.3

# CERTIFICATION OF CONFERRAL

On June 30, 2023, counsel for Defendants sent counsel for Nexon an email asking whether Nexon would agree to a stay of initial disclosures and other related deadlines pending resolution of the FNC Motion. The parties met and conferred on July 11, 2023 but were unable to agree to a stipulation that would avoid this motion.

DATED: July 13, 2023

**SAVITT BRUCE & WILLEY LLP**

By    *s/Michael E Chait*
Michael E Chait, WSBA #48842
Chris J. Lindemeier, WSBA #55515
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
Telephone: 206.749.0500
Facsimile:  206.749.0600
Email:  mchait@sbwLLP.com
Email:  clindemeier@sbwLLP.com

**GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP**

Aaron J. Moss (*pro hac vice*)
Joshua M. Geller (*pro hac vice*)
Emily G. Avazian (*pro hac vice*)
2049 Century Park East, Suite 2600
Los Angeles, California  90067
Telephone: 310.553.3610
Facsimile:  310.553.0687
Email:  amoss@ggfirm.com
Email:  jgeller@ggfirm.com
Email:  eavazian@ggfirm.com

DEFENDANTS' MOTION FOR RELIEF FROM INITIAL DISCLOSURES DEADLINE AND FOR PROTECTIVE ORDER TO STAY DISCOVERY - i
No. 2:23-CV-00576-TL

**GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP**
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

43223-00002/4872435.3

# CERTIFICATE OF SERVICE

I hereby declare under penalty of perjury under the laws of the United States of America that on this date, the foregoing document was filed electronically with the Court and thus served simultaneously upon all counsel of record.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on July 13, 2023.

_____
Rondi A. Greer

CERTIFICATE OF SERVICE
No. 2:23-CV-00576-TL

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

43223-00002/4872435.3