The Honorable Tana Lin

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

NEXON KOREA CORPORATION,
a Korean Corporation,

Plaintiff,

v.

IRONMACE CO., LTD., a Korean
Corporation; JU-HYUN CHOI, individually;
and TERENCE SEUNGHA PARK,
individually,

Defendants.

Case No. 2:23-cv-00576-TL

**SUPPLEMENTAL DECLARATION OF
EUNG JUN JEON**

SUPPLEMENTAL DECLARATION OF EUNG JUN JEON
PARK No. 2:23-CV-00576-TL
43223-00002/4877007.1

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067
(310) 553-3610

1   **SUPPLEMENTAL DECLARATION OF EUNG JUN JEON**

2   I, Eung Jun Jeon, hereby declare as follows:

3   **INTRODUCTION**

4   1.      I am an attorney duly licensed to practice law in the Republic of Korea ("Korea")

5   and a partner with the law firm of LIN.  I submitted a declaration in support of the Motion to

6   Dismiss for Forum Non Conveniens filed by Ironmace, Choi, and Park (collectively,

7   "Defendants") in the above-captioned lawsuit (the "U.S. Litigation").  I am now submitting this

8   supplemental declaration to address certain arguments raised by Nexon Korea Corporation

9   ("Nexon") in its opposition to that motion.  The facts stated herein are known to me personally,

10   and if called as a witness, I could and would testify competently thereto.

11   **THE LOCATION OF THE LAWSUITS FILED BY THE PARTIES IN KOREA**

12   2.      On March 31, 2023, Ironmace filed a lawsuit against Nexon in the Suwon District

13   Court for prohibition of business interference and confirmation of copyright non-infringement

14   (Suwon District Court 2023GaHap13599). Under the provisions of the Korean Civil Procedure

15   Act (hereinafter "KCPA"), Ironmace was permitted to file the above claims with the Suwon

16   District Court or its subordinate court, Seongnam Branch of the Suwon District Court (Article

17   24(1) of the KCPA) because the Seongnam Branch is the local court where Nexon's

18   headquarters are located, and the Suwon District Court is a court specially recognized as having

19   jurisdiction under the KCPA.

20   3.      On April 10, 2023, Ironmace applied for a preliminary injunction in that same

21   Court.

22   4.      On April 14, 2023, Nexon filed an application for a preliminary against Ironmace,

23   Choi, and Park to prohibit infringement of trade secrets and copyrights in the Suwon District

24   Court (Suwon District Court 2023GaHap10129).

25   5.      In the above-described litigation in the Suwon District Court, Defendants have not

26   taken any position regarding whether the Seoul District Court is a proper venue for litigation of

SUPPLEMENTAL DECLARATION OF EUNG JUN JEON - 1
No. 2:23-CV-00576-TL

43223-00002/4877007.1

**GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP**
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

1  Nexon's claims for copyright infringement and trade secret misappropriation against Defendants.

2  Nexon has not attempted to file any claims in the Seoul Central District Court, and Defendants

3  would not object to the jurisdiction of the Seoul Central District Court if Nexon did so.

4        6.      On August 20, 2021, one (1) year after Choi's dismissal from Nexon, Nexon did

5  file a lawsuit against Choi in the Seoul Central District Court (Seoul Central District Court2021

6  GaHap560970), claiming that he infringed on Nexon's trade secrets. It can be understood that

7  Nexon filed the lawsuit based on the provisions of the "Acknowledgment about Company IP"

8  and "Annual Salary Agreement" signed while Choi was still employed by Nexon, by

9  determining that the Seoul Central District Court has exclusive jurisdiction over the case. Nexon

10  also entered into '"Acknowledgment about Company IP" with Park, which provides for the

11  exclusive jurisdiction of the Seoul Central District Court (Clause 2, Article 5 of the

12  Acknowledgment).

13  **DEFENDANTS HAVE PRODUCED DOCUMENTS EVIDENCING THE CREATION OF**

14  ***DARK AND DARKER***

15        7.      Ironmace did not conceal any evidence regarding Dark and Darker and its

16  creation in the Korean proceedings. Nexon's allegations to this effect in its Opposition are

17  untrue. If Ironmace were to conceal such evidence in reliance on the KCPA, the Korean court

18  would consider these circumstances when making factual determinations and render a judgment

19  against Ironmace in any way.

20        8.      The Korean Civil Procedure Act requires the applicant to make a request for

21  evidence to the court. If the court finds that the request is valid, it will issue a decision ordering

22  the production of such requested evidence. However, Nexon has not filed any requests for

23  evidence with the court in the pending injunction proceedings in Korean court. Under the KCPA,

24  a party may request the production of evidence from another party by motion to the court. Nexon

25  has not requested documents through this procedure. On the last day of the preliminary

26  injunction trial, Nexon instead requested that the court close the preliminary injunction trial,

1  arguing that the evidence submitted by Nexon alone proved Nexon's claims. In other words,

2  Nexon took the position that it was not necessary to make an evidentiary request to decide the

3  Korean preliminary injunction case.

4       9.     Nexon argues that the Suwon District Court did not hear any testimony and did

5  not allow it to cross-examine witnesses. However, a party's motion is required for the court to

6  hear testimony and cross-examine witnesses, and Nexon did not make such a motion to the court.

7       10.    Nexon also argues that the source code could not have been reviewed by the

8  Suwon District Court because Ironmace did not submit the source code to that court. Regarding

9  such a claim, the following circumstances should be considered. First, the dispute in this case is

10  not a case that involves the copyright of a computer program. Nexon is only claiming copyright

11  infringement of the overall nature of the "game" itself, not the source code of the game program.

12  If Nexon had claimed copyright infringement of computer program source code, Ironmace would

13  have submitted the source code and requested an expert examination to compare Nexon's source

14  code with Ironmace's source code. However, Nexon was not willing to produce its own source

15  code and did not allege any copyright infringement of source code in its motion for a preliminary

16  injunction. Second, Nexon did not submit its source code to the court for comparison. There is

17  no point in Ironmace submitting its source code to the court if Nexon is not submitting its own

18  source code (for P3 Game) to the court.

19       11.    Ironmace will submit additional documents regarding the development of Dark

20  and Darker to the Suwon District Court. The Suwon District Court ordered the parties to submit

21  the necessary evidence by July 19, 2023, and Ironmace is preparing the necessary evidence

22  accordingly. In light of these circumstances, Nexon's assertion that Ironmace has not produced

23  any Dark & Darker-related development documents is completely misleading.

24  **EVIDENCE SUBMISSION PROCEDURE AND RIGHTSHOLDER PROTECTION**

25  **UNDER KOREAN LAW**

26

12.     The KCPA provides various court procedures to ensure the parties' right to collect evidence including: Application for witnesses (Article 308 of the KCPA), appraisal (Article 333 of the KCPA), verification (Article 364 of the KCPA), interrogatories (Article 367 of the KCPA), request for documents (Article 352 of the KCPA), preservation of evidence (Article 375 of the KCPA), application for an order to produce documents (Article 345 of the KCPA), order to produce financial transaction information, etc. I would like to explain Nexon's conduct with regard to the court procedures recognized under the KCPA in the application for preliminary injunction case filed in Suwon District Court and the main lawsuit filed in Seoul Central District Court as follows.

13.     Pre-suit evidence preservation: A party may apply to the court for evidence preservation (Article 375 of the KCPA) even before filing a civil lawsuit to quickly secure necessary evidence. Although it is possible to apply to the court for evidence preservation before or during the filing of a lawsuit for evidence that must be secured on an urgent basis, Nexon has not utilized the evidence preservation procedure.

14.     Application for a document production order under the KCPA: The KCPA provides for a document production order system (Article 345 of the KCPA) under which the court may order a party to produce a document in its possession upon application by the other party. Furthermore, if the other party fails to produce the documents despite the court's order, the court may recognize the applicant's claim regarding the content of documents as true (Article 349 of the KCPA). Nexon has not filed an application for a document production order.

15.     Application for appraisal under the KCPA: The appraisal procedure under the KCPA allows a third-party expert to compare the parties' source code and determine whether it is similar (Article 333 of the KCPA). However, during the three (3) hearings for the preliminary injunction case, Nexon has never made an explicit request for examination of evidence (such as an application for appraisal) regarding whether the source code of the P3 Game and the Dark and

1   Darker Game are substantially similar, the characteristics of the source code, etc.  Nexon has not

2   filed an application for an appraisal.

3       16.     Application for submission of materials under the Unfair Competition Prevention

4   and Trade Secrets Protection Act (hereinafter "UCPA"): The UCPA, which applies to the

5   preliminary injunction in this case, has a provision for submission of materials (Article 14-3 of

6   the UCPA). This provision was introduced in consideration of the difficulty in calculating

7   damages for trade secret infringement cases, and states that "the court may, upon the request of

8   either party, order the other party to submit materials necessary for the assessment of damages

9   caused by the infringement." Thus, a party to the suit may file an application for a substantial

10  range of documents necessary for the "calculation of damages."  To date, Nexon has not filed

11  such an application in the main lawsuit before the Seoul Central District Court.

12      17.     Sanctions for refusal to produce documents: If the other party fails to produce

13  documents despite a court order to do so, the court may recognize the applicant's claim regarding

14  the content of documents as true (Article 349 of the KCPA). In addition, if a party destroys a

15  document that it is obligated to produce or makes it unavailable for the purpose of preventing the

16  other party from using it, the court may recognize the other party's assertions about the contents

17  of the document as true (Article 350 of the KCPA). However, even if a requested document was

18  destroyed, if it is recognized that there is a possibility that the destroyed part of the document

19  contains content that is contrary to the residual part and thus it is impossible to be certain that the

20  purpose of the document as a whole is in accordance with the claim of the party submitting the

21  document, the resulting disadvantage shall be attributed to the party who submitted the destroyed

22  document (The Korean Supreme Court Decision 2014Da81542, rendered on November 17,

23  2015).

24      18.     Request for Forwarding of Document: The KCPA has a document forwarding

25  procedure that allows a court to request an investigative agency to forward documents in the

26  agency's possession to the court (Article 352 of the KCPA). Nexon has filed criminal charges

SUPPLEMENTAL DECLARATION OF EUNG JUN JEON - **5**
No. 2:23-CV-00576-TL
43223-00002/4877007.1

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER  LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

1   against Choi and Ironmace, and the Korean law enforcement (investigative) agency has obtained

2   a large number of documents and information through two searches and seizures of Ironmace,

3   Choi, and Park. Under such circumstances, Nexon could have requested the court to order the

4   production of these documents, but it did not do so.

5       19.     Investigative agency's obligation to cooperate: The KCPA stipulates that a person

6   who has been entrusted with forwarding documents from the court must cooperate unless

7   justifiable reasons exist (Article 352-2 of the KCPA).  Accordingly, investigative agencies

8   actively cooperate with such requests from the court and send relevant documents to the court

9   unless there are other justifiable grounds (i.e., documents related to a juvenile case or an

10  individual's privacy).

11      20.     Requesting an information provision order under the Copyright Act: The

12  Copyright Act has established provisions for the provision of information that are intended to

13  have a similar effect to the discovery procedure under Rule 26(b) of the U.S. Federal Rules of

14  Civil Procedure. That is, the Act stipulates as follows: "Where deemed necessary for collecting

15  evidence upon request of the party concerned in a lawsuit against the infringement of copyright

16  or other rights protected pursuant to this Act, the court may order the other party concerned to

17  provide the following information that he or she holds or knows" (Article 129-2(1) of the

18  Copyright Act). This Article is a special provision in relation to the document production orders

19  under the KCPA – specifying the scope of document production and establishing sanctions for

20  violation of the production order. Here, the scope of the 'information' is very broad as it refers

21  to: (1) Information capable of identifying the act of infringement or a party related to the

22  production and distribution of illegal copies; and/or (2) Information on the routes of production

23  and distribution of illegal copies (however, the other party concerned may refuse to provide

24  information regarding certain categories of information, such as trade secrets or information

25  related to the protection of privacy). Nexon could have actively utilized the provisions of Article

26

SUPPLEMENTAL DECLARATION OF EUNG JUN JEON - **6**
No. 2:23-CV-00576-TL
43223-00002/4877007.1

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

1   129-2 of the Copyright Act in a case seeking a preliminary injunction against Ironmace for

2   copyright infringement, but it did not do so.

3       21.     The UCPA (Article 14-2 of the UCPA) and the Copyright Act (Articles 125, 125-

4   2, and 126 of the Copyright Act) provide strong protection for rights holders by having various

5   damages estimation provisions that allow plaintiffs to estimate their damages even in cases

6   where they cannot prove actual damages. The UCPA also provides greater protection for trade

7   secret holders by allowing courts to increase damages up to three (3) times the actual damages

8   for willful infringement of trade secrets (Article 14-2(6) of the UCPA).

9       **THE NECESSITY FOR THIS CASE TO BE HEARD IN THE KOREAN COURT**

10      22.     In the ongoing preliminary injunction proceedings in South Korea, Nexon

11  submitted the declarations of Kyung Han Jang, In Gu Kim, Woo Sik Jung, Jung Hyun Choi, and

12  Hyun Sung Kim, and Ironmace submitted the declarations of Sung Wook Hyun, Tae Woong

13  Lee, Yu Sung Noh, Woo Min Yang, Jae Hee Kim, and Jin Ho Lee, all of which were written in

14  Korean. If the case proceeds to trial, both parties will likely produce a lot of evidence from

15  witnesses, all of whom are South Koreans living in Korea. Litigating the suit in the U.S. while all

16  of the witnesses are located in Korea would significantly delay the court procedures.

17  Furthermore, most of the physical evidence that the parties may produce is located in Korea,

18  which makes it easier for the Korean courts to examine the evidence.

19      23.     Nexon did not fully utilize the evidence examination procedure guaranteed by

20  Korean law in the main lawsuit filed on August 20, 2021 (Seoul Central District Court

21  2021GaHap560970), as well as in the preliminary injunction case filed in Suwon District Court

22  (Suwon District Court 2023GaHap 10129). This demonstrates that there was no necessity for

23  Nexon to utilize the U.S. discovery procedure in this case.

24      24.     Nexon argued that the activities of Ironmace, Choi, and Park for the development

25  of Dark and Darker game were sufficiently recognized as trade secret infringement, copyright

26  infringement, and unfair competition only with the evidence and documents submitted in the

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

application for the preliminary injunction, and requested the preliminary injunction case to be closed without filing any request for evidence, which is guaranteed by Korean law.

25.     This dispute occurred in Korea, and it is appropriate for this dispute to proceed in Korean court given that human witnesses and physical evidence exist in Korea and an investigation is being conducted through criminal procedures

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

EXECUTED at  Seoul, Korea , this 14 day of July, 2023

_____

Eung Jun Jeon

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

## **CERTIFICATE OF SERVICE**

I hereby declare under penalty of perjury under the laws of the United States of America that on this date, the foregoing document was filed electronically with the Court and thus served simultaneously upon all counsel of record.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on July 14, 2023.

_____

Kristine Nicolas

CERTIFICATE OF SERVICE
No. 2:23-CV-00576-TL

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

43223-00002/4877007.1