1

2

3

4

5

6

The Honorable Tana Lin

7

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

8

NEXON KOREA CORPORATION,
a Korean Corporation,

Plaintiff,

v.

IRONMACE CO., LTD., a Korean
Corporation; JU-HYUN CHOI, individually;
and TERENCE SEUNGHA PARK,
individually,

Defendants.

Case No. 2:23-cv-00576-TL

**DECLARATION OF GYOOHOO LEE**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## DECLARATION OF GYOOHOO LEE

I, Gyooho Lee, hereby declare as follows:

**I.**   **Introduction**

1.     I am submitting this declaration in response to Nexon's Opposition to the Motion to Dismiss for Forum Non Conveniens filed in the above-captioned action.  The facts stated herein are known to me personally, and if called as a witness, I could and would testify competently thereto.

**A.**   **Educational Background**

2.     I am a tenured professor of law at Chung-Ang University School of Law in Seoul, Republic of Korea. I am a classic jurist in the civil law tradition, i.e., a scholar, teacher, and law reformer. I hold an LLB and LLM from Yonsei University College of Law in Seoul, and an LLM in comparative Asian law from the University of Washington School of Law in Seattle, WA, and a JSD (Doctor of Juridical Science) in comparative civil procedure and law and economics from Washington University School of Law in St. Louis, MO. My dissertation was a comparison of American and Korean civil procedure from an economic point of view. My academic supervisor for my JSD dissertation was Professor Charles R. McManis, who specialized in intellectual property law. I was a visiting researcher at Georgetown University Law Center from September 1994 to August 1995 and a visiting scholar at Washington University School of Law in 2014.

**B.**   **Professional Background (including committee membership, relevant published articles, etc.)**

3.     I lead various organizations for intellectual property law, private international law, civil procedure, and cultural property law in Korea. I have participated in several commissions reviewing and reforming Korean civil justice and intellectual property law. Also, I am the author of several books including Copyright Law-Cases and Explanations (6th ed. 2017), Understanding Intellectual Properties (1st ed. 2020), Unfair Competition Law (4th ed., 2020), Trademark Law

DECLARATION OF GYOOHOO LEE - 1
No. 2:23-CV-00576-TL
43223-00002/4877372.3

**GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP**
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

1  (2nd ed. 2018), Patent Law-Cases and Explanations (4th ed. 2017), Teaching Intellectual Property

2  Law (2013), Failures of American Civil Justice in International Perspective (co-authored with

3  James R. Maxeiner and Armin Weber and published by Cambridge University Press)(2011),

4  Recent Issues in Entertainment Law-Focused on Theories and Practices in Korea and Japan (co-

5  authored with Kimihito Kato, Esq., Tomoyuki Kataoka, Esq., and Zung Hyuk Hur)(2011).

6  Furthermore, I have written numerous Korean or English articles and book chapters related to

7  intellectual property law as attached to my declaration as **Exhibit A**. In addition, I have taught

8  several classes at the WIPO summer school in Daejeon, South Korea since 2018 and an intensive

9  unfair competition law class for KIPO officials from July 30 to August 1, 2019.

10        4.    Now, as far as my works related to governmental activities are concerned, I am a

11  member of the Korea Copyright Commission and the Expert Committee for Emerging IP at

12  Presidential Council on Intellectual Property. Also, I am serving as a copyright appraisal expert

13  for the Korea Copyright Commission.

14        5.    I have served as the editor-in-chief of the Korean Yearbook of International Law

15  (from February 2022 to January 2024) and Culture, Media, and Entertainment Law (From 2007

16  to present). I am a member of AIPPI Standing Committee for Geographical Indications and a

17  member of Association of Critical Heritage Studies ICH Network Committee, and an individual

18  member of American Society of Comparative Law and an associate member of the International

19  Academy of Comparative Law. Also, I am serving as the President of the Association of

20  Contents Property for Next Generation, and the President of the International Cultural Heritage

21  Law Association, and Vice President of Korean Computer Game Law Association and of Korea

22  Private International Law Association. In addition, I am an arbitrator and mediator of the WIPO

23  arbitration and mediation center, an arbitrator of KCAB (The Korean Commercial Arbitration

24  Board), a member of SME Mediation and Arbitration Committee, a mediator of Seoul Central

25  District Court, and the Director of the Institute for Culture, Media, and Entertainment Law at

26  Chung-Ang University and the Director of the Korean Institute of Information and Media Law. I

had served as a member of the International Law Association's Committee on Intellectual Property and Private International Law, a member of the International Law Association's Committee on Participation in Global Cultural Heritage Governance, and a Co-president of the Korean Association of Informedia Law.

6.      For my great contributions to public service, I have won official commendations from the Ministry of Culture, Sports and Tourism of Korea in 2011, from Small and Medium Business Administration of Korea (Currently "Ministry of SMEs and Startups") in 2014 and from the Prime Minister of Korea in 2014. Also, I won a research excellence award from Chung-Ang University in 2015, and became a listee of Marquis Who's Who in the World in 2016 and 2018 and of 2000 Intellectuals of the 21st Century selected by IBC in 2016. In addition, I won Chung-Ang University Human Rights Award for 2019.

7.      My full curriculum vitae is attached to my declaration as **Exhibit A**.

8.      I, Gyooho Lee, was requested by the Law Firm Lin to provide an explanation of Korean law on the trade secret misappropriation claim and the copyright infringement claim of Nexon Korea Corporation against Ironmace Co., Ltd, Ju-hyun Choi and Terence Seungha Park (collectively, "Defendants") in the case currently pending before the United States Western District of Washington ("U.S. Litigation"). With respect to such request, I hereby provide my opinion as shown below after reviewing relevant materials related to the U.S. Litigation.

## II.      Whether the forum selection clauses in the Acknowledgment about Company IP and the Employment Agreement entered into between Nexon and Choi, and Nexon and Park, constitute an agreement to submit to international jurisdiction

9.      The "Acknowledgment about Company IP" effective April 13, 2018, between Nexon and Park and the "Acknowledgment about Company IP" effective April 13, 2018, between Nexon and Choi stipulate that: (1) employee inventions (including trade secrets[1]) are

---

[1] Clause 1 of Article 3 of the Acknowledgment provides that "the right to register such employee inventions as intellectual property rights in Korea or abroad shall be deemed to automatically pass to 'Gap' (Nexon Korea) upon

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

1  automatically transferred to Nexon Korea Corporation and (2) the copyright of the work for hire

2  (Clause 3 of Article 3) shall be originally vested in Nexon Korea Corporation. Therefore, the

3  above Acknowledgments should be considered as a part of the full employment contracts

4  between the parties to prevent intellectual property disputes related to the employment

5  relationship.

6       10.     The "Employment Agreement" entered between Nexon and Choi on January 1,

7  2021, identifies Choi as an employee. Therefore, the Employment Agreement constitutes an

8  employment contract.

9       **1.**     **Whether the forum selection clauses in the Employment Agreement**

10            **(including provisions on trade secret infringement after resignation) between**

11            **Nexon and Choi, and between Nexon and Park, constitute an agreement to**

12            **submit to international jurisdiction**

13       11.     In addition to the salary, the Employment Agreement between Nexon and Choi

14  stipulates the obligation to comply with trade secrets, the prohibition of importing and exporting

15  trade secrets, the obligation not to engage in the same or similar business that may infringe on

16  trade secrets for one (1) year after retirement, and the assumption of all civil and criminal

17  liability in the event of trade secret infringement (Article 5). In light of the above, the term

18  "relating to this agreement" under the forum selection clause (Clause 4 of Article 7) of the

19  Employment Agreement can only be interpreted with a broad scope. Clause 1 of Article 5 of the

20  Employment Agreement stipulates that the employee shall not disclose the Company's

21  confidential information acquired during employment to any third party, not only during

22  employment but also after retirement. Under the premise that Nexon's game can be leaked or

23  exported to foreign countries in the future (for any reason), a legal relation with foreign elements

24  may be formed at any time in the dispute related to this Employment Agreement. Therefore, this

25  

26  the invention of such employee invention". Therefore, it can be seen that the employee invention includes trade
secrets.

**GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP**
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

1  provision should be viewed as establishing not only the agreement on territorial jurisdiction, but

2  also the agreement on international jurisdiction.

3       12.     Thus, in relation to this U.S. Litigation, the forum selection clause in Clause 4 of

4  Article 7 of the Employment Agreement cannot be viewed solely as a stipulation to submit to

5  territorial jurisdiction, but rather as a valid stipulation by the parties to submit to international

6  jurisdiction as well, specifically in accordance with Article 28(5)(2) of the former KPIL

7  (currently Article 43(3)(2) of the KPIL). **Therefore, the forum selection clause in the**

8  **Employment Agreement entered into between Nexon and Choi, and between Nexon and**

9  **Park, should be considered as a valid agreement on international jurisdiction. In other**

10 **words, pursuant to Article 28(5)(2) of the former KPIL (currently Article 43(3)(2) of the**

11 **KPIL), Nexon must file a lawsuit related to the employment contracts (including issues**

12 **regarding trade secret infringement after resignation) against Choi and Park at the Korean**

13 **Court.**

14      **2.**     **Whether Forum selection clause (Clause 2 of Article 5) of the**

15              **Acknowledgment about Company IP entered into between Nexon and Choi,**

16              **and between Nexon and Park, constitutes an agreement on international**

17              **jurisdiction**

18      13.     The forum selection clause (Clause 2 of Article 5) of the Acknowledgment about

19 Company IP, a part of the full employment contracts executed between Nexon and Choi, and

20 between Nexon and Park, provides that: "In the event of a dispute relating to this agreement that

21 cannot be resolved by consultation between the parties, any disputes relating to the agreement

22 shall be submitted to the exclusive jurisdiction of the Seoul Central District Court as the court of

23 the first instance." The same principles discussed above apply to this clause.

24      14.     **In light of the above, the forum selection clause (Clause 2 of Article 5) of the**

25 **Acknowledgment about Company IP constitutes the parties' exclusive agreement on**

26 **international jurisdiction. Furthermore, based on the provisions of Article 28 of the former**

DECLARATION OF GYOOHO LEE - 5
No. 2:23-CV-00576-TL
43223-00002/4877372.3

**GREENBERG GLUSKER FIELDS**
**CLAMAN & MACHTINGER LLP**
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

**KPIL (currently Article 43 of the KPIL), this exclusive agreement on international jurisdiction aligns with the protection afforded to employees and is, therefore, a valid agreement[2].**

### III.   International Jurisdiction for the Dispute Between Nexon and Ironmace

15.   The corporate representative of Ironmace is Park. Thus, an issue may arise regarding whether the forum for Nexon's lawsuits against Ironmace, for (1) trade secret misappropriation and (2) copyright infringement, should be understood as the appropriate form for (1) torts and (2) intellectual property infringement, respectively. However, **as evidenced by the fact that Nexon filed against Ironmace, together with Choi and Park, in the United States District Court for the Western District of Washington in relation to the claims for trade secret misappropriation and copyright infringement, it can be sufficiently understood that the entirety of this dispute relates to Nexon's employment contracts with Choi and Park (i.e., disputes over work for hire, employee inventions, etc.),** For the sake of resolving the overall disputes, it would be reasonable to deem the lawsuit against Ironmace as a dispute related to the employment contracts of Choi and Park. Accordingly, it should be reasonably construed that the dispute between Nexon and Ironmace also falls under the term "relating to" in the Employment Agreement (entered into between Nexon and Choi) and the Acknowledgment about Company IP (entered into between Nexon and Park). Further, under the standard

---

[2] In line with such legal principle, in Korean Supreme Court Decision 2017Da219232, rendered on April 13, 2017, the Korean Supreme Court ruled as follows: "The parties of the contract may agree on the international jurisdiction in writing: *Provided*, That such agreement shall be effective only in any of the following subparagraphs: (1) In case a dispute already occurred; and/or (2) In case filing a lawsuit with other courts in addition to the competent court under this Article is permitted to the consumer. This allows consumers to reach an agreement on international jurisdiction after a dispute has specifically occurred, in a state where they accurately understand the meaning or outcome of such disputes. Prior to that, only supplementary agreements on jurisdiction that are favorable to consumers were allowed. The above provision aims to limit the effectiveness of an agreement on jurisdiction so that the protection for consumers under the former KPIL is not easily deprived by an agreement on jurisdiction between the parties. Therefore, even if the parties have reached an agreement on international jurisdiction, such an agreement is not valid for consumer contracts if (1) it was made before the dispute specifically occurred and (2) it falls under the agreement on exclusive jurisdiction rather than an agreement on supplementary jurisdiction. Thus, notwithstanding such a jurisdictional agreement, the consumer may bring an action against the other party in the courts of its place of habitual residence pursuant to Article 27(4) of the former KPIL.

DECLARATION OF GYOOHO LEE - 6
No. 2:23-CV-00576-TL
43223-00002/4877372.3

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

1  arbitration clauses of the Korean Commercial Arbitration Institute, the Korean term "본 계약과
2  관련하여" is translated as "in relation to this agreement (or contract)".[3]

3      16.    In particular, when discussing the substantial similarity and evidence of copying
4  between Nexon's work for hire, "P3 Game," and Ironmace's "Dark and Darker," it would be
5  inevitable to consider Park and Choi's works during their employment at Nexon. In light of the
6  above, it would be more than appropriate for the Korean court (Defendants' habitual residence
7  and place of service), which has international jurisdiction under the employment contract, to
8  have jurisdiction over the dispute between Nexon and Ironmace in the U.S. litigation.

9  **IV.**    **Interpretation of the Korean term "본 계약과 관련하여" in Clause 2 of Article 5 of the**
10  **Acknowledgment about Company IP and Clause 4 of Article 7 of the Employment**
11  **Agreement**

12      17.    The proper translation of the Korean term "본 계약과 관련하여" in the forum
13  selection clause under the Acknowledgment about Company IP and the Employment Agreement
14  is that it covers all disputes "relating to" the contracts. Unlike what Nexon argues, "arising under"
15  would not be a proper translation for the Korean term. The forum selection clauses apply to
16  international jurisdiction as well as territorial jurisdiction, thereby governing the trade secret
17  misappropriation claim and the copyright infringement claim sought by Nexon before the United
18  States Western District Court of Washington. The clauses, as written, have a broad scope and
19  encompass the parties' conducts after termination of the contracts, including any disputes
20  "relating to" the contract. Such disputes would include claims for copyright infringement and
21  misappropriation of trade secrets in relation to former employees, such as Choi and Park. Further,
22  Korean courts would consider the claims against Ironmace to be subject to the forum selection
23  clause since such claims relate to the conduct of Choi and Park.

24  **V.**    **Whether a foreign court can have international jurisdiction over an international**
25  **case even if there is an exclusive jurisdiction agreement with a domestic court, in**

---

26  [3] http://www.kcab.or.kr/html/kcab_kor/intervention/intervention2_2.jsp <last visit on July 11, 2023>.

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067
(310) 553-3610

1 **accordance with the Korean Supreme Court's Decision 2006Da68209, rendered on**

2 **March 13, 2008**

3        18.      The Korean Supreme Court, in its **Decision 2006Da68209, rendered on March**

4 **13, 2008**, held as follows: "If the parties agree to submit to the jurisdiction of one of several

5 courts of competent jurisdiction, such an agreement may be construed as an agreement to submit

6 to exclusive jurisdiction in the country in which the agreement is executed in anticipation of a

7 trial in that country. However, unless there are special circumstances, it cannot be regarded as an

8 agreement to completely exclude the jurisdiction of other countries or to determine exclusive

9 jurisdiction in other countries. Therefore, when a legal relationship involves foreign elements

10 such as the transfer of claims, the jurisdiction of another country may be established. In such

11 cases, the provisions of the agreement may not apply, and the competent court will be

12 determined according to the procedural laws of that country." Here, the court stated that "In a

13 case where a creditor and debtor, both residing in Japan, entered into an exclusive jurisdiction

14 agreement designating the creditor's address as the court of first instance, if subsequently the

15 foregoing claim is transferred to a Korean citizen domiciled in Korea, thereby creating a legal

16 relation with foreign elements, the effect of the agreement on jurisdiction does not extend to the

17 new legal relation. Therefore, the Korean court has jurisdiction over such case."

18        19.      The above Korean Supreme Court Decision originally involved a case in Japan.

19 However, when the corresponding claim was subsequently transferred to a Korean individual

20 with an address in Korea, a legal relation with foreign elements arose. The ruling stated that the

21 jurisdiction of the Korean court may be recognized in such cases. However, this U.S. Litigation

22 greatly differs from the above Korean Supreme Court Decision for the following reasons: (1) As

23 evident from the fact that one of the Defendants, Park, is a U.S. national, the Acknowledgment

24 about Company IP is a contract that was executed by the parties with the assumption of legal

25 relations with foreign elements; and (2) While the Acknowledgment textually states that

26 exclusive jurisdiction shall be the Seoul Central District Court in Korea, it is reasonable to

DECLARATION OF GYOOHO LEE - 8
No. 2:23-CV-00576-TL
43223-00002/4877372.3

**GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP**
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

interpret it as an agreement on exclusive international jurisdiction due to the fact that one of the contracting parties, Park, is a U.S. national. In these respects, the facts of our case greatly differ from the facts of the case of the Korean Supreme Court Decision. Therefore, in our case, it would be valid to interpret the provision as the parties' agreement to designate Korean Court as an exclusive jurisdiction, in anticipation of the possibility of litigation taking place within Korea (which is also the location where the agreement was executed). Unlike the facts of the above Korean Supreme Court's Decision, our case does not concern an agreement that determines exclusive jurisdiction in a foreign country outside of Korea. However, considering that our case involves exceptional circumstances that completely exclude jurisdiction outside of Korea, it is reasonable to interpret that the provision in the Acknowledgment encompasses submissions on both international jurisdiction and territorial jurisdiction (territorial competence to sue or venue) under the KCPA.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

EXECUTED at Seoul, Korea this 14th day of July, 2023

_gyooho Lee_

Professor Gyooho Lee, JSD
Chung-Ang University School of Law
Seoul, Republic of Korea

# Exhibit A

[Exhibit A]

# Gyooho Lee

Professor of Law
School of Law
Chung-Ang University
84 Heukseok-Ro, Dongjak-Gu
Seoul  06974
South Korea (R.O.K.)
Phone: 82-2-820-5852•Fax: 82-2-816-6760•Email:ghlee@cau.ac.kr
C.P.: 82-10-2792-9110                cion2004@hanmail.net
glee2480@gmail.com

---

- ## **Education**

    Washington University School of Law, St. Louis, MO; USA
    Doctor of Juridical Science (Major: Civil Procedure)  Spring 1998

    Georgetown University Law Center, Washington, DC
    Visiting Researcher August 1995

    University of Washington School of Law, Seattle, WA; USA
    Master of Law in Asian Law June 1994

    Yonsei University, Seoul, South Korea
    Master of Law (Major: Civil Procedure) February 1992

    Yonsei University, Seoul, South Korea
    Bachelor of Law February 1990

- ## **Activities**

    - Visiting Scholar, Washington University School of Law, St. Louis, MO; USA    2014
    - President, The Association of Content Property for Next Generation           2015-2023
    - President, The Association of International Cultural Property Law             2015-2023
    - A Member of Korea Copyright Commission                                       2021-2024
    - A Member of Expert Committee (for Emerging IP) at Presidential Council on Intellectual Property           2020-2024
    - A Member of the Self-Evaluation Committee of the Korea Intellectual Property Office           2022-2023
    - Chairperson, The Committee to Reform Korea's Unfair Competition Law          2020, 2022
    - Vice President for international affairs, Korean Civil Procedure Association          2012-2016
    - Co-President, Korea Association for Informedia Law                           2018-2022
    - Senior Vice President, Korea Association for Informedia Law                  2013-2018
    - Vice President, Korean Computer Game Law Association                         2014-2024
    - Vice President,  Korea Private International Law Association                  2018-2024
    - Vice President, Korea Arbitration Law Association                            2023-2025
    - Vice President, Forum for the Internet Law System                           2021-2023
    - Research Director, Korea Private International Law Association                2016-2018
    - Member, PROYECTO MICINN DER 2013-44739-R (Spain)                           2015-2017
    - WIPO Arbitration and Mediation Center's Mediator and Arbitrator             2023-present

- ◆ Editor-in-chief, Korean Yearbook of International Law         2022-2023
- ◆ Editor, Korean Yearbook of International Law         2013-2022
- ◆ Member, AIPPI Standing Committee for Geographical Indications    2016-present
- ◆ Member, AIPPI D & I Committee         2023-present
- ◆ Member, Association of Critical Heritage Studies ICH Network Committee   2016-2023
- ◆ Arbitrator,  Weihai Arbitration Commission (Weihai, China)     2016-2024
- ◆ Vice President, The Association of Content Property for Next Generation   2009-2014
- ◆ Vice President, Korea Corporate Legal Affairs Association     2011-2012
- ◆ Director, Korea Reproduction and Transmission Rights Association    2015- 2018
- ◆ Member, Committee for Mediation and Arbitration on Dispute of Technology of Small and Medium-Sized Enterprises         Since 2014
- ◆ Associate Member, International Academy of Comparative Law     Since 2015
- ◆ Member, AIPPI Korea         Since 2011
- ◆ Member, Research Committee for International Law at Korean Supreme Court         2014-2019
- ◆ Member, Advisory Committee for Legislation of the Korean National Assembly         2012-2013
- ◆ Chairman,  Committee for Revision of Enforcement Decree of Patent Attorney  Act         2014
- ◆ Member,  Executive Committee of  Training Institute for Attorneys at Law,  Korea Bar Association         2014-2019
- ◆ Member, Executive Committee of  Training Institute for Intellectual Property, Korea Bar Association         2015-2017
- ◆ Member, ILA(International Law Association) Committee on Intellectual Property and Private International Law         2011-2020
- ◆ Member, Committee on Research of International Law under the National    2010 - 2017 Court Administration of the Korean Supreme Court
- ◆ Associate Member, American Society of Comparative Law     July 2010-2019
- ◆ Individual Member, American Society of Comparative Law     Since 2020
- ◆ Editor-in-chief, Culture, Media, and Entertainment Laws     2008-present
- ◆ Arbitrator, The Korean Commercial Arbitration Board     2009- Present
- ◆ Mediator,  The Seoul Central District Court     June 2013- June 2021
- ◆ Editing Director, The Korean Branch of International Law Association (ILA)   2014- 2021

- ◆ Vice President, The Korean Branch of International Law Association (ILA)    2021-2022
- ◆ Director, The Korean Branch of International Law Association (ILA)    2011-2020
- ◆ General Affairs Directors, International Association for Cultural Property Law Research         2009-2013
- ◆ Member, Regulation Review Committee at the Ministry of Justice    2007 -2015
- ◆ General Affairs Director, Korean Civil Procedure Association     2010-2012
- ◆ General Affairs Director, Korea Private International Law Association    2007-2014
- ◆ Referee, Journal of Intellectual Property Rights     2012-Present
- ◆ Editor, Korean Law and Economics Association     2007-2011
- ◆ Member, Public Satisfaction Index(PSI) Evaluation Committee at the Ministry of Strategic Planning and Finance         2011
- ◆ Financial Director, Korean Civil Procedure Association     2008-2010
- ◆ Research Director, Korean Civil Procedure Association     2006-2008
- ◆ Editor, Korea Association for Informedia Law     2004- 2009
- ◆ Director, Korean Copyright Law Association     2007- 2014
- ◆ Vice President, Korean Society of Authors     2017-2020
- ◆ International Affairs Director,  Korean  Society of Authors     2009 -2017
- ◆ Member, Korea-EU FTA Intellectual Property Enforcement Task Force     2007
- ◆ Member, KORUS FTA Intellectual Property Enforcement Task Force     2007

◆   National Reporter, International Congress of Comparative Law
(Subject: Cost and Fee Allocation Rules)        2010

◆   **<u>Work Experience</u>**

◆   **Professor (tenured)**       September 2011 -  Present
School of Law
Chung-Ang University
Seoul, South Korea

◆   **Associate Professor**       March 2008  --  August 2011
School of Law
Chung-Ang University
Seoul, South Korea

◆   **Associate Professor**       September 2007 – Feb. 2008
College of Law
Chung-Ang University
Seoul, South Korea

◆   **Vice Dean for International Affairs and Public Relation
and Director of Law Library and of SJD Program**       March 2016-
       February 2018

School of Law
Chung-Ang University
Seoul, South Korea

◆   **Vice Dean for Academic Affairs**       February 2018 - May 2019
School of Law       April 2012- January 2014
Chung-Ang University
Seoul, South Korea

◆   **Director**       March 2008  -    Present
Institute for Culture, Media, And Entertainment Laws
Chung-Ang University
Seoul, South Korea

◆   **Lecturer (Teaching Unfair Competition Law)**       July 30 to August 1, 2019
KIPO, Daejeon, South Korea

◆   **Lecturer (Teaching Copyright Law)**
WIPO Summer School , Daejeon, South Korea       August 2008

◆   **Lecturer (Teaching Copyright Law and Trademark Law)**
WIPO Summer School , Daejeon, South Korea       June  2009

◆   **Lecturer (Teaching Copyright Law)**
WIPO Summer School , Daejeon, South Korea       June 2010

◆   **Lecturer (Teaching Copyright Law)**
WIPO Summer School , Daejeon, South Korea       June 2011

◆   **Lecturer (Teaching Copyright Law)**
WIPO Summer School , Daejeon, South Korea       June 2012

◆ **Lecturer (Teaching Copyright Law)**
WIPO Summer School, Daejeon, South Korea                July 2013

◆ **Lecturer (Teaching Copyright Law,  and IP Law and Competition Policy)**
                                                                July 2015
WIPO Summer School, Daejeon, South Korea

◆ **Lecturer (Teaching Copyright Law and IP Law and Competition Policy)**
                                                                July 2016
WIPO, Summer School, Daejeon, South Korea

◆ **Lecturer (Teaching IP strategy and protection)**
Asean IP Training Program organized KOICA and IIPTI   July  2011

◆ **Lecturer (Introduction to Korean IP Law)**
Asean IP Training Program organized KOICA and IIPTI    March 2018

◆ **Associate Professor**
College of Law
Kwangwoon University
Seoul, South Korea                           March 2007-August 2007

◆ **Assistant Professor**
College of Law
Kwangwoon University
Seoul, South Korea                           March 2004-February 2007

◆ **Assistant Professor**
Department of Law
College of Law and Politics
Kwandong University
Kangnung, Kwangwon-Do
South Korea                                  March 2000-February 2004

◆ **Legal  Specialist**
Legal Advisory Committee
Ministry of Justice
Kwachon, Kyunggi-Do
South Korea                                  April 1999-February 2000

◆ <u>**Field of Special Interests**</u>

◆ Intellectual Property Law, Civil Procedure, Private International Law, Comparative Law
◆ Teaching: Patent Law (in Korean); Copyright Law (in Korean); IP Procedural Law (in Korean); Trademark, Design, and Laws (in Korean); Cultural Property Law (in Korean)

◆ <u>**Publications**</u>

◆ <u>**Theses and Dissertation**</u>

◆ Gyooho Lee, The Proceedings Protecting the Third Person in Civil Enforcement Act (LL.M. Thesis, Yonsei University College of Law(Seoul, South Korea) (February, 1992)

◆ Gyooho Lee, A Comparative Analysis: Influence of Pretrial Discovery in the U.S.A. upon Procedure for Gathering Documentary Evidence in Civil Litigation in Japan and Korea (LL.M. Thesis, University of Washington School of Law)(Seattle, WA; USA)(June, 1994)

◆ Gyooho Lee, In Search of the Optimal Tort Litigation System: Reflections on Korea's Civil Procedure Through Inquiry into American Jurisprudence (J.S.D. Dissertation, Washington University School of Law (St. Louis, Mo; USA) (May, 1998)

◆ **Articles**

## 1.   **English Legal Literatures**

◆ Marie-Elodie Ancel, Nicolas Binctin, Josef Drexl, Mireille van Eechoud, Jane C. Ginsburg, Toshiyuki Kono, Gyooho Lee, Rita Matulionyte, Edouard Treppoz, and Dário Moura Vicente*, International Law Association's Guidelines on Intellectual Property and Private International Law ("Kyoto Guidelines"): Applicable Law,* JIPITEC 12 (1), 44-73 (2021) ·

◆ *Restitution of stolen cultural properties: Lessons and challenges from recent Korean cases*, Pravovedenie 64 (1): 164–175 (2020)

◆ *Legitimacy and Constitutionality of Contact Tracing in Pandemic in the Republic of Korea*, IL NUOVO DIRITTO DELLE SOCIETÀ, Anno 18, March 2020, G. Giappichelli Editore, pp. 407-442.

◆ *Collective Redresses in Korea*, Civil Procedure, Vol. 23, No. 3, pp. 41-103 (October 2019).

◆ *A Critical Legal Analysis on Cheonggyecheon Restoration Project of Seoul in Republic of Korea,* Culture, Media, and Entertainment Law, Vol. 13, No. 2, pp. 139-167 (December 2019).

◆ *Lessons from Investor-State Dispute Settlements Related to Korea or Korean Investors,* Korean Yearbook of International Law, Vol. 6, pp. 111-169 (2019).

◆ *How to Protect Traditional Food and Foodways Effectively in Terms of Intangible Cultural Heritage and Intellectual Property Laws in the Republic of Korea,* International Journal of Cultural Property, Vol. 25, Issue 4, pp. 543-572 (November, 2018).

◆ Gyooho Lee, Recognition and Enforcement of Foreign Judgment under the Civil Procedure Act and the Civil Enforcement Act Revised in 2014, Korean Yearbook of International Law, Vol. 2, 309-322 (2014)

◆ Gyooho Lee, Keon-Hyung Ahn and Jacques de Werra, *Euro-Korean Perspectives on the Use of Arbitration and ADR Mechanisms for Solving Intellectual Property Disputes,* Arbitration International, Vol. 30, Issue 1 (2014)

◆  Gyooho Lee, *Cost and Fee Allocation Rules in Korean Civil Procedure*, 10-1 Journal of Korean Law 1 (December 2010)

◆ Gyooho Lee, *Is Comparative Law and Economics Viable as a Comparative Approach to Korean Civil Procedure ?*, Korean Journal of Law and Economics, Vol. 5 No. 1 (2008).

◆ Gyooho Lee, *Recent Development in Online and Offline Copyright Infringement Liability in the Digital Environment: An Overview of Korean Case Law*, Content Property Law and Policy Review, Vol. 2 (2011).

## 2. English Book Chapters

◆ Gyooho Lee, *The legal protection of intangible cultural heritage: The inadequacy of intellectual property in the Republic of Korea*, in Patricia Covarrubia, Transboundary Heritage and Intellectual Property Law: Safeguarding Intangible Cultural Heritage, Routledge, pp. 84-106 (November 30, 2022)

◆ Gyooho Lee, *Article 7: Other laws or treaties*, in Guillermo Palao, The Singapore Convention on Mediation: A Commentary on the United Nations Convention on International Settlement Agreements Resulting from Mediation, Edward Elgar, pp. 200-212 (December 13, 2022)

◆ Gyooho Lee, *Fashion and Trademarks in the Republic of Korea,* in Cristiana Sappa ed,, Trademarks and Fashion: A First Survey in Different Parts of the World, pp. 185-202 (2020)

◆ Gyooho Lee, *Legal Issues Related to Blockchain Technology-Examples from Korea*, in Marcelo Corrales Compagnucci, Nikolaus Forgó, Toshiyuki Kono, Shinto Teramoto, Erik P.M. Vermeulen, Legal Tech and the New Sharing Economy, Springer Singapore, pp. 149-166 (2019).

◆ Gyooho Lee, *The Korean Foreign Investment Law and Investor-State Dispute Settlement*, in Carlos Esplugues ed., Foreign Investment and Investment Arbitration in Asia, Intersentia, pp. 139-178 (2019).

◆ Gyooho Lee, *Issues of International Private Law*, in Byung-il Kim and Christopher Heath eds, Intellectual Property Law in Korea (2015)

◆ Gyooho Lee, *South Korea*, in Carlos Esplugues Mota and Silvia Barona Vila eds, Global Perspectives on ADR (Intersentia, 2013)

◆ Gyooho Lee*, Korea,* in Tokiyushi Kono ed., Intellectual Property and Private International Law: Comparative Perspectives (Hart Pub., June 2012)

◆ Gyooho Lee, *Attorney Fee Arrangements Really Matter in Terms of Access to Justice in Korea,* in Mathias Reimann ed, Cost and Fee Allocation in Civil Procedure: A Comparative Study (Springer, Nov. 2011).

◆ Gyooho Lee, *Choice of Law*, in Sanna Wolk & Kacper Szkalej eds., Employees' Intellectual Property Rights (Kluwer Law International, September 2015).

◆ Gyooho Lee, *Republic of Korea of Part IIB National Legal Rules in Asia*, in Sanna Wolk & Kacper Szkalej eds., Employees' Intellectual Property Rights (Kluwer Law International , September 2015).

◆ Gyooho Lee, *Legal Issues on FOSS and Other Alternative Licenses in Korea*, in Axel Metzger ed, Free and Open Source Software (FOSS) and Other Alternative License Models: A Comparative Analysis (Springer, 2016)

◆ Gyooho Lee, ADR EN COREA, in Silvia Barona Vilar ed., MEDIACIÓN, ARBITRAJE Y JURISDICCIÓN EN EL ACTUAL PARADIGMA DE JUSTICIA 197-217 (Thomson Reuters, 2016)

## 3. Japanese Legal Literatures

◆ "Joint Proposal on the Recognition and Enforcement of a Foreign Judgment in Intellectual Property Cases", The Quarterly Review of Corporation Law and Society, Vol. 7, No. 2, pp. 104-119, Global Center of Excellence, Waseda Institute for Corporation Law and Society (Nov. 2010).

◆ "The Recognition and Enforcement of a Foreign Judgment in Intellectual Property Rights-Related Disputes: Focused on a Comparative Analysis of the Korean and Japanese Proposals", The Quarterly Review of Corporation Law and Society, Vol. 6, No. 2, pp. 211-242, Global Center of Excellence, Waseda Institute for Corporation Law and Society (Dec. 2009).

### 4.   Korean Legal Literatures

- ◆ *Issues Relating to Authors' Claims for Additional Remunderation under Several Bills for Copyright Act from the Perspective of Private International Law and Material Laws*, Korea Private International Law Review, Vol. 29, No. 1, pp. 169-233 (June 2023).
- ◆ *Triple Damages in Trade Secret Misappropriation Cases,* Chung-Ang Law Review, Vol. 21, No. 1, pp. 179-243 (March 2019).
- ◆ *A Study on Legal Issues Related to Anti-suit Injunction on Basis of a Choice of Court Agreement,* Korea Private International Law Journal, Vol. 25, No. 1, pp. 53-121 (June 2019).
- ◆ *Overview of the Revised Civil Procedure Act and Civil Enforcement Act of 2014 and Their Prospect, Civil Procedure*, Vol. 19, No. 1. pp. 105-143 (May 2015)
- ◆ *Recognition and Enforcement of a Foreign Judgment under the Civil Procedure Act and the Civil Enforcement Act Revised in 2014*, Korean Yearbook of International Law, Vol. 2 (2014)
- ◆ *Maritime Competence under Civil Procedure Act and Enactment of International Jurisdiction on Maritime Cases-* , Korea Private International Law Journal, Vol. 20, No. 1, pp. 297-385 (June 2014)
- ◆ *A Study on Transplant of Temporary Restraining Order System in Terms of Provisional Disposition Preserving Status Quo*, Civil Procedure, Vol. 17, No. 1, pp. 417-476 (Nov. 2013)
- ◆ *A Study on Protection of Reporters' News-gathering and Their Right to Excuse Themselves from Testifying,* Civil Procedure, Vol. 16, No. 2, pp. 65-100 (Nov. 2012)
- ◆ *A Study on Joinder of Claims or Parties in International Cases, Lis Pendens, and*
- ◆ *International Jurisdiction on Interim Measures or Maritime Cases*, Korea Private International Law Journal, Vol. 18, pp. 155-231 (Dec. 2012)
- ◆ *Private International Law Issues Related to Electronic Litigation*, Dong-A Law Review, No. 51, pp. 329-368 (May, 2011)
- ◆ *A Study on International Commercial Arbitration and Its Parallel International Litigation*, Korea Private International Law Journal, Vol. 16, pp. 62-107 (Dec. 2010)
- ◆ *A Study on International Torpedo Litigation, Civil Procedure*, Vol. 14, No. 1, pp. 115-148 (Nov. 2010)
- ◆ *A Study on Both Provisional And Corrective Measures with respect to the Enforcement of Intellectual Property Rights in the FTA Negotiation*, 81 Copyright Quarterly 4 (2008)
- ◆ *"Copyright Enforcement Under KORUS FTA And Korea's Legal Countermeasure (I),* 612 Bupcho (Lawyers Association Journal) 278 (2007) ; and
- ◆ more than other 150 articles

◆ **Books**

### 1.   **English Books**

- ◆ Failures of American Civil Justice in International Perspective (coauthored with James R. Maxeiner & Armin Weber)(August 2011)(Cambridge University Press)

### 2.   **Korean Books**

- ◆ Gyooho Lee, Understanding Intellectual Property (Bakyounsa Publ.) (1st ed. 2020)
- ◆ Gyooho Lee/Jae Kweon Seo, Introduction to Cultural Heritage Law (Bakyoungsa Publ.)(1st ed. 2020)

- ◆ Jeong Yeol Choe/Gyooho Lee, Unfair Competition Law (Jinwon Sa)(4th ed. 2020)
- ◆ Gyooho Lee, Trademark Law (Jinwon Sa) (2nd ed. 2018)
- ◆ Gyooho Lee, Patent Law: Cases and Explanations (Jinwon Sa) (4th ed. 2017)
- ◆ Gyooho Lee, Copyright Law:  Cases and Explanations (Jinwon Sa) (6th ed. 2017)
- ◆ Gyooho Lee, Laws to Protect Geographical Marks including Geographical Indications, Korea Institute of Intellectual Property (2016)
- ◆ Gyooho Lee, Trademark Law (Jinwon Sa) (1st ed. 2015)
- ◆ Gyooho Lee, Patent Law:  Cases and Explanations (Jinwon Sa) (2nd ed. 2014)
- ◆ Gyooho Lee, Copyright Law:  Cases and Explanations (Jinwon Sa) (4th ed. 2014 )
- ◆ Gyooho Lee, Teaching Intellectual Property Law (Jinwon Sa)(1st ed. 2013)
- ◆ Gyooho Lee, Copyright Law: Cases and Explanations (Jinwon Sa) (3rd ed. 2012)
- ◆ Gyooho Lee and Jongmo Choi, Patent Law: Cases and Explanations (Jinwon Sa) (1st ed. 2012)
- ◆ Gyooho Lee et al., Intellectual Property Law-Substantive and Procedural Laws (1st ed. 2012)
- ◆ Gyooho Lee, Copyright Law-Cases and Explanations (Jinwon Sa) (1st ed. 2010)
- ◆ Gyooho Lee, Kimihito Kato, Tomoyuki  Kataoka, and Junghyuk Hur,  Recent Issues on Entertainment Law-Focused on Jurisprudence and Legal Practice in Korea and Japan (2011)
- ◆ Gyooho Lee, Mexican Copyright Law (2003) (Copyright Commission) (2008)
- ◆ Gyooho Lee et al., A Commentary on Korean Patent Act (Korean Intellectual Property Office 2007)
- ◆ Gyooho Lee, Practice of Civil Litigation Commenced by or against Government in Foreign Countries (I) (Ministry of Justice 2002) (with Sang Soo Kim)

## ◆ **Reports**

- ◆ Gyooho Lee et al., *A Study on the Implementation of International Treaties Related to Civil Judicial Assistance,* The Report submitted to The National Court Administration of the Korean Supreme Court (August 31, 2011). (Covering the domestic implementation of Hague Service Convention and Hague Evidence Convention, to which Korea is a signatory, and of bilateral treaty on international judicial assistance with Australia, China, and Mongolia).

## ◆ **Presentations (in English)**

- ◆ **"Restitution of Stolen Cultural Properties: Some Lessons and Challenges form Recent Korean Cases," A Virtual Conference for** UNESCO and Cultural Heritage at Federal State Budgetary Educational Institution of Higher Education "Saint-Petersburg State University" on May 18, 2020.

- ◆ **"Triple Damages in Korean IP Laws,"** at Link Campus University (Rome, Italy) on February 10, 2020.

- ◆ **"Recent Development in Trade Secret Protection Law in East Asia,"** at University of Macerata Department of Law (Macerata, Italy) on February 13, 2020.

- ◆ *"PGIs Regimes in EU, USA, China and Korea Compared,"*  in XXVIII Conference of AIDA held in Milan, Italy on September 11th and 12th, 2015

- ◆ *"GIs and Contemporary Issues"* at Washington University School of Law in St. Louis, MO (USA), on November 18th, 2014.

◆ ***"Digital Gaming and Copyright: Balance Between Copyright Protection and Fair Use,"*** at Forum IV, AIPPI Forum & Exco held in Helsinki, Finland on September 6th, 2013

◆ ***"Recent Development in the Korean Copyright Law in the Digital Age,"*** in AIDA Forum held at Studio Ubertazzi in Milan, Italy on September 4th, 2013

◆ ***"Recent Development in the Korean Copyright Law in the Digital Age",*** under the theme "Creative Economy Initiatives in Korea and the Philippines: Case Studies and Online Copyright Issues" at Roundtable on Creating a Digital Economy,  cohosted by Korea Copyright Commission/Intellectual Property Office of the Philippines/USPTO and held at the Constellation, Diamond Hotel, 27 Floor Aquarius to Libra Room (Roxas Boulevard, Manila, Philippines) on April 11, 2013

◆ ***"Recent Development in the Korean Copyright Law",*** in my special lecture at University of Valencia in Spain (March 12, 2013)

◆ ***"Overview of and Recent Development  in the Korean Arbitration Law",*** in my special lecture at University of  Valencia in Spain (March 13, 2013)

◆ ***"New Business Models and Copyright Issues in the Music Industry",*** in Asia-Pacific Regional Seminar on the Issues of Copyright and Related Rights in the Music Industry, organized by the World Intellectual Property Organization (WIPO)  in cooperation with the Intellectual Property Corporation of Malaysia (MyIPO), Government of Malaysia and with the assistance of the Ministry of Culture, Sports and Tourism (MCST), Government of the Republic of Korea (Kuala Lumpur, May 2, 2012)

◆ ***"Current Trends and Challenges in the Music Industry: The Case of the Republic of Korea",*** in Asia-Pacific Regional Seminar on the Issues of Copyright and Related Rights in the Music Industry, organized by the World Intellectual Property Organization (WIPO)  in cooperation with the Intellectual Property Corporation of Malaysia (MyIPO), Government of Malaysia and with the assistance of the Ministry of Culture, Sports and Tourism (MCST), Government of the Republic of Korea (Kuala Lumpur, May 3, 2012)

◆ ***"Overview of the Korean Copyright Law",*** in my special lecture at Law School of Toshkent State University in Uzbekistan (Toshikent, February 2, 2012)

◆ ***"Recognition and Enforcement of Foreign Judgments",*** in Commentary on Principles of Private International Law on Intellectual Property Rights (Joint Proposal Drafted by Members of the Private International Law Association of Korea and Japan), in International Conference held at Waseda  University School of Law (January 29, 2011).

◆ ***"Cost and Fee Allocation Rules: Korean Report",***  in the XVIIIth International Congress of Comparative Law held in Washington, DC, USA (July 26, 2010).

◆ ***"Online and Offline Copyright Infringement in Digital Environment: An Overview of Korean Case Law",***  in Korea-Indonesia Copyright Workshop (May 6, 2009)

◆ **"Employees' IPRs and Conflict of Laws in Korea",** in University of Valencia Department of Law (Valencia, Spain) (forthcoming  in February 2015)

◆ **"Recognition and Enforcement of Foreign Judgments under the Revised Korean Civil Procedure Act of 2014,"** in University of Valencia Department of Law (Valencia, Spain) (forthcoming in February 2015**)**

- **"GIs and Current Legal Development,"** in the University of Macerata Department of Law (Macerata, Italy) (forthcoming in February 2015)

- **Official Commendation and Others**

  - **Official Commendation from the Ministry of Culture, Sports and Tourism of Korea** (December 31, 2011)

  - **Official Commendation from Small and Medium Business Administration of Korea** (September 17, 2014) (field: Technology Protection)

  - **Official Commendation from Prime Minister of Korea** (December 23, 2014)

  - **Listee,  Marquis Who's Who in the World in 2016** (December, 2015)

  - **Awardee of Chung-Ang University Research Excellence Award** (October, 2015)

  - **Listee, 2000 Outstanding Intellectuals of the 21st Century in 2016 (IBC, 10th ed.)** (July, 2016)

  - **Official Commendation from International Intellectual Property Training Institute for Excellent Teaching of Intellectual Property Law** (December, 2016)

  - **Winner of Chung-Ang University Human Rights Award for 2019** (December, 2019)

1

## CERTIFICATE OF SERVICE

2       I hereby declare under penalty of perjury under the laws of the United States of America

3   that on this date, the foregoing document was filed electronically with the Court and thus served

4   simultaneously upon all counsel of record.

5       I declare under penalty of perjury that the foregoing is true and correct.

6       EXECUTED on July 14, 2023.

7

8                                           _____

9                                           Kristine Nicolas

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE
No. 2:23-CV-00576-TL
43223-00002/4877372.4