HONORABLE TANA LIN

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NEXON KOREA CORPORATION, a Korean
Corporation,

              Plaintiff,

      v.

IRONMACE CO., LTD., a Korean
Corporation; JU-HYUN CHOI, individually;
and TERENCE SEUNGHA PARK,
individually,

           Defendants.

Case No.:  2:23-cv-00576-TL

PLAINTIFF'S OPPOSITION TO
MOTION TO STAY DISCOVERY

NOTE ON MOTION CALENDAR:
FRIDAY, JULY 21, 2023

# TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................. 1

II. BACKGROUND ............................................................................................ 2

III. ARGUMENT ............................................................................................... 5

    A.    A "Preliminary Peek" at Defendant's FNC Motion Militates Against a Stay. ........ 6

        1.    Defendants' FNC Motion Is Not Clearly Meritorious. .............................. 6

        2.    Defendants' FNC Motion Is Not Dispositive. ............................................ 8

    B.    The FNC Motion Raises Factual Issues. ............................................................... 10

    C.    A Stay Unfairly Prejudices Nexon. ..................................................................... 11

IV. CONCLUSION ............................................................................................. 14

PLAINTIFF'S OPPOSITION TO MOTION TO STAY DISCOVERY - i
Case No. 2:23-cv-00576-TL

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Antonick v. Elec. Arts, Inc.*,
841 F.3d 1062 (9th Cir. 2016) ...................................................................................7

*Atlantic Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*,
571 U.S. 49 (2013)...............................................................................................7, 10

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007).................................................................................................13

*Bos. Telecommunications Grp., Inc. v. Wood*,
588 F.3d 1201 (9th Cir. 2009) ................................................................................10

*Edmonds v. Amazon.com, Inc.*,
No. C19-1613JLR, 2020 WL 8996835 (W.D. Wash. Mar. 6, 2020)................................1, 5, 8

*Enriquez v. United States Citizenship & Immigr. Servs.*,
No. 2:23-CV-00097-TL, 2023 WL 2873885 (W.D. Wash. Mar. 15, 2023)...........................12

*Friedman as Tr. of Ellett Bros., LLC v. Nexien, Inc.*,
No. 21-CV-03292-DRH-JMW, 2021 WL 5910763 (E.D.N.Y. Nov. 9, 2021).................5, 6, 9

*Gen. Elec. Int'l, Inc. v. Thorco Shipping Am., Inc.*,
No. 21 CIV. 6154 (JPC), 2022 WL 1748410 (S.D.N.Y. May 31, 2022)...................................9

*Greenwood v. Pierce Cnty.*,
No. C21-5874-JHC-MLP, 2022 WL 1908915 (W.D. Wash. June 3, 2022)............................1

*HDT Bio Corp. v. Emcure Pharms., Ltd.*,
No. C22-0334JLR, 2022 WL 2106160 (W.D. Wash. June 10, 2022) ..............................5, 6, 8

*HUB Int'l Nw. LLC v. Larson*,
No. 2:22-CV-01418-TL, 2023 WL 2527150 (W.D. Wash. Mar. 15, 2023)..............5, 6, 11, 12

*Lacey v. Cessna Aircraft Co.*,
785 F. Supp. 1201 (W.D. Pa. 1992)........................................................................11

*Lang Van, Inc. v. VNG Corp.*,
40 F.4th 1034 (9th Cir. 2022) ...................................................................................8

*Melbostad v. City of Cascade, Idaho*,
No. 2:14-cv-350-JAD-VCF, 2014 U.S. Dist. LEXIS 133584 (D. Nev. Sep. 23,
2014) ........................................................................................................................10

PLAINTIFF'S OPPOSITION TO MOTION TO STAY DISCOVERY - ii
Case No. 2:23-cv-00576-TL

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

*Mesa v. Pennsylvania Higher Educ. Assistance*,
    No. 16-24577-CIV, 2017 WL 3438914 (S.D. Fla. Aug. 10, 2017) ........................................6

*SSI (U.S.), Inc. v. Ferry*,
    No. SACV 21-2073 JVS (PDx), 2021 U.S. Dist. LEXIS 201590 (C.D. Cal.
    May 25, 2021) .................................................................................................................10

*Turner v. Costa Crociere S.P.A.*,
    No. 1:20-CV-21481-KMM, 2020 WL 9071486 (S.D. Fla. Aug. 23, 2020) .......................2, 9

*White v. Skagit Bonded Collectors, LLC*,
    No. 2:21-CV-00697-LK, 2022 WL 508825 (W.D. Wash. Jan. 24, 2022) ...........................1, 5

*WindServe Marine, LLC v. US Workboats, LLC*,
    No. 20-CV-532 (ENV), 2021 WL 5749829 (E.D.N.Y. Mar. 2, 2021) ....................................9

*Zipfel v. Halliburton Co.*,
    832 F.2d 1477 (9th Cir. 1987) ..............................................................................................6

**Statutes**

17 U.S.C. § 512(g)(3)(D) ...............................................................................................................6

**Other Authorities**

Fed. R. Civ. P. 1 ...........................................................................................................................5

Fed. R. Civ. P. 12(b)(6) ............................................................................................................9, 10

Fed. R. Civ. P. 26(c) ...................................................................................................................5

Fed. R. Civ. P. 26(c) ...................................................................................................................8

Fed. R. Civ. P. 26(f) .........................................................................................................2, 3, 4, 12

PLAINTIFF'S OPPOSITION TO MOTION TO STAY DISCOVERY - iii
Case No. 2:23-cv-00576-TL

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

# I.  INTRODUCTION

Simply put, defendants Ironmace Co. Ltd. ("Ironmace"), Ju-Hyun Choi, and Terence Seungha Park (collectively, "Defendants") are seeking a stay to delay the disclosure of critical information in this case. This is not surprising given their refusal to produce source code for their Dark and Darker game in the Suwon injunction proceeding in Korea. And it is consistent with their litigation strategy in this action.

Defendants filed a motion to dismiss the Complaint of Plaintiff Nexon Korea Corporation ("Nexon") on *forum non conveniens* grounds (Dkt.#29, "FNC Motion") to avoid U.S. discovery and consideration by a U.S. court of Nexon's federal claims. Defendants now move to stay discovery and all case deadlines pending resolution of the FNC Motion (Dkt.#44, "Stay Motion"). Because stays pending a motion to dismiss are "the exception and not the rule," and because the relevant factors weigh against a stay the Court should deny the Stay Motion. *White v. Skagit Bonded Collectors, LLC*, No. 2:21-CV-00697-LK, 2022 WL 508825, at *1 (W.D. Wash. Jan. 24, 2022).

Before staying discovery, courts take a "preliminary peek" at the strength of a pending motion to estimate the likelihood that "dismissal is … a foregone conclusion." *Greenwood v. Pierce Cnty.*, No. C21-5874-JHC-MLP, 2022 WL 1908915, at *1 (W.D. Wash. June 3, 2022). Defendants do not address this factor at all nor any of the arguments in Nexon's FNC Opposition explaining why the FNC Motion is likely to be denied. Defendants simply speculate their FNC Motion might be granted, which falls far short of the good cause standard for staying discovery. *Edmonds v. Amazon.com, Inc.*, No. C19-1613JLR, 2020 WL 8996835, at *1 (W.D. Wash. Mar. 6, 2020).

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

Moreover, courts do not typically stay discovery pending resolution of a *forum non conveniens* motion because such motions are not case-dispositive; they change the forum, but do not end the dispute. *Turner v. Costa Crociere S.P.A.*, No. 1:20-CV-21481-KMM, 2020 WL 9071486, at *2 (S.D. Fla. Aug. 23, 2020) (denying stay where action could be refiled in Italy). That is the case here because Defendants only seek to move the parties' United States law dispute to Korea, not end it.

Defendants also mischaracterize their FNC Motion as raising only strictly legal grounds for dismissal. But the parties sharply dispute numerous factual issues. Indeed, Defendants' reply to their FNC Motion effectively admits that the alleged factual basis for that motion is entirely in dispute by purporting to submit multiple new declarations on reply to clarify, explain, or outright contradict Defendants' own factual representations in their moving papers.

Finally, granting a stay significantly prejudices Nexon because it delays a case that requires prompt resolution. Defendants, on the other hand, will suffer no significant prejudice from denial of a stay. The tasks leading up to submitting a joint discovery plan—a Rule 26(f) conference and exchanging initial disclosures—are not burdensome.

Because Defendants have failed to establish good cause for delaying resolution of the case, the Court should deny their Stay Motion.

## II.  BACKGROUND

Nexon is a videogame developer. Dkt.#40 ¶ 7. Nexon formerly employed Defendants Choi and Park to work on a videogame project entitled P3. *Id.* ¶ 19. Between December 2020 and June 2021, Choi secretly downloaded P3 source code and other confidential data to his private servers. *Id.* ¶¶ 38-47. At the same time, Choi told his coworkers he had secured financing and solicited them to leave Nexon to develop a game similar to P3. *Id.* ¶ 44.

PLAINTIFF'S OPPOSITION TO MOTION TO STAY DISCOVERY - 2
Case No. 2:23-cv-00576-TL

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

1       When Nexon learned of Choi's solicitation, Nexon conducted an audit that uncovered

2  Choi's unauthorized transfers. *Id.* ¶ 44. Choi initially agreed to provide his private servers to

3  Nexon so that it could forensically audit them, but he reneged on his agreement, and deleted all of

4  the data on them. *Id.* ¶ 45. Nexon terminated Choi on July 21, 2021. *Id.* ¶ 46. Subsequently,

5  approximately half the P3 team left Nexon, including Park and two other employees who illicitly

6  stole P3 data and who now work for Ironmace. *Id.* ¶¶ 46-49.

7       In October 2021, Choi and Park co-founded Ironmace. Between August 2022 and April

8  2023, Ironmace released a demo version of a game called "Dark and Darker" on Steam, an online

9  platform run by Bellevue-based Valve Corporation ("Valve"). Dkt.#39 ¶¶ 2-4. Dark and Darker is

10  strikingly similar to the P3 Project game. Dkt.#1. ¶¶ 5, 91-169. Defendants purposely targeted their

11  marketing of Dark and Darker to the United States, and the United States is, by far, their largest

12  market. Dkt.#39 ¶¶ 16-20; Dkt.#40 ¶¶ 51-52.

13       Nexon sent a Digital Millennium Copyright Act ("DMCA") takedown notice to Valve on

14  March 22, 2023, resulting in Valve taking down Dark and Darker from Steam. Dkt.#39 ¶ 10;

15  Dkt.#16 Ex. A. Ironmace responded by filing a request for a preliminary injunction on April 10,

16  2023 in Suwon District Court for an order under Korean law enjoining takedown requests to Valve.

17  Dkt.#41 ¶ 14. On April 14, 2023, Nexon responded by seeking a preliminary injunction under

18  Korean law barring distribution of Dark and Darker. *Id.* ¶ 19.

19       In Defendants' FNC Motion, Defendants argue the parties' dispute is subject to forum

20  selection clauses in Choi's and Park's employment-related agreements calling for litigation in

21  Seoul Central District Court. Dkt.#29, at 3. Contrary to their position here, Ironmace initiated

22  litigation in Suwon, not Seoul, and Defendants affirmatively took the position in Suwon that the

23  Seoul court lacks jurisdiction. Dkt.#41 ¶¶ 22-24. Nexon has submitted expert testimony on how

24

PLAINTIFF'S OPPOSITION TO MOTION TO STAY DISCOVERY - 3
Case No. 2:23-cv-00576-TL

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

the forum selection clauses would be understood by Korean speakers and courts, which establishes that the clauses do not cover this dispute. Dkt.#42 ¶¶ 12, 17-26.

The briefs invited by the court on the parties' preliminary injunction applications in Suwon are due on or before July 19 (the day this opposition is filed), after which the parties will await the court's decision. 7/19/2023 Declaration of Minjung Park ("2d M.Park Decl.") ¶ 3. Nexon anticipates a decision within one to two months. *Id.* There are no hearings currently on calendar in the Suwon merits litigation between Nexon and Ironmace. *Id.* ¶ 4.

On April 14, 2023, Nexon filed the Complaint in this action, alleging copyright infringement and trade secret misappropriation under United States law. Dkt.#1. On April 20, 2023, Ironmace submitted a DMCA counter-notification to Valve in which it states, "Ironmace consents to the jurisdiction of the Western District of Washington." Dkt.#39 ¶ 14, Ex. H.

Defendants do not contest subject matter or personal jurisdiction; nor do they argue Nexon fails to state a claim. *See* Dkt.#29. Instead, on June 22, 2023, Defendants filed their FNC Motion. *Id.* Nexon filed an opposition on July 10, 2023. Dkt.#38. Defendants have also not filed a motion to dismiss for improper venue.

This Court has set a deadline of July 26 for a Rule 26(f) conference, August 9 for initial disclosures, and August 23 for a joint status report and discovery plan. Dkt.#37, at 1. Defendants have now moved to stay these deadlines and all discovery pending resolution of the FNC Motion. Dkt.#44.

Defendants continue to express plans to release a final version of Dark and Darker in the United States. Dkt.#39, Ex. N.

PLAINTIFF'S OPPOSITION TO MOTION TO STAY DISCOVERY - 4
Case No. 2:23-cv-00576-TL

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

### III.  ARGUMENT

"A pending motion to dismiss is generally not grounds for staying discovery." *HDT Bio Corp. v. Emcure Pharms., Ltd.*, No. C22-0334-JLR, 2022 WL 2106160, at \*2 (W.D. Wash. June 10, 2022) (quoting *Edmonds*, 2020 WL 8996835, at \*1)). "[T]he Federal Rules of Civil Procedure do not provide for an automatic stay of discovery when a dispositive motion is pending and … such stays can slow down litigation." *HUB Int'l Nw. LLC v. Larson*, No. 2:22-CV-01418-TL, 2023 WL 2527150, at \*2 (W.D. Wash. Mar. 15, 2023) (internal quotation omitted).

Courts, however, may stay discovery under Federal Rule of Civil Procedure 26(c) for "good cause." *Edmonds*, 2020 WL 8996835, at \*1. "This mandate of a showing of 'good cause' is critically important because Rule 1 of the Federal Rules of Civil Procedure advises that the Rules 'should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.'" *Friedman as Tr. of Ellett Bros., LLC v. Nexien, Inc.*, No. 21-CV-03292-DRH-JMW, 2021 WL 5910763, at \*2 (E.D.N.Y. Nov. 9, 2021) (quoting Fed. R. Civ. P. 1). Thus, "[a]lthough a court may relieve a party from the burdens of discovery while a dispositive motion is pending, this is the exception and not the rule." *White*, 2022 WL 508825, at \*1.

"In deciding whether to impose a stay pending disposition of a motion, courts consider (1) whether the pending motion would dispose of the entire case, and (2) whether the pending motion can be decided without additional discovery." *HDT Bio Corp.*, 2022 WL 2106160, at \*2. "In applying this test, courts take a preliminary peek at the merits of the dispositive motion to assess whether a stay is warranted." *Id.* (internal quotation omitted). Courts also consider the prejudice to the plaintiff in granting a stay. *Edmonds*, 2020 WL 8996835, at \*2 (denying stay based on

PLAINTIFF'S OPPOSITION TO MOTION TO STAY DISCOVERY - 5
Case No. 2:23-cv-00576-TL

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

prejudice from delay); *Friedman*, 2021 WL 5910763, at *2 (considering "the risk of unfair prejudice to the party opposing the stay").

These factors militate against granting a stay here.

### A.  A "Preliminary Peek" at Defendant's FNC Motion Militates Against a Stay.

A court's "preliminary peek" into a pending motion to dismiss "is not intended to prejudge the outcome of the motion." *HDT Bio Corp.*, 2022 WL 2106160, at *2. Rather, courts "take a preliminary peek at the merits of [the] dispositive motion to see if it appears to be clearly meritorious and truly case dispositive." *Mesa v. Pennsylvania Higher Educ. Assistance*, No. 16-24577-CIV, 2017 WL 3438914, at *2 (S.D. Fla. Aug. 10, 2017) (internal quotation omitted).  Thus, courts consider whether the complaint is "utterly frivolous" or dismissal is "inevitable," rather than staying discovery in any case in which a purportedly dispositive motion not requiring discovery is pending.  *Hub Int'l*, 2023 WL 2527150, at *3.

Here, Defendants' FNC Motion is not meritorious—much less clearly meritorious.  Moreover, even if it were granted, the FNC Motion would not dispose of Nexon's claims. Rather, it would result only in Nexon refiling its claims in Korea.

### 1.  Defendants' FNC Motion Is Not Clearly Meritorious.

Defendants' FNC Motion should be denied on numerous grounds described in Nexon's opposition. *See* Dkt.#38. These include, but are not limited to:

- The DMCA contains a special venue provision granting Nexon the right to sue in the Western District of Washington. 17 U.S.C. § 512(g)(3)(D). When a statute contains a special venue provision, *forum non conveniens* is "unavailable" as a basis for dismissal. *Zipfel v. Halliburton Co.,* 832 F.2d 1477, 1487 (9th Cir. 1987) *amended on other grounds by* 861 F.2d 565 (9th Cir. 1988).

- In exchange for availing itself of the privilege of invoking the DMCA counter-notification process, Ironmace consented to this venue. Dkt.#39-8, at 6. A "bargained for" consent to a venue should be enforced "in all but the most exceptional cases." *Atlantic Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 63 (2013).

- Defendants seek to require Nexon to litigate in Suwon District Court based on forum selection clauses they misleadingly characterize as "Korean Forum Selection Clauses." Dkt.#29, at 10. But the clauses they rely on call for litigation in Seoul Central District Court, and, in Korea, Defendants affirmatively took the position that Seoul Central District Court lacks jurisdiction. Dkt.#38 at, 14-16. Thus, by their actions, Defendants effectively conceded the forum selection clauses do not have the meaning Defendants advance in their FNC Motion.

- The forum selection clauses Defendants rely on do not cover this dispute. *See* Dkt.#42 ¶¶ 17-26. Defendants' contrary argument relies on cherry-picking possible translations of Korean terms into English, rather than attempting to ascertain the intent of the parties. Dkt.#38, at 14; *see* Dkt.#42 ¶ 12; Dkt.#43 ¶ 5. On reply, Defendants' newly disclosed expert admits that translations other than the one originally cherry-picked by Defendant are "reasonably accurate." Dkt.#46 ¶ 6.

- Proof of infringement of source code requires a side-by-side comparison of Nexon's and Ironmace's source code. *Antonick v. Elec. Arts, Inc.*, 841 F.3d 1062, 1066 (9th Cir. 2016). But Defendants have failed to produce their source code in Korea, and a Korean court cannot effectively compel them to do so. Dkt.#41 ¶¶ 28-

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

32, 36, 39, 44; Dkt.#42 ¶ 35. Thus, Korea does not offer Nexon an adequate remedy. Dkt.#38, at 20.

- Defendants purposely targeted the United States for copyright infringement. Dkt.#40 ¶¶ 50-53; Dkt.#39 ¶¶ 16-20. Even where the majority of witnesses and evidence are located overseas, the Ninth Circuit has held that "[c]opyright cases concerning alleged unlawful activities purposely directed toward the United States are more amenable to suit in the United States." *Lang Van, Inc. v. VNG Corp.*, 40 F.4th 1034, 1043 (9th Cir. 2022).

- "[T]here is ordinarily a strong presumption in favor of the plaintiff's choice of forum," making a grant of a *forum non conveniens* motion a rare occurrence. *HDT Bio Corp.*, 2022 WL 2106160, at *4 (internal quotation omitted) (denying stay).

- Because several premises of Defendants' motion were misleading or false, Defendants were required to submit four new evidentiary declarations, which are subject to a motion to strike.

Defendants fail to address the "preliminary peek" factor, and, instead, simply speculate their FNC Motion might be granted. But a defendant's "speculation" that its motion might be granted "does not satisfy Rule 26(c)'s good cause requirement." *Edmonds*, 2020 WL 8996835, at *2.

In light of the numerous and significant questions with respect to the merits of Defendants' FNC Motion, Defendants cannot establish good cause for a stay.

### 2.   Defendants' FNC Motion Is Not Dispositive.

Defendants' stay request fails on the additional ground that, unlike a Rule 12(b)(6) motion that establishes a plaintiff has no valid claim against a defendant, a *forum non conveniens* motion

1  simply moves the case to a new forum without disposing of it. Thus, when a "motion to dismiss

2  does not challenge the merits of [plaintiff's] claims; [but] rather … relies on *forum non conveniens*

3  and the first-filed rule[,] … this factor … does not weigh in favor of granting a stay." *WindServe*

4  *Marine, LLC v. US Workboats, LLC*, No. 20-CV-532 (ENV), 2021 WL 5749829, at *1 (E.D.N.Y.

5  Mar. 2, 2021); *Gen. Elec. Int'l, Inc. v. Thorco Shipping Am., Inc.*, No. 21 CIV. 6154 (JPC), 2022

6  WL 1748410, at *3 (S.D.N.Y. May 31, 2022) (denying stay because "in the event the Court

7  dismisses Plaintiffs' claims against Thorco Projects, Plaintiffs will need to pursue the same claims

8  against Thorco Projects in the London Arbitration").

9  In *Turner*, 2020 WL 9071486, at *2, for example, the defendant moved for a stay pending

10  the court's consideration of the defendant's motion to dismiss on *forum non conveniens* grounds,

11  arguing Italy was a more convenient forum. The court denied the stay motion because "even if the

12  Court were to grant Defendants' *Forum Non Conveniens* Motion, the need for discovery would

13  not be eliminated. Rather, discovery would only be delayed because Plaintiff would be free to re-

14  file the case in Italy." *Id.* at *5; *see also Friedman*, 2021 WL 5910763, at *7 ("The parties' dispute

15  over the lease—whether litigated here, in South Carolina or any other venue—will require

16  discovery.").

17  Similarly, Defendants do not challenge the merits of Nexon's claims. They do not contest

18  that Nexon has stated valid claims for relief on both its copyright and trade secret claims. Thus,

19  even if the Court were to grant Defendants' FNC Motion, Nexon would be free to re-file its United

20  States claims in Korea, despite the inadequacy of Korea as a forum.

21  Defendants' characterization of *SSI (U.S.), Inc. v. Ferry*, No. SACV 21-2073 JVS (PDx),

22  2021 U.S. Dist. LEXIS 201590, at *11 (C.D. Cal. May 25, 2021), as granting a stay because of a

23  pending *forum non conveniens* motion is false and misleading. While the court stayed discovery

24

PLAINTIFF'S OPPOSITION TO MOTION TO STAY DISCOVERY - 9
Case No. 2:23-cv-00576-TL

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

because of a pending Rule 12(b)(6) motion, the Court explained that "the forum non conveniens argument is irrelevant to the Court's decision on this issue." *Id.*

Defendants also mischaracterize *Melbostad v. City of Cascade, Idaho*, No. 2:14-CV-350-JAD-VCF, 2014 U.S. Dist. LEXIS 133584, at *5 (D. Nev. Sep. 23, 2014), as granting a stay pending a *forum non conveniens* motion. The defendant in *Melbostad* did not move to dismiss on *forum non conveniens* grounds. The defendant moved to dismiss for lack of personal jurisdiction. *Id.* The pro se plaintiff responded by arguing Nevada was not a *forum non conveniens*, and the plaintiff failed to oppose the stay motion. *Id.* at *12.

While *Melbostad* noted that a stay may be appropriate if a motion raises "issues of jurisdiction, venue, or immunity," Defendants' FNC Motion raises none of those issues. *See Atlantic Marine*, 571 U.S. at 60 (distinguishing venue and *forum non conveniens* motions). Unlike jurisdiction, venue, and immunity motions, which attack the legitimacy of the court even considering the case, a *forum non conveniens* dismissal is a strongly disfavored discretionary tool for dismissing claims that are properly before the court. *Bos. Telecomm. Grp., Inc. v. Wood*, 588 F.3d 1201, 1212 (9th Cir. 2009).

Because Defendants' FNC Motion can only change the forum rather than dispose of the litigation, this factor does not favor a stay.

**B.  The FNC Motion Raises Factual Issues.**

Showing a lack of candor, at the same time Defendants were drafting four reply evidentiary declarations disputing facts, Defendants submitted a Stay Motion characterizing their FNC Motion as "strictly legal." Dkt.#44, at 4. In reality, the parties dispute a number of factual issues, including the meaning and scope of the forum selection clauses, whether Defendants are estopped from asserting them, the language in which critical documents are written, whether United States litigation is beyond the means of Defendants' financiers, and the location of third-party witnesses.

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

*Cf. Hub Int'l*, 2023 WL 2527150, at * 3 (denying stay where motion did not raise "pure" legal questions). While the Court should simply strike Defendants' reply declarations and deny the motion on the grounds that Defendants have failed to meet their burden (even if the reply declarations were considered), Defendants are incorrect that a *forum non conveniens* motion is one in which discovery is barred. *Lacey v. Cessna Aircraft Co.*, 785 F. Supp. 1201, 1204 (W.D. Pa. 1992) (denying *forum non conveniens* motion pending discovery).

**C.  A Stay Unfairly Prejudices Nexon.**

The Court should deny the stay on the additional grounds that the prejudice to Nexon from granting a stay far exceeds any potential prejudice to Defendants from denying a stay. Defendants seek to delay not only the commencement of discovery, but the parties' Rule 26 meeting and conference and subsequent report to the court, thereby in effect staying the entire case because nothing can move forward except pleading issues until case deadlines have been set. *See* Dkt.#44. Thus, Defendants' request negatively impacts this Court's efficiency by delaying preliminary proceedings necessary to move the case forward in a timely fashion.

Furthermore, a stay of the entire case is prejudicial to Nexon because Defendants are continuing to develop an infringing game whose development was accelerated through use of Nexon's trade secrets. *Hub Int'l*, 2023 WL 2527150, at *4 (denying stay where harm is "ongoing"). Just last week, for example, Defendants posted on YouTube a "First Look" at a Warlock character.[1] Thus, any delay in the proceedings increases the likelihood that Defendants will begin selling a complete version of the game before the Court can resolve the dispute. The need for a prompt resolution of this case strongly militates against a stay. *Hub Int'l*, 2023 WL 2527150, at

---

[1] Dark and Darker – Warlock First Look (July 10, 2023), https://www.youtube.com/watch?v=rTjXz_VCxog.

1    *4 ("[T]here is reason to avoid delays in the litigation, if possible, and a stay of discovery at this

2    time may be contrary to the interests of justice.").

3           On the other hand, denial of a stay does not impose any significant prejudice on

4    Defendants, regardless of how quickly the Court rules on the FNC Motion. If the Court rules on

5    the FNC Motion within the next month, Defendants will need to engage in a Rule 26(f) Conference,

6    serve initial disclosures, and submit a status report and discovery plan. Dkt.#37, at 1. None of these

7    activities impose a significant burden on Defendants. *Enriquez v. United States Citizenship &*

8    *Immigr. Servs.*, No. 2:23-CV-00097-TL, 2023 WL 2873885, at *2 (W.D. Wash. Mar. 15, 2023)

9    (denying stay where court had not yet set a discovery schedule).

10          Even if the Court takes longer than a month to rule on the FNC Motion, and even if the

11    Court were to grant the FNC Motion, Defendants would still not suffer material prejudice because

12    such a ruling would only change the forum, not end the litigation. Because there is a need for a

13    prompt resolution of this dispute—regardless of whether that resolution occurs in the United States

14    or Korea—there is no good cause to put the case on hold while a forum determination is made.

15          Nor is there a likelihood that discovery will result in any duplication in the coming months.

16    In the Suwon litigation, the parties are scheduled to file their briefs in preliminary injunction

17    proceedings on or before July 19. Dkt.#41 ¶ 34. After July 19, the parties will wait for

18    approximately one to two months for the court's ruling on the parties' preliminary injunction

19    applications. 2d M.Park Decl. ¶ 3. No further proceedings are on calendar in Korea. *Id.* ¶ 4.

20          There is also no likelihood that the parties will retread what has already occurred in Korea.

21    No witnesses testified in Korea, and the parties did not engage in anything resembling document

22    discovery. Dkt.#41 ¶¶ 28, 30-31, 33. Rather, the parties submitted written briefs along with

23    evidence they already had in their own possession. *Id.* ¶ 41. Furthermore, the parties in Korea have

24

PLAINTIFF'S OPPOSITION TO MOTION TO STAY DISCOVERY - 12
Case No. 2:23-cv-00576-TL

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

1   only litigated issues of Korean law. *Id.* ¶ 45. No work has been done on issues of United States

2   law. *Id.* Thus, any discovery taken here will not be a re-do of what has occurred in Korea.

3       Moreover, if the Court denies Defendants' FNC Motion—which is likely given its

4   numerous defects—the stay would prejudice all parties by imposing an unnecessary delay in

5   resolution of the dispute.

6       Defendants' contention that they are "cost-conscious" Defendants who will settle an

7   "anemic" case to avoid discovery is contrary to the evidence. Dkt.#44, at 6 (citing *Bell Atlantic*

8   *Corp. v. Twombly*, 550 U.S. 544, 559 (2007)). Choi has stated he obtained financing to develop

9   Dark and Darker (Dkt.#40 ¶ 59), and those financiers have supported a team of 30 full-time

10  employees, apparently for more than a year, even with no significant revenue coming in.  *See*

11  Dkt.#32 ¶ 16. The evidence is clear that Defendants are backed by deep pockets, and Defendants—

12  despite submitting four evidentiary declarations on reply—have submitted no evidence that

13  litigating this case pending determination of the FNC Motion is outside the means of their deep-

14  pocketed backers. Furthermore, by failing to move to dismiss for failure to state a claim,

15  Defendants have effectively conceded Nexon's claims pass the threshold for meriting discovery

16  and are not "anemic." *Twombly*, 550 U.S. at 559.

17      Even if there was evidence that Defendants' financiers were under a significant financial

18  burden—which there is not—Defendants' claim that they need to translate "thousands of pages of

19  exhibits" submitted in Korean proceedings costing "hundreds of thousands of dollars, if not much

20  more," is grossly exaggerated. Dkt.#44, at 7. Some documents, such as the parties' DMCA

21  correspondence, were originally prepared in English. Dkt.#31, at 116. Other documents, such as

22  extensive discussions of Korean copyright law, would be of no value to either this Court or a jury.

23  *See, e.g. id.* at 39-40, 45 (discussing Korean precedent). Translations of other documents can be

24

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

limited to relevant portions. For example, the portions of Nexon's employment policies referencing confidentiality obligations may need to be translated, but Defendants have shown no need to translate all employment policies. While none of Defendants' U.S. legal team may speak Korean, Defendants clearly have bilingual people working for them that can spare them the expense of paying for certified translations of irrelevant material.

Finally, delaying commencement of discovery would only increase the likelihood that critical evidence will be unavailable once discovery begins. Defendants began concealing evidence when Choi deleted his personal servers to prevent Nexon from conducting a forensic audit of how he used the data he stole. Dkt.#40 ¶ 40. Defendants continued to suppress evidence by refusing to produce source code in Korean litigation. Dkt.#41 ¶¶ 28-31, 35- 37. While Defendants publicly claim to be committed to transparency, they have taken every step in their power to avoid letting the full truth come to light when brought to court.

Defendants have hidden the evidence of their wrongdoing long enough. Defendants have not set forth any good cause for more delay.

## IV.  CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Stay Motion.

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

1  DATED this 19th day of July, 2023.

2      *I certify that this memorandum contains 4,128 words, in compliance with the Local Civil*

3  *Rules.*

4                 STOKES LAWRENCE. P.S.

5                 By:  */s/ Shannon M. Jost*

6                       Shannon M. Jost (WSBA #32511)
                     Shannon.Jost@stokeslaw.com

7                 By:  */s/ Joshua D. Harms*
                     Joshua D. Harms (WSBA #55679)

8                       Joshua.Harms@stokeslaw.com
                     1420 Fifth Avenue, Suite 3000

9                       Seattle, Washington 98101-2393
                     Phone:+1 (206) 626-6000

10                       Fax:   +1 (206) 464-1496

11                 *and*

12                 ARNOLD & PORTER KAYE SCHOLER LLP

13                 By:  */s/ James S. Blackburn*
                     James S. Blackburn (*pro hac vice*)

14                       James.Blackburn@arnoldporter.com

15                 By:  */s/ Oscar Ramallo*
                     Oscar Ramallo (*pro hac vice*)

16                       Oscar.Ramallo@arnoldporter.com
                     777 South Figueroa Street, 44th Floor

17                       Los Angeles, California 90017
                     Phone:+1 (213) 243-4000

18                       Fax:   +1 (213) 443-4199

19                 By:  */s/ James K. Lee*
                     James K. Lee (*pro hac vice*)

20                       James.Lee@arnoldporter.com

21                 By:  */s/ So Min Lee*
                     So Min Lee (*pro hac vice*)

22                       Somin.lee@arnoldporter.com
                     20F, Concordian

23                       76 Saemunan-ro, Jongno-gu
                     Seoul, Korea (03185)

24                       Phone:+82 2 6744-2000
                     Fax:   +82 2 6744-2099

PLAINTIFF'S OPPOSITION TO MOTION TO STAY DISCOVERY - 15
Case No. 2:23-cv-00576-TL

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

By: /s/ John R. Sabacinski
John R. Sabacinski (*pro hac vice*)
John.Sabacinski@arnoldporter.com
70 West Madison Street
Suite 4200
Chicago, Illinois 60602
Phone: +1 (312) 583-2300
Fax:    +1 (312) 583-2360

Counsel for Plaintiff NEXON Korea Corporation

PLAINTIFF'S OPPOSITION TO MOTION TO STAY DISCOVERY - 16
Case No. 2:23-cv-00576-TL

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000