HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NEXON KOREA CORPORATION, a Korean Corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>IRONMACE CO., LTD., a Korean Corporation; JU-HYUN CHOI, individually; and TERENCE SEUNGHA PARK, individually,<br><br>        Defendants. | Case No.: 2:23-cv-00576-TL<br><br>PLAINTIFF'S SURREPLY TO STRIKE MATTER FILED IN CONNECTION WITH DEFENDANTS' MOTION TO DISMISS ON GROUNDS OF *FORUM NON CONVENIENS*<br><br>NOTE ON MOTION CALENDAR: FRIDAY, JULY 14, 2023<br><br>ORAL ARGUMENT REQUESTED |

Defendants based their *forum non conveniens* motion on a curated and misleading presentation of the facts, including that (i) the pertinent forum selection clauses cover all disputes that "relate to" the agreements; (ii) the clauses constituted an agreement to bring any claims, arising anywhere, in "Korea"; and (iii) all relevant conduct occurred exclusively in Korea. Now that Nexon has exposed Defendants' misleading premises, Defendants attempt a do-over, submitting four new declarations on reply, including from two previously undisclosed experts. Because Defendants "could have" addressed these matters in their moving papers but *chose* not to, so that their motion would artificially appear stronger at first glance, they should be stricken. *S&W Forest Prod. Ltd. v. Cedar Shake & Shingle Bureau*, 2019 WL 1489862, at *6 (W.D. Wash. Apr. 3, 2019).

PLAINTIFF'S SURREPLY TO STRIKE MATTER FILED IN CONNECTION WITH DEFENDANTS' MOTION TO DISMISS ON GROUNDS OF FORUM NON CONVENIENS - 1 -
Case No. 2:23-cv-00576-TL

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

Nexon would suffer prejudice if the Court were to allow Defendants a mulligan to which Nexon is not permitted to respond fully, including with respect to the following:

**<u>Jurisdiction in Seoul</u>**

In advocating *Seoul* forum selection clauses, Defendants had the burden of proving they were subject to jurisdiction in *Seoul*. Instead, Defendants misleadingly characterized the clauses as "Korean Forum Selection Clauses" (Dkt.#29 at 10), and Jeon's original declaration was carefully worded to consent to jurisdiction only in *Suwon* (Dkt.#31 ¶¶ 26-27). Because Defendants could have established they were subject to jurisdiction in Seoul in their moving papers, the Court should strike Jeon's belated non-objection to suit in Seoul. Dkt.#47 ¶ 5.

**<u>Inconsistent Positions on Seoul Jurisdiction</u>**

In advocating Seoul forum selection clauses, Defendants knew they would need to explain the contradiction with their position in Suwon in which Defendants stated in writing to the Suwon court that "Seoul Central District Court" was not "the competent court with jurisdiction" for a claim against Choi for stealing trade secrets (Dkt.#41-1) and orally that Seoul "has no jurisdiction over the case" (Dkt.#41 ¶ 23). Jeon's denial that Defendants took an inconsistent position is belated and not credible: he fails to offer any way to reconcile Defendants' statements in Suwon with his bald denial. Dkt.#47 ¶ 5.

**<u>Scope of Forum Selection Clauses</u>**

Defendants' motion argued the parties intended the forum selection clauses to cover disputes "related to" the agreements as that term is used in U.S. caselaw and offered *no other possible interpretation* of the Korean-language phrase. Instead of attempting to support their original argument, Defendants advance a new theory from Professor Lee that the Korean words

PLAINTIFF'S SURREPLY TO STRIKE MATTER FILED IN CONNECTION WITH DEFENDANTS' MOTION TO DISMISS ON GROUNDS OF FORUM NON CONVENIENS - 2 -
Case No. 2:23-cv-00576-TL

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

have a "broad scope" that cover this dispute.[1] Dkt.#49 ¶ 17. But Lee's one-paragraph opinion about what the parties intended is inadmissible *ipse dixit*. He does not address Professor Suk's analysis that the agreements were directed to Park's and Choi's employment, not post-employment torts committed at a company that did not exist during the time of employment. Dkt.#42 ¶¶ 27-30. He does not address how Seoul could be considered the "exclusive jurisdiction" for the dispute when Ironmace initiated litigation in Suwon and Defendants continue to argue that Suwon is the preferred forum. Because Lee does not advance the theory in the moving papers and because his declaration is not based on sufficient facts or data, it should be stricken. Fed. R. Evid. 702(b).

Both Professor Lee and Defendants' new translator argue "arising out of" and "arising under" are not the most appropriate translations of the relevant terms. Dkt.#46 ¶ 7; Dkt.#49 ¶ 17. These opinions are irrelevant (Fed. R. Evid. 402) because they fail to address Nexon's attack on Defendants' original theory, *i.e.* Korean speakers do not distinguish between the concepts of "related to" and "arising under" in the same manner as United States caselaw. Dkt.#42 ¶ 12.

**International Jurisdiction**

Professor Lee advances an argument that the forum selection clauses fall under "international jurisdiction" based on the flawed premise that the clauses were intended to cover post-employment tortious conduct at Ironmace that impacts other jurisdictions like the United States, rather than Choi's and Park's employment in Korea. Dkt.#49 ¶¶ 9-16, 18-19. Professor Lee's opinion is unsupported by evidence and contradicts Defendants' original contention that this is an exclusively Korea-centered dispute. Dkt.#29, at 14-15. Because Defendants knew they were

---

[1] Defendants admit that alternative translations offered by Nexon are "reasonably accurate" but do not offer any explanation for why they chose not to disclose those alternatives earlier. Dkt.#46 ¶ 6.

PLAINTIFF'S SURREPLY TO STRIKE MATTER FILED IN CONNECTION WITH DEFENDANTS' MOTION TO DISMISS ON GROUNDS OF FORUM NON CONVENIENS - 3 -
Case No. 2:23-cv-00576-TL

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

seeking to enforce Korean contracts when they filed the motion, Defendants should have included these lengthy arguments in their motion, rather than reserving them for reply.

**Source Code Production**

Defendants' motion falsely claimed Korean judges were reviewing Ironmace's source code. Dkt.#29 at 1. Rather than owning their mistake, on reply, Defendants lash out and blame Nexon for Defendants' lack of production and accuse Nexon of "bad faith." Dkt.#45 at 8. Jeon declares that Nexon should have employed certain Korean document request procedures, rather than seeking documents informally. Dkt.#47 ¶¶ 7-21, 23-24.

If given the opportunity, Nexon would have explained that the procedures Jeon cites are not used in practice in preliminary injunction proceedings because parties usually submit evidence they have at hand and, because time is of the essence in preliminary injunction proceedings, the document request procedures are rarely used as they are too time-consuming. Moreover, the procedures are likely inapplicable in merits and preliminary injunction proceedings to confidential source code,[2] and, even if applicable, the "sanctions" on Defendants for noncompliance would be ineffective. *See* Dkt.#41 ¶¶ 39-42; Dkt.#42 ¶¶ 31-34. Defendants knew they had the burden of proving Korea as an adequate forum and that their non-production of source code was hotly disputed. Rather than falsely suggesting that they had already provided the Korean court Ironmace's source code and manufacturing a distorted excuse for non-production in reply, Defendants should have included their position in their moving papers.

---

[2] Nexon may request documents Defendants "quoted in a lawsuit" (Korean Civil Procedure Act, art. 344(1)) and that were not created "for use only by [Defendants]" (Dkt.#42 ¶ 33).

PLAINTIFF'S SURREPLY TO STRIKE MATTER FILED IN CONNECTION WITH DEFENDANTS' MOTION TO DISMISS ON GROUNDS OF FORUM NON CONVENIENS - 4 -
Case No. 2:23-cv-00576-TL

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

### Language of Source Code

Defendants' motion falsely claimed Ironmace's *source code* is in Korean. Dkt.#29 at 5. On reply, Park submits another evasive declaration claiming Ironmace's *programming notes* are in Korean, without taking a clear position on *source code*. Dkt.#48 ¶ 2. Park's testimony on whether the contents of source code and programming notes are in English or Korean is inadmissible. Fed. R. Evid. 1002.

Defendants have the burden of establishing "a clear showing of facts" entitling them to dismissal. *Bos. Telecommunications Grp., Inc. v. Wood*, 588 F.3d 1201, 1206 (9th Cir. 2009). Defendants' sandbagged declarations cannot meet that standard and should be stricken.

PLAINTIFF'S SURREPLY TO STRIKE MATTER FILED IN CONNECTION WITH
DEFENDANTS' MOTION TO DISMISS ON GROUNDS OF FORUM NON
CONVENIENS - 5 -
Case No. 2:23-cv-00576-TL

STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

1  DATED this 19th day of July, 2023.

2  *I certify that this memorandum contains 1,022 words, in compliance with the Local Civil*

3  *Rules.*

STOKES LAWRENCE. P.S.

By: */s/ Shannon M. Jost*
    Shannon M. Jost (WSBA #32511)
    Shannon.Jost@stokeslaw.com

By: */s/ Joshua D. Harms*
    Joshua D. Harms (WSBA #55679)
    Joshua.Harms@stokeslaw.com
    1420 Fifth Avenue, Suite 3000
    Seattle, Washington 98101-2393
    Phone: +1 (206) 626-6000
    Fax:   +1 (206) 464-1496

*and*

ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ James S. Blackburn*
    James S. Blackburn (*pro hac vice*)
    James.Blackburn@arnoldporter.com

By: */s/ Oscar Ramallo*
    Oscar Ramallo (*pro hac vice*)
    Oscar.Ramallo@arnoldporter.com
    777 South Figueroa Street, 44th Floor
    Los Angeles, California 90017
    Phone: +1 (213) 243-4000
    Fax:   +1 (213) 443-4199

By: */s/ James K. Lee*
    James K. Lee (*pro hac vice*)
    James.Lee@arnoldporter.com

By: */s/ So Min Lee*
    So Min Lee (*pro hac vice*)
    Somin.lee@arnoldporter.com
    20F, Concordian
    76 Saemunan-ro, Jongno-gu
    Seoul, Korea (03185)
    Phone: +82 2 6744-2000
    Fax:   +82 2 6744-2099

PLAINTIFF'S SURREPLY TO STRIKE MATTER FILED IN CONNECTION WITH
DEFENDANTS' MOTION TO DISMISS ON GROUNDS OF FORUM NON
CONVENIENS - 6 -
Case No. 2:23-cv-00576-TL

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

| | |
|---|---|
| By: | */s/ John R. Sabaciniski* |
| | John R. Sabacinski (*pro hac vice*) |
| | John.Sabacinski@arnoldporter.com |
| | 70 West Madison Street |
| | Suite 4200 |
| | Chicago, Illinois 60602 |
| | Phone: +1 (312) 583-2300 |
| | Fax:  +1 (312) 583-2360 |

Counsel for Plaintiff NEXON Korea Corporation

PLAINTIFF'S SURREPLY TO STRIKE MATTER FILED IN CONNECTION WITH DEFENDANTS' MOTION TO DISMISS ON GROUNDS OF FORUM NON CONVENIENS - 7 -
Case No. 2:23-cv-00576-TL

**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000