1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

The Honorable Tana Lin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

NEXON KOREA CORPORATION, a Korean
Corporation,

      Plaintiff,

      v.

IRONMACE CO., LTD., a Korean
Corporation; JU-HYUN CHOI, individually;
and TERENCE SEUNGHA PARK,
individually,

      Defendants.

Case No. 2:23-cv-00576-TL

**DEFENDANTS' REPLY TO
PLAINTIFF'S OPPOSITION TO
MOTION FOR RELIEF FROM
INTIAL DISCLOSURES DEADLINE
AND FOR A PROTECTIVE ORDER
TO STAY DISCOVERY PENDING
RESOLUTION OF MOTION TO
DISMISS**

NOTE ON MOTION CALENDAR:
JULY 21, 2023

ORAL ARGUMENT REQUESTED

REPLY RE DEFENDANTS' MOTION FOR RELIEF FROM
INITIAL DISCLOSURES DEADLINE AND FOR
PROTECTIVE ORDER TO STAY DISCOVERY
No. 2:23-CV-00576-TL
43223-00002/4880559.5

**GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP**
2049 Century Park East, Suite 2600
Los Angeles, California 90067
(310) 553-3610

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION...................................................................................................1

II.    GOOD CAUSE EXISTS TO STAY DISCOVERY. ....................................................1

       A.     The FNC Motion is Dispositive. ..........................................................1

       B.     The FNC Motion Can Be Decided Without Additional Discovery. ...................2

       C.     The Risk of Prejudice to Defendants Supports Granting a Stay. ........................2

III.    A "PRELIMINARY PEEK" AT THE FNC MOTION SUPPORTS A STAY..............4

REPLY RE DEFENDANTS' MOTION FOR RELIEF FROM
INITIAL DISCLOSURES DEADLINE AND FOR
PROTECTIVE ORDER TO STAY DISCOVERY - i
No. 2:23-CV-00576-TL
43223-00002/4880559.5

**GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP**
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Baldwin v. Athens Gate Belize, LLC*,
18-CV-00586-PAB-NYW, 2018 WL 11431443 (D. Colo. Nov. 9, 2018) ...........................3

*Bosh v. United States*,
C19-5616-BHS, 2019 WL 5684162 (W.D. Wash. Nov. 1, 2019)........................................4

*Cattle Co., Inc. v. Morgan*,
18-CV-1213-EFM-TJJ, 2018 WL 4538448 (D. Kan. Sept. 21, 2018) ..................................1

*Commc'ns Gateway Co. v. Gartner, Inc.*,
3:20-CV-00700, 2021 WL 1222198 (D. Conn. Mar. 31, 2021).............................................1

*Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.*,
61 F.3d 696 (9th Cir. 1995)...............................................................................................6

*Joglo Realities Inc. v. Dep't of Env't Conservation*,
16CV1666ARRCLP, 2016 WL 11480895 (E.D.N.Y. Oct. 17, 2016)..................................4

*Kleiman v. Wright*,
18-CV-80176-BB, 2018 WL 8620096 (S.D. Fla. Aug. 2, 2018) ....................................1, 3

*New World Med. Inc. v. Microsurgical Tech. Inc.*,
220CV01621RAJBAT, 2021 WL 366106 (W.D. Wash. Feb. 3, 2021) ...............................3

*Petitt v. Altman*,
C21-1366RSL, 2022 WL 670921 (W.D. Wash. Mar. 7, 2022)......................................2, 5

*SSI (U.S.), Inc. v. Ferry*,
SACV212073JVSPDX, 2021 WL 4812952 (C.D. Cal. May 25, 2021) ...............................1

*Transunion Corp. v. PepsiCo, Inc.*,
811 F.2d 127 (2d Cir. 1987) ...............................................................................................1

*Travelers Prop. Cas. Co. of Am. v. H.D. Fowler Co.*,
C19-1050-JCC, 2020 WL 832888 (W.D. Wash. Feb. 20, 2020) ........................................2

*Viggiano v. Johnson*,
No. CV147250DMGMRWX, 2016 WL 5110500 (C.D. Cal. June 21, 2016) ......................4

*Vivendi, S.A. v. T-Mobile USA, Inc.*,
C06-1524JLR, 2007 WL 1168819 (W.D. Wash. Apr. 18, 2007)....................................1, 3

REPLY RE DEFENDANTS' MOTION FOR RELIEF FROM
INITIAL DISCLOSURES DEADLINE AND FOR
PROTECTIVE ORDER TO STAY DISCOVERY - ii
No. 2:23-CV-00576-TL
43223-00002/4880559.5

**GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP**
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

## I.      INTRODUCTION

The parties have fully briefed a dispositive motion to dismiss for *forum non conveniens* ("FNC Motion") that, if granted, will end this case.  Given the burden of conducting English-language discovery when all of the parties are Korean, their witnesses speak Korean, and their documents are written in Korean, the Court should stay discovery pending resolution of that motion.

## II.      GOOD CAUSE EXISTS TO STAY DISCOVERY.

### A.      The FNC Motion is Dispositive.

If the Court grants the FNC Motion, this action will end.  For that reason, courts routinely grant stays of discovery while a *forum non conveniens* motion is pending.  *Vivendi, S.A. v. T-Mobile USA, Inc.*, C06-1524JLR, 2007 WL 1168819, at *2 (W.D. Wash. Apr. 18, 2007) (granting stay because a "motion to dismiss for *forum non conveniens* does not generally warrant detailed development of the case through discovery" and allowing discovery "would pose an undue burden" on defendants); *Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 128 (2d Cir. 1987) (affirming stay of discovery pending *forum non conveniens* motion); *Commc'ns Gateway Co. v. Gartner, Inc.*, 3:20-CV-00700 (VAB), 2021 WL 1222198, at *5 (D. Conn. Mar. 31, 2021) (granting stay pending *forum non conveniens* motion); *Kleiman v. Wright*, 18-CV-80176-BB, 2018 WL 8620096, at *2 (S.D. Fla. Aug. 2, 2018) (same).[1]  Courts do this, of course, because a successful *forum non conveniens* motion ends the litigation in that forum.  *E.g.*, *3-B Cattle Co., Inc. v. Morgan*, 18-CV-1213-EFM-TJJ, 2018 WL 4538448, at *2 (D. Kan. Sept. 21, 2018) ("If the motion is granted, this case would either be dismissed or transferred. Either result would be a final conclusion of this case.").

*//*

---

[1] Defendants also cited in their moving papers *SSI (U.S.), Inc. v. Ferry*, SACV212073JVSPDX, 2021 WL 4812952, at *3 (C.D. Cal. May 25, 2021).  Contrary to Nexon's assertions, the Court in *SSI* did grant a motion to stay based on a pending *forum non conveniens* motion.  Nexon attempts to distinguish the case by taking out of context a statement the Court made declining to adopt the argument that a *forum non conveniens* motion <u>invariably</u> requires a stay of discovery, though the Court concluded a stay was nevertheless warranted.  *Id.* at *4.

REPLY RE DEFENDANTS' MOTION FOR RELIEF FROM
INITIAL DISCLOSURES DEADLINE AND FOR
PROTECTIVE ORDER TO STAY DISCOVERY - 1
No. 2:23-CV-00576-TL
43223-00002/4880559.5

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

1

**B.      The FNC Motion Can Be Decided Without Additional Discovery.**

2

Nexon argues that the FNC Motion "raises factual issues" and so a stay is improper.

3
Dkt.#51, at 14.  But that is not the standard; instead, courts consider whether the pending

4
motion may be decided without additional discovery.  *Travelers Prop. Cas. Co. of Am. v. H.D.*

5
*Fowler Co.*, C19-1050-JCC, 2020 WL 832888, at *1 (W.D. Wash. Feb. 20, 2020).  Nexon has

6
conceded that it needs no further discovery to oppose the FNC Motion; indeed, the motion is

7
fully briefed.  This factor too favors a stay.  *Petitt v. Altman*, C21-1366RSL, 2022 WL 670921,

8
at *1 (W.D. Wash. Mar. 7, 2022) (granting stay because "[t]he motion is fully briefed, and

9
plaintiff has not shown a need for discovery from defendant at this point in the litigation").

10

**C.      The Risk of Prejudice to Defendants Supports Granting a Stay.**

11

Nexon severely downplays the prejudice to Defendants if discovery commences here,

12
suggesting that discovery in the U.S. is no more burdensome than if it proceeded in Korea.

13
Dkt.#51, at 16.  But Nexon ignores the massive language barrier between English and Korean.

14
As explained in detail in Defendants' Motion, all of the parties and witnesses are Korean-

15
speakers living in Korea.  All relevant evidence will be in Korean.  Dkt.#31–33.

16

While Nexon blithely suggests that "[s]ome documents, such as the parties' DMCA

17
correspondence" are in English (Dkt.#51, at 17), two letters exchanged by U.S. counsel do not

18
tip the scales given the scope of evidence in Korean.  This dispute is about whether Defendants

19
misappropriated trade secrets from Nexon and whether the game they designed infringes

20
Nexon's copyrights.   If Nexon's approach to litigating this case so far is any indication, it will

21
likely seek burdensome and wide-ranging discovery.  The key evidence will involve, among

22
other things:

23
- Emails among Nexon's P3 Project team reflecting P3 development and the work

24
   Choi and Park performed.

25
- Project notes, planning documents, market research, and purported "trade

26
   secrets" developed by Nexon.

27

REPLY RE DEFENDANTS' MOTION FOR RELIEF FROM
INITIAL DISCLOSURES DEADLINE AND FOR
PROTECTIVE ORDER TO STAY DISCOVERY - 2
No. 2:23-CV-00576-TL
43223-00002/4880559.5

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

1

2

- Emails, project notes, planning documents, and other documentation of the development of *Dark and Darker* by Defendants.

3

All of these are in Korean.

4

5

6

7

8

9

Nexon's suggestion that some "bilingual people" working for Defendants can simply determine what is relevant and isolate that material for translation is wholly unrealistic. Discovery involves more than hand-selecting a few "relevant" documents—it involves identification of sources of information and custodians, collection of that material, and painstaking review to determine if any material has the potential to lead to the discovery of admissible evidence.  Translation will be necessary even to ascertain what might be relevant.

10

11

12

13

14

15

16

17

18

19

20

Indeed, it is this inherent burden that causes courts to grant discovery stays pending a *forum non conveniens* motion.  *See Vivendi*, 2007 WL 1168819, at *2 ("permitting [plaintiff] to engage in extensive discovery would pose an undue burden on [] Defendants").  Conducting "extensive discovery in a foreign jurisdiction is likely to be expensive and time-consuming both for the court and for the parties." *Baldwin v. Athens Gate Belize, LLC*, 18-CV-00586-PAB-NYW, 2018 WL 11431443, at *2 (D. Colo. Nov. 9, 2018); *see also Kleiman*, 2018 WL 8620096, at *2 ("[T]he high burden on engaging in discovery, much of which will involve locating evidence and witnesses in London and Australia, . . . outweighs the potential harm to Plaintiffs for any discovery delay.").  Requiring foreign defendants, all of whom are located in Korea and all of whose relevant documents are in Korean, to begin conducting discovery in the U.S. would be unduly burdensome.[2]

21

22

By contrast, Nexon cannot show any prejudice.  A delay of the commencement of discovery at the outset of a case is not inherently prejudicial.  *New World Med. Inc. v.*

23

24

25

26

27

[2] Nexon speculates, without evidence, that this burden should be discounted because Defendants must have "deep pocketed" backers. Dkt.#51, at 17.  A party need not be on the brink of insolvency to be spared from undue burden, nor must the Court evaluate confidential financial records to conclude that discovery in a foreign language in a foreign litigation is expensive and burdensome.  Nexon seems to chafe at the suggestion that it is a large company trying to put a small company out of business.  It has only itself to blame for that.

REPLY RE DEFENDANTS' MOTION FOR RELIEF FROM
INITIAL DISCLOSURES DEADLINE AND FOR
PROTECTIVE ORDER TO STAY DISCOVERY - 3
No. 2:23-CV-00576-TL
43223-00002/4880559.5

**GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP**
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

1  *Microsurgical Tech. Inc.*, 220CV01621RAJBAT, 2021 WL 366106, at *1 (W.D. Wash. Feb. 3,

2  2021) ("New World will not be prejudiced by the requested extension as the case is in its

3  infancy and no discovery has been planned.").  Nexon's only argument is that there is a risk of

4  ongoing harm because "Defendants are continuing to develop an infringing game . . . ."

5  Dkt.#51, at 15.  This argument is, of course, speculative.  More to the point, Nexon has *already*

6  moved for a preliminary injunction in Korea to halt the distribution of *Dark and Darker*.  If

7  there were any "ongoing" harm, that Korean proceeding will be able to address it in full.  By

8  contrast, this newly filed U.S. litigation will not be resolved for many months, if not years—

9  that timetable does not meaningfully change if discovery is deferred pending resolution of the

10  FNC Motion.

11       Nexon also suggests that a stay may be prejudicial because it "would only increase the

12  likelihood that critical evidence will be unavailable once discovery begins."  Dkt.#51, at 18.

13  Nexon bases that argument on its false allegation that Defendants have concealed evidence.  *Id.*

14  But fears about document preservation do not warrant denial of a stay because Defendants "are

15  required to keep all relevant documents once a potential claim is ascertained."  *Viggiano v.*

16  *Johnson*, No. CV147250DMGMRWX, 2016 WL 5110500, at *3 (C.D. Cal. June 21, 2016)

17  (granting a stay notwithstanding claim of prejudice as a result of document destruction); *Joglo*

18  *Realities Inc. v. Dep't of Env't Conservation*, 16CV1666ARRCLP, 2016 WL 11480895, at *5

19  (E.D.N.Y. Oct. 17, 2016) (granting stay because "much of the evidence involved in this case

20  will be documentary, and defendants are already under a duty to preserve that information").

21  **III.    A "PRELIMINARY PEEK" AT THE FNC MOTION SUPPORTS A STAY.**

22       Courts in this District may take what is "characterized as a 'preliminary peek' at the

23  merits of a potentially dispositive motion to assess the propriety of an order to stay discovery

24  during the underlying motion's pendency." *Bosh v. United States*, C19-5616-BHS, 2019 WL

25  5684162, at *1 (W.D. Wash. Nov. 1, 2019).  The Court need not conclude that the pending

26  dispositive motion is guaranteed to succeed or "inevitable," as Nexon characterizes the

27

REPLY RE DEFENDANTS' MOTION FOR RELIEF FROM
INITIAL DISCLOSURES DEADLINE AND FOR
PROTECTIVE ORDER TO STAY DISCOVERY - 4
No. 2:23-CV-00576-TL
43223-00002/4880559.5

1    standard (Dkt.#51, at 10); rather, it is enough that "the moving papers show[] that there is a

2    'real question whether'" the claims will be able to proceed.  *Petitt*, 2022 WL 670921, at *1

3    (quoting *Wood v. McEwen*, 644 F.2d 797 (9th Cir. 1981)).  A "preliminary peek" at the FNC

4    Motion confirms that this action should *not* proceed in the United States.

5         First and foremost, Nexon has done nothing to rebut the presumptive validity of the

6    governing Korean forum selection clauses.  The following facts are uncontroverted:

7    - Nexon's claims are that Choi and Park misappropriated trade secrets —in

8      violation of their Employment Agreements and Acknowledgments about

9      Company IP—and formed a new company, Ironmace, through which they have

10     continued to misuse Nexon's trade secrets and infringe its copyrights.

11   - The relevant agreements have mandatory forum selection clauses requiring all

12     disputes "relating to" the contracts to be heard exclusively in the Seoul District

13     Court in Korea.

14   -  Nexon's claims are therefore governed by those forum selection clauses.

15        In the face of this straightforward argument, Nexon offered two responses:  First, that

16   there might be alternate translations of the phrase "relating to" in the forum selection clauses.

17   Second, that a Korean court applying Korean law would not understand the forum selection

18   clauses to govern in this U.S. action.  These arguments are meritless.  Nexon did not offer a

19   certified translation contradicting the certified translations Defendants submitted.  And in

20   response to Nexon's out-of-left-field argument that the Korean words do not mean what they

21   say, Defendants submitted a rebuttal declaration from a Korean language professor who

22   affirmed that the words meant "relating to," and not "arising under," as well as a rebuttal from

23   a professor of Korean law.  Dkt.#46; Dkt.#49.  But Nexon's arguments are a sideshow.  It is

24   federal law, not Korean law, that governs the scope of the forum selection clauses.  Dkt.#45, at

25   10.

26

27

REPLY RE DEFENDANTS' MOTION FOR RELIEF FROM
INITIAL DISCLOSURES DEADLINE AND FOR
PROTECTIVE ORDER TO STAY DISCOVERY - 5
No. 2:23-CV-00576-TL
43223-00002/4880559.5

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

1    In light of the controlling forum selection clauses, all the Court must consider is

2   whether Korea is an adequate and available alternate forum and whether the public interest

3   factors favor dismissal.  Even a cursory examination confirms both.

4    Nexon has already filed litigation against Defendants on these same claims in Korea,

5   thereby conceding that Korea is an adequate and available forum.  To hide from this

6   conclusion, Nexon argued that because the parties are currently litigating in *Suwon* and not

7   *Seoul*, Seoul is not an available forum.  Nexon never had any authority for this proposition and

8   Defendants rebutted it with evidence that they never denied the jurisdiction of the Seoul

9   District Court and would readily submit to it if Nexon chooses to litigate in Seoul rather than

10  Suwon.  Dkt.#47.  Nexon also argued that Korea is inadequate because Nexon was unable to

11  obtain source code in the Korean litigation.  In reply, Defendants explained that unavailability

12  of discovery would not render an alternate forum "inadequate," (Dkt.#45, at 11–12) and that

13  Nexon was misleading this Court because ***Nexon had never even asked the Korean court to***

14  ***order production of source code, which it could have***.[3]

15    As to the public interest factors, Washington and its citizens have no interest in a

16  dispute between Korean parties over conduct that took place entirely in Korea.  *See Creative*

17  *Tech., Ltd. v. Aztech Sys. Pte., Ltd.*, 61 F.3d 696, 704 (9th Cir. 1995).  Finally, if the Court were

18  to consider the private interest factors, those overwhelmingly support dismissal, as the likely

19  witnesses are located in Korea and speak Korean and all of the documentary evidence is written

20  in Korea.  Nexon has never presented any meaningful counterargument to address these

21  obvious burdens.

22  //

23

24

---

25  [3] Nexon concedes this in its surreply, simply arguing that it *chose* not to pursue this discovery
    yet "because time is of the essence in preliminary injunction proceedings [and] the document
26  request procedures are rarely used as they are too time-consuming."  Dkt.#53.  Nexon does not
    dispute that (a) it could have sought a document production order already but did not and (b) if
27  the Korean litigation proceeds past the preliminary injunction stage, Nexon will have ample
    time and opportunity to seek such an order then.

REPLY RE DEFENDANTS' MOTION FOR RELIEF FROM
INITIAL DISCLOSURES DEADLINE AND FOR
PROTECTIVE ORDER TO STAY DISCOVERY - 6
No. 2:23-CV-00576-TL
43223-00002/4880559.5

**GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP**
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DATED July 21, 2023

By:     _s/ Aaron J. Moss_____
          Aaron J. Moss

**GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER  LLP**
Aaron J. Moss (*pro hac vice*)
Joshua M. Geller (*pro hac vice*)
Emily G. Avazian (*pro hac vice*)
2049 Century Park East, Suite 2600
Los Angeles, California  90067
Tel: 310.553.3610/ Fax: 310.553.0687
Email:  amoss@ggfirm.com
Email:  jgeller@ggfirm.com
Email:  eavazian@ggfirm.com

Respectfully submitted,

By:     _s/ Michael E. Chait_____
          Michael E. Chait

**SAVITT BRUCE & WILLEY LLP**

Michael E Chait, WSBA #48842
Chris J. Lindemeier, WSBA #55515
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
Tel: 206.749.0500/ Fax: 206.749.0600
Email:  mchait@sbwLLP.com
Email:  clindemeier@sbwLLP.com

*Attorneys for Defendants*

*I certify that this memorandum contains* **2,092** *words, in compliance with the Local Civil Rules.*

REPLY RE DEFENDANTS' MOTION FOR RELIEF FROM INITIAL DISCLOSURES DEADLINE AND FOR PROTECTIVE ORDER TO STAY DISCOVERY - 7
No. 2:23-CV-00576-TL
43223-00002/4880559.5

**GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER  LLP**
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

## CERTIFICATE OF SERVICE

I hereby declare under penalty of perjury under the laws of the United States of America that on this date, the foregoing document was filed electronically with the Court and thus served simultaneously upon all counsel of record.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on July 21, 2023.

_____
Kristine Nicolas

CERTIFICATE OF SERVICE
No. 2:23-CV-00576-TL

**GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP**
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

43223-00002/4880559.5