The Honorable Tana Lin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

NEXON KOREA CORPORATION, a Korean Corporation,

    Plaintiff,

    v.

IRONMACE CO., LTD., a Korean Corporation; JU-HYUN CHOI, individually; and TERENCE SEUNGHA PARK, individually,

    Defendants.

Case No. 2:23-cv-00576-TL

**DEFENDANTS' ANSWER TO COMPLAINT**

**JURY DEMAND**

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067
(310) 553-3610

1

Defendants Ironmace Co., Ltd. ("Ironmace"), Ju-Hyun Choi ("Choi"), and Terence

2

Seungha Park ("Park") (collectively, "Defendants") answer the Complaint filed by Nexon

3

Korea Corporation ("Nexon") as follows.  Defendants are filing this Answer subject to the

4

dispositive Motion to Dismiss for *Forum Non Conveniens* filed on June 22, 2023, which is

5

currently pending before the Court, and, as set forth in greater detail below, expressly

6

incorporate the defenses raised in that motion.[1]

7

1.     The allegations contain argument and legal conclusions that are not directed at

8

Defendants and therefore do not require a response.[2]  To the extent any response is required,

9

however, Defendants admit that Nexon filed the instant Complaint, which speaks for itself,

10

admit that Choi and Park are former employees of Nexon who worked on a project referred to

11

as the "P3 Project" while at Nexon, and admit that Defendants have developed a video game

12

called *Dark and Darker*.  Except as expressly admitted, Defendants deny the allegations in

13

Paragraph 1.  In addition, and without limiting the foregoing, Defendants specifically and

14

categorically deny that Defendants stole any materials from Nexon, that any of Nexon's

15

materials were used to develop *Dark and Darker*, or that *Dark and Darker* is substantially

16

similar to any game developed by Nexon.

17

2.     Defendants admit that Nexon develops videogames and that there was a

18

development project at Nexon referred to as P3 on which Choi served as the director.

19

Defendants admit that former Nexon employees who worked on P3 have joined Ironmace,

20

including Park and Choi.  Except as expressly admitted, Defendants deny the allegations in

21

Paragraph 2.  In addition, and without limiting the foregoing, Defendants specifically deny that

22

Choi acted unlawfully, deny that Choi stole any assets, and deny that Defendants are exploiting

23

any Nexon assets.

24

[1] Notwithstanding that pending motion, by which Defendants asserted a case dispositive
defense, Nexon threatened to take Defendants' default if an Answer was not promptly filed.

25

Defendants believe that this is an unnecessary exercise—indeed, it is premature given that the
motion to dismiss has not yet been adjudicated—but is consistent with Nexon's strategy to

26

needlessly drive up the cost of this litigation.

27

[2] To the extent that any response is required to the headings or subheadings in Nexon's
Complaint, Defendants deny the allegations in such headings.

DEFENDANTS' ANSWER TO COMPLAINT - 1
No. 2:23-CV-00576-TL

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

43223-00002/4889370.3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

3.      Defendants admit that they developed *Dark and Darker* more quickly than a company as bureaucratic, inefficient, and uninspired as Nexon could develop a game, and that Defendants worked to bring their vision to the gaming public as expeditiously as possible. Except as expressly admitted, Defendants deny the allegations in Paragraph 3.  In addition, and without limiting the foregoing, Defendants specifically deny that they stole any trade secrets and deny that Nexon's P3 Project operated with a team of 20 people working for 11 months.

4.      Defendants admit that *Dark and Darker* contains common fantasy tropes and elements, including player classes like the Fighter, Barbarian, Rogue, Ranger, Wizard, and Cleric, as well as common videogame mechanics like PvPvE gameplay, fighting monsters, and obtaining loot.  Except as expressly admitted, Defendants deny the allegations in Paragraph 4. In addition, and without limiting the foregoing, Defendants specifically deny that *Dark and Darker* is substantially similar to any game developed by Nexon or that it infringes any protectible elements of any such game.

5.      Defendants deny the allegations in Paragraph 5, including because any similarities in the look and feel of the games is a result of the games using publicly available assets, including from the Unreal Engine, and/or because they are inspired by common tropes and themes used in other fantasy works and videogames.  In addition, and without limiting the foregoing, Defendants specifically deny that Choi stole any material from Nexon.

6.      Defendants deny the allegations in Paragraph 6.

7.      The allegations contain argument and legal conclusions that are not directed at Defendants and therefore do not require a response.  To the extent any response is required, however, Defendants deny the allegations in Paragraph 7.

8.      Defendants admit that Nexon is a developer of videogames on various platforms.  Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8, and on this basis deny them.

9.      Defendants admit the allegations in Paragraph 9, except that Defendants do not *purport* to have developed the videogame titled *Dark and Darker*; they <u>did</u> develop it.

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

1
2
3
4
5

10.    Defendants admit that Park is a U.S. citizen, is a former employee of Nexon, is the CEO of Ironmace, and was involved in the development and distribution of *Dark and Darker*.  Except as expressly admitted, Defendants deny the allegations in Paragraph 10.  In addition, and without limiting the foregoing, Defendants specifically deny that Park has lived in the U.S. at any time since 2005 and that Park has ever owned property in the U.S.

6

11.    Defendants admit the allegations in Paragraph 11.

7
8

12.    The allegations set forth in Paragraph 12 contain argument and legal conclusions that do not require a response.

9
10

13.    Answering Paragraph 13, Defendants admit that the Court has subject matter jurisdiction over this action.

11
12
13
14
15
16
17
18

14.    The allegations set forth in Paragraph 14 contain argument and legal conclusions that do not require a response.  To the extent that any response is required, however, Defendants are submitting to the personal jurisdiction of this Court, but deny that they have purposefully directed any activities to the State of Washington and the United States or that they have purposefully availed themselves of the privilege of conducting activities in Washington and the United States.  Defendants further deny that venue is appropriate in this Court, as set forth in greater detail in Defendants' Motion to Dismiss for *Forum Non Conveniens*.

19
20
21
22

15.    The allegations set forth in Paragraph 15 contain argument and legal conclusions that do not require a response.  To the extent that any response is required, however, Defendants dispute that venue is appropriate in this Court, as set forth in greater detail in Defendants' Motion to Dismiss for *Forum Non Conveniens*.

23
24

16.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16, and on this basis deny them.

25
26

17.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17, and on this basis deny them.

27

18.    Defendants lack knowledge or information sufficient to form a belief about the

**GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP**
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

truth of the allegations in Paragraph 18, and on this basis deny them.

19.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19, and on this basis deny them.

20.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20, and on this basis deny them.

21.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21, and on this basis deny them.

22.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22, and on this basis deny them.

23.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23, and on this basis deny them.

24.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24, and on this basis deny them.

25.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25, and on this basis deny them.

26.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26, and on this basis deny them.

27.     Defendants admit that Choi was hired by Nexon on or about April 16, 2018 and that he signed documents referred to as the Acknowledgment about Company IP, the Data Protection Agreement, and the Employment Agreement.  Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27, and on this basis deny them.

28.     Defendants admit that Park was hired by Nexon on or about April 16, 2018 and that he signed documents referred to as the Acknowledgment about Company IP, the Data Protection Agreement, and the Employment Agreement.  Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28, and on this basis deny them.

DEFENDANTS' ANSWER TO COMPLAINT - 4
No. 2:23-CV-00576-TL

**GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP**
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

43223-00002/4889370.3

29.     Answering Paragraph 29, Defendants admit that a project referred to as P3 was under development at Nexon during the time period indicated.

30.     Defendants admit the allegations in Paragraph 30.

31.     Defendants admit the allegations in Paragraph 31.

32.     Defendants admit that the stages of game development described in Paragraph 32 are reasonably accurate in describing Nexon's typical game development process as Defendants understand it.

33.     Defendants deny the allegations in Paragraph 33, except that Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that Nexon invested more than KRW 1.1 billion (USD 841,944) in the P3 Project, and on this basis deny it.

34.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34, including because Nexon has failed to identify any of its trade secrets with sufficient particularity, and on this basis deny them.

35.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35, including because the formal results of any such internal playtests or market research were not shared with Choi and Park while they were employed by Nexon, and on this basis deny them.

36.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36, including because the formal results of any such internal playtests or market research were not shared with Choi and Park while they were employed by Nexon, and on this basis deny them.

37.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37, including because the results of any such internal playtests or market research were not shared with Choi and Park while they were employed by Nexon, and on this basis deny them.

38.     Defendants admit that the P3 Project team received a notification advancing P3

DEFENDANTS' ANSWER TO COMPLAINT - 5
No. 2:23-CV-00576-TL

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

43223-00002/4889370.3

1  to the next stage of development on or about May 11, 2021.  Except as expressly admitted,

2  Defendants deny the allegations in Paragraph 38.

3       39.     Defendants deny the allegations in Paragraph 39.

4       40.     Defendants lack knowledge or information sufficient to form a belief about the

5  truth of the allegations in Paragraph 40, including because Nexon has failed to identify any of

6  its trade secrets with sufficient particularity, and on this basis deny them.

7       41.     Defendants lack knowledge or information sufficient to form a belief about the

8  truth of the allegations in Paragraph 41, and on this basis deny them.

9       42.     Defendants admit the allegations in Paragraph 42.

10      43.     Defendants lack knowledge or information sufficient to form a belief about the

11  truth of the allegations in Paragraph 43, and on this basis deny them.

12      44.     Defendants deny the allegations in Paragraph 44.

13      45.     Defendants deny that Choi acted without authorization or engaged in unlawful

14  behavior.  Defendants lack knowledge or information sufficient to form a belief about the truth

15  of the remaining allegations in Paragraph 45, and on this basis deny them.

16      46.     Defendants admit that Choi used Git on an external server but deny that such

17  actions were unlawful.  Except as expressly admitted, Defendants lack knowledge or

18  information sufficient to form a belief about the truth of the remaining allegations in Paragraph

19  46, and on this basis deny them.

20      47.     Defendants admit that Choi used Git on an external server but deny that such

21  actions were unlawful.  Except as expressly admitted, Defendants lack knowledge or

22  information sufficient to form a belief about the truth of the remaining allegations in Paragraph

23  47, and on this basis deny them.

24      48.     Defendants deny that the New Development Manager advised that Choi and his

25  team needed to come into the office.  Defendants lack knowledge or information sufficient to

26  form a belief about the truth of the remaining allegations in Paragraph 48, and on this basis

27  deny them.

DEFENDANTS' ANSWER TO COMPLAINT - 6
No. 2:23-CV-00576-TL

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

49.     Defendants admit the allegations in Paragraph 49, which server was necessary to fulfill Choi's job responsibilities at Nexon in light of performance limitations of Nexon's servers.

50.     Answering Paragraph 50, Defendants admit that Choi stored certain P3 Project data on his home server, but deny that such actions were unlawful, all of which were necessary to fulfill Choi's job responsibilities at Nexon.

51.     Answering Paragraph 51, Defendants admit that P3 build files were uploaded to the external server, but deny that such actions were unlawful, all of which were necessary to fulfill Choi's job responsibilities at Nexon.

52.     Answering Paragraph 52, Defendants admit that P3 Project files were exported to the external server, but deny that such actions were unlawful, all of which were necessary to fulfill Choi's job responsibilities at Nexon.

53.     Defendants deny the allegations in Paragraph 53, including because any such remote access was not adequate to fulfill Choi's job responsibilities at Nexon.

54.     Defendants deny the allegations in Paragraph 54, including because no source code and art resources were ever stolen by Defendants.

55.     Defendants deny the allegations in Paragraph 55.

56.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 pertaining to Nexon's purported internal audit, and on this basis deny them. Defendants deny the remaining allegations in Paragraph 56.

57.     Defendants deny the allegations in Paragraph 57.

58.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58, and on this basis deny them.

59.     Defendants admit that Nexon made demands regarding information purportedly in Choi's possession.  Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59, and on this basis deny them.

DEFENDANTS' ANSWER TO COMPLAINT - 7
No. 2:23-CV-00576-TL

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

43223-00002/4889370.3

60.     Answering Paragraph 60, Defendants admit that Choi initially attempted to resolve this dispute without recourse to legal process, but ultimately engaged legal counsel to defend himself against Nexon's allegations.

61.     Defendants deny the allegations in Paragraph 61.

62.     Defendants deny the allegations in Paragraph 62.

63.     Defendants deny the allegations in Paragraph 63.

64.     Defendants deny the allegations in Paragraph 64.

65.     Defendants deny the allegations in Paragraph 65.

66.     Defendants admit that Choi was terminated on or about July 12, 2021.  Except as expressly admitted, Defendants deny the allegations in Paragraph 66.

67.     Defendants admit that Park left Nexon on or about August 9, 2021 and that he and eight other former employees of Nexon ultimately went to work at Ironmace.  Except as expressly admitted, Defendants deny the allegations in Paragraph 67.

68.     Defendants admit that Park and Choi co-founded Ironmace in or about October 2021, and that eight other former employees of Nexon ultimately went to work at Ironmace.  Defendants admit that Choi is the controlling shareholder of Ironmace.  Except as expressly admitted, Defendants deny the allegations in Paragraph 68.

69.     Defendants deny the allegations in Paragraph 69.

70.     Defendants admit that in or about August 2022, they released a demo of *Dark and Darker* for download on Steam.  Except as expressly admitted, Defendants deny the allegations in Paragraph 70, including because *Dark and Darker* is in no way a "renamed" version of P3 and because Ironmace did not use Nexon's purported trade secrets to develop it.

71.     Defendants deny the allegations in Paragraph 71, including because *Dark and Darker* did in fact go through concept, pre-production, prototyping, and early production stages of game development.

72.     Defendants deny the allegations in Paragraph 72, including because *Dark and Darker* did in fact go through concept, pre-production, prototyping, and early production stages

DEFENDANTS' ANSWER TO COMPLAINT - 8
No. 2:23-CV-00576-TL

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

43223-00002/4889370.3

1    of game development.

2        73.    Defendants deny the allegations in Paragraph 73.

3        74.    Defendants deny the allegations in Paragraph 74.

4        75.    Defendants deny the allegations in Paragraph 75.

5        76.    Defendants deny the allegations in Paragraph 76.

6        77.    Defendants lack knowledge or information sufficient to form a belief about the
7    truth of the allegations in Paragraph 77, and on this basis deny them, except that Defendants
8    expressly deny that any such materials were ever used by Ironmace or in the development of
9    *Dark and Darker*.

10       78.    Defendants lack knowledge or information sufficient to form a belief about the
11   truth of the allegations in Paragraph 78, and on this basis deny them, except that Defendants
12   expressly deny that any such materials were ever used by Ironmace or in the development of
13   *Dark and Darker*.

14       79.    Defendants lack knowledge or information sufficient to form a belief about the
15   truth of the allegations in Paragraph 79, and on this basis deny them, except that Defendants
16   expressly deny that any such materials were ever used by Ironmace or in the development of
17   *Dark and Darker*.

18       80.    Defendants deny the allegations in Paragraph 80.

19       81.    Defendants deny the allegations in Paragraph 81.

20       82.    Defendants lack knowledge or information sufficient to form a belief about the
21   truth of the allegations in Paragraph 82, and on this basis deny them, except that Defendants
22   expressly deny that any such materials were ever used by Ironmace or in the development of
23   *Dark and Darker*.

24       83.    Defendants lack knowledge or information sufficient to form a belief about the
25   truth of the allegations in Paragraph 83, and on this basis deny them, except that Defendants
26   expressly deny that any such materials were ever used by Ironmace or in the development of
27   *Dark and Darker*.

DEFENDANTS' ANSWER TO COMPLAINT - 9
No. 2:23-CV-00576-TL

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

43223-00002/4889370.3

84.     Defendants deny the allegations in Paragraph 84.

85.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85, and on this basis deny them, except that Defendants expressly deny that any such materials were ever used by Ironmace or in the development of *Dark and Darker*.

86.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 86, and on this basis deny them, except that Defendants expressly deny that any such materials were ever used by Ironmace or in the development of *Dark and Darker*.

87.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87, and on this basis deny them, except that Defendants expressly deny that any such materials were ever used by Ironmace or in the development of *Dark and Darker*.

88.     Defendants deny the allegations in Paragraph 88.

89.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 89, and on this basis deny them, except that Defendants expressly deny that any such materials were ever used by Ironmace or in the development of *Dark and Darker*.

90.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 90, and on this basis deny them, except that Defendants expressly deny that any such materials were ever used by Ironmace or in the development of *Dark and Darker*.

91.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 91, and on this basis deny them, except that Defendants expressly deny that any such materials were ever used by Ironmace or in the development of *Dark and Darker*.

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

92.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 92, and on this basis deny them.

93.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 93, and on this basis deny them, except Defendants admit that source code is human-readable instructions that tell a computer how to execute a computer program.

94.     Defendants deny the allegations in Paragraph 94.

95.     Defendants deny the allegations in Paragraph 95.

96.     Defendants deny the allegations in Paragraph 96.

97.     Defendants deny the allegations in Paragraph 97.

98.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 98, and on this basis deny them.

99.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 99, and on this basis deny them.

100.    Defendants deny the allegations in Paragraph 100.

101.    Defendants deny the allegations in Paragraph 101.

102.    Defendants deny the allegations in Paragraph 102.

103.    Answering Paragraph 103, Defendants admit that the putative P3 Game and *Dark and Darker*, like many other games, involved PvPvE elements.

104.    Answering Paragraph 104, Defendants admit that the putative P3 Game and *Dark and Darker*, like many other games, involved FPS elements.

105.    Answering Paragraph 105, Defendants admit that the putative P3 Game and *Dark and Darker*, like many other games, involved RPG elements.

106.    Answering Paragraph 106, Defendants admit that the putative P3 Game and *Dark and Darker*, like many other games, involved medieval inspired setting inspired by Dungeons and Dragons elements.

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

1    107.    Defendants admit that Nexon does not own these ideas.  Except as expressly

2    admitted, Defendants deny the allegations in Paragraph 107.

3    108.    Defendants admit the allegations in Paragraph 108.

4    109.    Answering Paragraph 109, Defendants admit that these six character archetypes

5    were contemplated as character classes for the P3 Game.

6    110.    Answering Paragraph 110, Defendants admit that these six character archetypes

7    are included character classes for *Dark and Darker*, but that *Dark and Darker* also has Bard

8    and Warlock classes.

9    111.    Defendants deny the allegations in Paragraph 111, including because the fighter,

10   cleric, rogue, wizard, ranger, and barbarian are the most standard and familiar Dungeons and

11   Dragons classes.

12   112.    Defendants deny the allegations in Paragraph 112 because they mischaracterize

13   the available classes in the described games.

14   113.    Defendants deny the allegations in Paragraph 113.

15   114.    Defendants deny the allegations in Paragraph 114.

16   115.    Defendants admit that the P3 Game would have included a menu for character

17   selection.  Except as expressly admitted, Defendants lack knowledge or information sufficient

18   to form a belief about the truth of the allegations in Paragraph 115, and on this basis deny them.

19   116.    Defendants admit that *Dark and Darker* has a menu for character selection.

20   Except as expressly admitted, Defendants deny the allegations in Paragraph 116.

21   117.    Answering Paragraph 117, Defendants admit that images depict certain artwork

22   for a P3 Barbarian character and a *Dark and Darker* Barbarian character.

23   118.    Answering Paragraph 118, the images speak for themselves, and Defendants

24   deny that the *Dark and Darker* Barbarian copies any protectible expression in any depiction in

25   the P3 Game.

26

27

DEFENDANTS' ANSWER TO COMPLAINT - 12
No. 2:23-CV-00576-TL

43223-00002/4889370.3

119.     Answering Paragraph 119, the images speak for themselves, and Defendants deny that the *Dark and Darker* Barbarian copies any protectible expression in any depiction in the P3 Game.

120.     Answering Paragraph 120, the images speak for themselves, and Defendants deny that the *Dark and Darker* Cleric copies any protectible expression in any depiction in the P3 Game.

121.     Answering Paragraph 121, the images speak for themselves, and Defendants deny that the *Dark and Darker* Cleric copies any protectible expression in any depiction in the P3 Game.

122.     Answering Paragraph 122, the images speak for themselves, and Defendants deny that the *Dark and Darker* Fighter copies any protectible expression in any depiction in the P3 Game.

123.     Answering Paragraph 123, the images speak for themselves, and Defendants deny that the *Dark and Darker* Fighter copies any protectible expression in any depiction in the P3 Game.

124.     Answering Paragraph 124, the images speak for themselves, and Defendants deny that the *Dark and Darker* Wizard copies any protectible expression in any depiction in the P3 Game.

125.     Answering Paragraph 125, the images speak for themselves, and Defendants deny that the *Dark and Darker* Wizard copies any protectible expression in any depiction in the P3 Game.

126.     Answering Paragraph 126, the images speak for themselves, and Defendants deny that the *Dark and Darker* Rogue copies any protectible expression in any depiction in the P3 Game.

127.     Answering Paragraph 127, the images speak for themselves, and Defendants deny that the *Dark and Darker* Rogue copies any protectible expression in any depiction in the P3 Game.

DEFENDANTS' ANSWER TO COMPLAINT - 13
No. 2:23-CV-00576-TL

43223-00002/4889370.3

**GREENBERG GLUSKER FIELDS**
**CLAMAN & MACHTINGER LLP**
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

128.    Answering Paragraph 128, the images speak for themselves, and Defendants deny that the *Dark and Darker* Ranger copies any protectible expression in any depiction in the P3 Game.

129.    Answering Paragraph 129, the images speak for themselves, and Defendants deny that the *Dark and Darker* Ranger copies any protectible expression in any depiction in the P3 Game.

130.    Defendants admit the allegations in Paragraph 130.

131.    Defendants admit the allegations in Paragraph 131.

132.    Defendants admit the allegations in Paragraph 132.

133.    Defendants admit the allegations in Paragraph 133.

134.    Defendants deny the allegations in Paragraph 134.

135.    Defendants deny the allegations in Paragraph 135.

136.    Defendants admit the allegations in Paragraph 136.

137.    Defendants admit the allegations in Paragraph 137.

138.    Defendants deny the allegations in Paragraph 138.

139.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 139, and on this basis deny them, except that Defendants admit that 2,338 resource files identified by Nexon have the same names, as a result of the fact that these files consist of Unreal Engine and other third-party assets and plug-ins or because they consist of descriptive labels that logically describe the content of the files and are formatted in and designed for compatibility with the Unreal Engine assets..

140.    Defendants deny the allegations in Paragraph 140.

141.    Defendants admit the allegations in Paragraph 141.

142.    Defendants deny the allegations in Paragraph 142.

143.    Defendants deny the allegations in Paragraph 143, including because the image that Nexon claims is from the P3 Games is not from the P3 Game at all, and was in fact taken from *Dark and Darker*.

DEFENDANTS' ANSWER TO COMPLAINT - 14
No. 2:23-CV-00576-TL

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

43223-00002/4889370.3

144.     Answering Paragraph 144, Defendants admit that the putative P3 Game and *Dark and Darker*, like many other games, included a skeleton wizard, and that such assets are publicly available through the Unreal Engine Marketplace.

145.     Defendants deny the allegations in Paragraph 145.

146.     The allegations contain argument and legal conclusions that are not directed at Defendants and therefore do not require a response.  To the extent any response is required, however, Defendants deny the allegations in Paragraph 146.

147.     The allegations contain argument and legal conclusions that are not directed at Defendants and therefore do not require a response.  To the extent any response is required, however, Defendants deny the allegations in Paragraph 147.

148.     The allegations contain argument and legal conclusions that are not directed at Defendants and therefore do not require a response.  To the extent any response is required, however, Defendants deny the allegations in Paragraph 148.

149.     Defendants deny the allegations in Paragraph 149.

150.     Defendants deny the allegations in Paragraph 150.

151.     Defendants deny the allegations in Paragraph 151.

152.     Defendants deny the allegations in Paragraph 152.

153.     Answering Paragraph 153, Defendants admit that P3, like many videogames, includes torch-related game features that affect the lighting.

154.     Answering Paragraph 154, Defendants admit that *Dark and Darker*, like many videogames, includes torch-related game features that affect the lighting.

155.     Defendants deny the allegations in Paragraph 155.

156.     Defendants deny the allegations in Paragraph 156.

157.     Defendants deny the allegations in Paragraph 157.

158.     Defendants deny the allegations in Paragraph 158.

159.     Defendants deny the allegations in Paragraph 159.

160.     Defendants deny the allegations in Paragraph 160.

DEFENDANTS' ANSWER TO COMPLAINT - 15
No. 2:23-CV-00576-TL

**GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP**
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

43223-00002/4889370.3

1       161.    Defendants deny the allegations in Paragraph 161.

2       162.    Defendants deny the allegations in Paragraph 162.

3       163.    Defendants deny the allegations in Paragraph 163.

4       164.    Defendants deny the allegations in Paragraph 164.

5       165.    Defendants deny the allegations in Paragraph 165.

6       166.    Answering Paragraph 166, Defendants admit that both P3 and *Dark and Darker*, like many videogames and other works of fiction, involve adventurers seeking riches.

7       167.    Answering Paragraph 167, Defendants admit that the game descriptions are accurate but deny that they are substantially similar or that *Dark and Darker* copies any protectible expression in P3.

8       168.    Defendants deny the allegations in Paragraph 168.

9       169.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 169, and on this basis deny them, except that Defendants expressly deny that the appearance of the P3 character classes is substantially similar to Nexon's artwork.

10    170.    Defendants deny the allegations in Paragraph 170.

11    171.    Answering Paragraph 171, Defendants admit that they made *Dark and Darker* available for playtesting on Steam during the general time periods reference, admit that Steam is an online platform for videogame distribution, and admit that Steam is owned by Valve Corporation, which Defendants are informed and believe is headquartered in Bellevue, Washington.

12    172.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 172, and on this basis deny them, but admit that the *Dark and Darker* playtests were available in the United States and in many other countries worldwide.

13    173.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 173, and on this basis deny them.

DEFENDANTS' ANSWER TO COMPLAINT - 16
No. 2:23-CV-00576-TL

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067
(310) 553-3610

43223-00002/4889370.3

1

174.     Defendants admit the allegations in Paragraph 174.

2

175.     Defendants lack knowledge or information sufficient to form a belief about the

3

truth of the allegations in Paragraph 175, and on this basis deny them, except that Defendants

4

expressly deny that *Dark and Darker* infringes any of Nexon's rights.

5

176.     Defendants admit the allegations in Paragraph 176, except that Defendants deny

6

that these actions "targeted the United States."

7

177.     Defendants deny the allegations in Paragraph 177, including because it

8

presumptuously and arrogantly assumes that the United States has a monopoly on the English

9

language, which it does not.  Defendants specifically deny that use of the English language

10

"targets" the United States.

11

178.     Defendants deny the allegations in Paragraph 178 to the extent it implies that

12

conducting interviews in English "targets" the United States.  However, Defendants admit that

13

Park conducted English language interviews with U.S. gamers like Onepeg, Pestily, and Jonah

14

Veil Gaming about *Dark and Darker*.

15

179.     Defendants deny the allegations in Paragraph 179 because they improperly

16

assume that using the English language "targets" the United States.  However, Defendants

17

admit that Choi uses the name "SDF," that he is not a native English speaker, and that he has

18

attempted to communicate in English because it is a language commonly used worldwide.

19

180.     Defendants lack knowledge or information sufficient to form a belief about the

20

truth of the allegations in Paragraph 180 pertaining to Steam's policies and practices, and on

21

this basis deny them.  In addition, Defendants expressly deny that they "availed themselves of

22

the privilege of entering into contracts in Washington and the United States and availed

23

themselves of the protection of the laws of Washington and the United States."

24

181.     Defendants lack knowledge or information sufficient to form a belief about the

25

truth of the allegations in Paragraph 181 pertaining to Amazon Web Service's policies and

26

practices, and on this basis deny them.  In addition, Defendants expressly deny that they

27

"purposefully availed themselves of the privilege of entering into contracts in Washington and

**GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP**
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

43223-00002/4889370.3

the United States and availed themselves of the protection of the laws of Washington and the United States."

182.    Defendants deny the allegations in Paragraph 182.  Indeed, Defendants have filed a Motion to Dismiss for *Forum Non Conveniens* because the Western District of Washington is an inconvenient and inappropriate forum for this litigation.  Such motion is currently pending before the Court.

183.    Answering Paragraph 183, Defendants refer to and incorporate by reference their responses to the preceding paragraphs.

184.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 184, including because Nexon has not identified its purported trade secrets with sufficient particularity, and on this basis deny them.

185.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 185, including because Nexon has not identified its purported trade secrets with sufficient particularity, and on this basis deny them.

186.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 186, including because Nexon has not identified its purported trade secrets with sufficient particularity, and on this basis deny them.

187.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 187, including because Nexon has not identified its purported trade secrets with sufficient particularity, and on this basis deny them.

188.    Defendants deny the allegations in Paragraph 188.

189.    Defendants deny the allegations in Paragraph 189.

190.    Defendants deny the allegations in Paragraph 190.

191.    Defendants deny the allegations in Paragraph 191.

192.    Defendants deny the allegations in Paragraph 192.

193.    Defendants deny the allegations in Paragraph 193.

194.    Defendants deny the allegations in Paragraph 194.

DEFENDANTS' ANSWER TO COMPLAINT - 18
No. 2:23-CV-00576-TL

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

43223-00002/4889370.3

1    195.    Defendants deny the allegations in Paragraph 195 and deny that Nexon is

2    entitled to any relief whatsoever.

3    196.    Answering Paragraph 196, Defendants refer to and incorporate by reference

4    their responses to the preceding paragraphs.

5    197.    Defendants lack knowledge or information sufficient to form a belief about the

6    truth of the allegations in Paragraph 197.

7    198.    Defendants deny the allegations in Paragraph 198.

8    199.    Defendants deny the allegations in Paragraph 199.

9    200.    Defendants deny the allegations in Paragraph 200.

10   201.    Defendants deny the allegations in Paragraph 201.

11   202.    Defendants deny the allegations in Paragraph 202 and deny that Nexon is

12   entitled to any relief whatsoever.

13

14   **AFFIRMATIVE DEFENSES**

15   As a further and separate answer to Nexon's Complaint, and by way of affirmative

16   defenses, Defendants allege:

17   **FIRST AFFIRMATIVE DEFENSE**

18   (Forum Non Conveniens)

19   1.    This action, and all claims asserted in it, should be dismissed with prejudice on

20   the grounds of *forum non conveniens*, as set forth in greater detail in Defendants' Motion to

21   Dismiss for *Forum Non Conveniens*, filed on June 22, 2023.

22   **SECOND AFFIRMATIVE DEFENSE**

23   (Bad Faith Takedown, 17 U.S. Code § 512(f))

24   2.    Nexon is not entitled to the relief sought in its Complaint because its claims are

25   fully offset by damages owed to Defendants by virtue of Nexon's bad faith takedown under the

26   Digital Millennium Copyright Act, 17 U.S.C. § 512(f).

27

DEFENDANTS' ANSWER TO COMPLAINT - 19
No. 2:23-CV-00576-TL

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

43223-00002/4889370.3

1

### THIRD AFFIRMATIVE DEFENSE

2

(Fair Use)

3

3.      Nexon's claims are barred by the fair use defense pursuant to 17 U.S.C. § 107.

4

### FOURTH AFFIRMATIVE DEFENSE

5

(Independent Creation or Development)

6

4.      Nexon's claims fail because *Dark and Darker* is an independent creation of

7

Defendants and/or was independently developed by Defendants.

8

### FIFTH AFFIRMATIVE DEFENSE

9

(*Scenes a Faire*)

10

5.      Nexon's claims fail because any purported similarities between *Dark and*

11

*Darker* and any work created by Nexon are limited to *scenes a faire* or other expression not

12

subject to copyright protection.

13

### SIXTH AFFIRMATIVE DEFENSE

14

(*De Minimis* Use)

15

6.      Nexon's claims fail because, to the extent that Defendants used any material of

16

Nexon's—which Defendants deny—such use was *de minimis*.

17

### SEVENTH AFFIRMATIVE DEFENSE

18

(No Use of Trade Secrets)

19

7.      Nexon's claims fail because, to the extent that Defendants had access to any

20

trade secrets of Nexon's—which Defendants deny—Defendants did not use such trade secrets.

21

### EIGHTH AFFIRMATIVE DEFENSE

22

(Public Domain/Publicly Available)

23

8.      Nexon's claims fail because, to the extent that Defendants used any material of

24

Nexon's—which Defendants deny—such use was limited to material in the public domain or

25

material that is known to the public and freely available for use by the public.

26

27

DEFENDANTS' ANSWER TO COMPLAINT - 20
No. 2:23-CV-00576-TL

43223-00002/4889370.3

**GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP**
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

1

**NINTH AFFIRMATIVE DEFENSE**

2

(Innocent Intent)

3

9.      Nexon's claims fail because, to the extent that Defendants used any material of

4

Nexon's—which Defendants deny—such was innocent and not willful.

5

**TENTH AFFIRMATIVE DEFENSE**

6

(Lack of Registration)

7

10.      To the extent Nexon has failed to comply with the provisions of 17 U.S.C. §§

8

411(a) and/or 412, Nexon's claims are limited and/or barred.

9

**ELEVENTH AFFIRMATIVE DEFENSE**

10

(Lack of Reasonable Efforts to Maintain Secrecy)

11

11.      Nexon's claims fail because, to the extent that Defendants used any material of

12

Nexon's—which Defendants deny—Nexon did not take adequate measures to maintain the

13

secrecy of such material so as to render the material a trade secret.

14

**TWELFTH AFFIRMATIVE DEFENSE**

15

(No Improper Means)

16

12.      Nexon's claims fail because, to the extent that Defendants used any material of

17

Nexon's—which Defendants deny—Defendants did not acquire such material by improper

18

means.

19

**THIRTEENTH AFFIRMATIVE DEFENSE**

20

(Copyright or Trade Secret Misuse)

21

13.      Nexon's claims are barred because Nexon is misusing its purported copyrights

22

and/or trade secrets for an anticompetitive purpose, as an unlawful restraint of trade, or

23

otherwise in contravention of the purposes of U.S. copyright and trade secret law.

24

**FOURTEENTH AFFIRMATIVE DEFENSE**

25

(Extraterritoriality)

26

14.      Nexon's claims are barred because Defendants' purported conduct took place

27

entirely outside of the United States.

DEFENDANTS' ANSWER TO COMPLAINT - 21
No. 2:23-CV-00576-TL

43223-00002/4889370.3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Actions of Others)

15.     To the extent that Nexon has suffered any damages, which Defendants deny, they were not caused by Defendants but by other persons or entities for whom Defendants are not responsible.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

16.     To the extent that Nexon is asserting any claims after the applicable statute of limitations period, such claims are barred.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

17.     Nexon has waived any right to obtain the relief sought on any of its purported claims and/or is estopped from obtaining such relief.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

18.     By virtue of Nexon's own careless, negligent, and other wrongful conduct, Nexon should be barred from recovering against Defendants by the equitable doctrine of unclean hands.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Consent or Ratification)

19.     Nexon's claims are barred because Nexon consented to and/or ratified the conduct of Defendants of which it complains.

## RESERVATION OF AFFIRMATIVE DEFENSES

20.     Defendants reserve the right to assert additional defenses in the event that further factual development indicates that they are proper.

**GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP**
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

1

## DEFENDANTS' PRAYER FOR RELIEF

2

WHEREFORE, Defendants pray judgment as follows:

3

1.      That Nexon take nothing by way of its Complaint;

4

2.      That each and every purported claim for relief set forth in the Complaint be

5

dismissed with prejudice;

6

3.      For costs of suit, including reasonable attorney's fees incurred herein; and

7

4.      For such other and further relief as the Court may deem just and proper in favor

8

of Defendants.

9

## JURY TRIAL DEMAND

10

Defendants hereby demand a trial by jury in this action.

11

12

DATED August 4, 2023                          Respectfully submitted,

13

By:    _s/ Aaron J. Moss_                      By:    _s/ Michael E. Chait_

14

       Aaron J. Moss                                     Michael E. Chait

15

**GREENBERG GLUSKER FIELDS CLAMAN &**        **SAVITT BRUCE & WILLEY LLP**
**MACHTINGER  LLP**

16

Aaron J. Moss (*pro hac vice*)                Michael E Chait, WSBA #48842

17

Joshua M. Geller (*pro hac vice*)             Chris J. Lindemeier, WSBA #55515
Emily G. Avazian (*pro hac vice*)             1425 Fourth Avenue Suite 800

18

2049 Century Park East, Suite 2600           Seattle, Washington  98101-2272
Los Angeles, California  90067               Tel: 206.749.0500/ Fax: 206.749.0600

19

Tel: 310.553.3610/ Fax: 310.553.0687         Email:  mchait@sbwLLP.com
Email:  amoss@ggfirm.com                     Email:  clindemeier@sbwLLP.com

20

Email:  jgeller@ggfirm.com
Email:  eavazian@ggfirm.com                   *Attorneys for Defendants*

21

22

23

24

25

26

27

**GREENBERG GLUSKER FIELDS**
**CLAMAN & MACHTINGER  LLP**
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610

43223-00002/4889370.3

1

## **CERTIFICATE OF SERVICE**

2          I hereby declare under penalty of perjury under the laws of the United States of

3    America that on this date, the foregoing document was filed electronically with the Court and

4    thus served simultaneously upon all counsel of record.

5          I declare under penalty of perjury that the foregoing is true and correct.

6          EXECUTED on August 4, 2023.

7

8    _____
      Kristine Nicolas
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP**
2049 Century Park East, Suite 2600
Los Angeles, California  90067
(310) 553-3610